Filing # 86426478 E-Filed 03/14/2019 06:52:53 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Law offices of Herssein & Herssein, P.A.</u>
Plaintiff
        vs.
<u>Shutts & Bowen, LLP</u>
Defendant

---

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.  **REMEDIES SOUGHT** (check all that apply):
  ☒  Monetary;
  ☒  Non-monetary declaratory or injunctive relief;
  ☐  Punitive

IV.  **NUMBER OF CAUSES OF ACTION: (    )**
  (Specify)

  <u>3</u>

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐  Yes
  ☒  No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☐  No
  ☒  Yes – If "yes" list all related cases by name, case number and court:

  <u>Reuven T. Herssein v. Beatrice Avgherino Butchko, Case No.: 2019-000276 CA 01</u>

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☐  Yes
  ☒  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Reuven T. Herssein</u>    FL Bar No.: <u>461504</u>
         Attorney or party                      (Bar number, if attorney)

  <u>Reuven T. Herssein</u>   <u>03/14/2019</u>
         (Type or print name)        Date

Filing # 86426478 E-Filed 03 PLEASE USE TAB OR MOUSE

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | STATEMENT OF CLAIM | CASE NUMBER |
|---|---|---|
| ☐ CIVIL ☐ DISTRICTS ☐ OTHER | (File in Duplicate Plus One For Each Defendant) | SECTION NO. |

| PLAINTIFF | VS.   DEFENDANT(S) | CLOCK IN |
|---|---|---|
| LAW OFFICES OF HERSSEIN & HERSSEIN, P.A.,  d/b/a HERSSEIN LAW GROUP | SHUTTS & BOWEN, LLP | |

| The Plaintiff sues the Defendant for money owed Plaintiff by Defendant; and which is past due and unpaid; for (As marked (x) below): | Address: 200 S. BISCAYNE BLVD., SUITE 4100 MIAMI, FL 33131 | Phone Number: (305) 358-6300 |
|---|---|---|

   ☐ Good, wares and merchandise sold by plaintiff, to defendant;
   ☐ Work done and materials furnished by plaintiff, to defendant;
   ☐ Money lent by plaintiff to the defendant which is due and payable;
   ☐ Money due to plaintiff upon accounts stated and agreed to between them;
   ☐ On a written instrument, copy of which is attached hereto;
   ☐ Rent for certain premises in Miami-Dade County, Florida, Viz;
   ☐ Other (Explain)
   ☐ Any additional facts in connection with any of the above:
                **(USE ADDITIONAL SHEET IF NECESSARY)**

Injunctive Relief pursuant to Florida Rules of Civil Procedure 1.610

and for Declaratory Relief pursuant to Florida Statute §86,

  and for a Pure Bill of Discovery.

Where Plaintiff demands judgment in the sum of $ _____$500_____ together with court costs and any further costs which the Court may assess.

The Plaintiff, _____HERSSEIN LAW GROUP_____ says the foregoing is a just and true statement of the amount owed by defendant to plaintiff, exclusive of all lawful setoffs, and that defendant has no lawful defenses which would preclude the collection of said amount.

Affiant states that the defendant(s) is/are not in the military service of the United States.

| Attorney/Plaintiff REUVEN T. HERSSEIN | Signature /s/ | Attorney's Bar No. 461504 |
|---|---|---|
| Address of Attorney/Plaintiff 1801 NE 123rd Street, Suite 314, North Miami FL 33181 | | Telephone No. (305)531-1431 |

The foregoing instrument was acknowledged before me this _____ day of _____, 20_19_ by _____REUVEN HERSSEIN_____ who is personally known to me or who has produced _____ as identification

and did ☐ / did not ☐ take an oath.

SWORN TO AND SUBSCRIBED BEFORE ME this _7th_ day of _____January_____ 20_19_.

| HARVEY RUVIN CLERK OF COURTS | _____ Deputy Clerk | NOTARY PUBLIC, State of Florida _____ My Commission Expires: |
|---|---|---|

**IMPORTANT: SEE REVERSE**

CLK/CT. 333 Rev. 05/11      PRINT    SAVE    RESET      Clerk's web address: www.miami-dadeclerk.com

| SERVICE OF PROCESS | FILING FEE AMOUNT | RECEIPT NUMBER |
|---|---|---|
| ☐   PROCESS SERVER<br>☐   SHERIFF<br>☐   MAIL | $300 | |

NOTE:    If the claim is based upon a written document, a copy, or the material part thereof, shall be attached to the statement of claim.

**INSTRUCTION SHEET**
**IMPORTANT**

YOU MUST advise the Clerk, in writing, of any change in your mailing address.

If you are a DEFENDANT and fail to appear on the designated date, in person or by an attorney, a judgment may be entered against you.

Plaintiff(s) will not be entitled to a default or judgment in the absence of an affidavit regarding the defendant's military status in compliance with applicable law. This form, if sworn to, will meet the above requirements.

If you are a PLAINTIFF and fail to appear on the designated date, in person or by an attorney, this case may be dismissed for Want of Prosecution.

Any claim of the Defendant against the Plaintiff, arising out of the same transaction or occurrence which is the subject matter of plaintiff's claim, shall be filed not less than 5 days prior to the appearance date, or within such times as the Court designates. When a counterclaim or set-off exceeds the jurisdiction of the Court, it shall be filed in writing before or at the pretrial hearing, and the action shall then be transferred to the Court having jurisdiction thereof. As evidence of good faith, the counter-claimant shall deposit a sum sufficient to pay the filing fee in the Court to which the case is to be transferred with his counterclaim.

FAILURE TO MAKE THE DEPOSIT WAIVES THE RIGHT TO TRANSFER.

TRIAL BY JURY may be had upon written demand by Plaintiff made at the commencement of the action or by any defendant within 5 days after service of the notice to appear or at the Pretrial Conference. If the demand is not made, the right to trial by jury is waived.

If at any time in the proceedings a settlement is reached between the parties, this office should be notified in writing by the Plaintiff.

If you have any questions regarding procedures, this office will assist you. This office cannot furnish legal advice to you. Please consult your attorney for legal advice.

**CAUTION**

A copy of any paper that you file at any time with the Clerk or Judge **MUST** be sent by you to each attorney appearing in the case, if any, or to all parties not represented by an attorney. You must set forth the date and to whom you sent the copy (or copies) of the paper filed, which would be followed by your signature.

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

Filing # 86426478 E-Filed 03/14/2019 06:52:53 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**LAW OFFICES OF HERSSEIN
& HERSSEIN, P.A., a Florida
Corporation, d/b/a
HERSSEIN LAW GROUP**

                    **Plaintiff,**

**vs.**

**SHUTTS & BOWEN, LLP,
A Florida Limited Liability Partnership**

                    **Defendant.**
_____/

### VERIFIED COMPLAINT

COMES NOW the Plaintiff, Law Offices of Herssein & Herssein, P.A. d/b/a Herssein Law Group, ("HLG"), by and through its undersigned counsel, and sues Defendant SHUTTS & BOWEN, LLP, ("Shutts"), for Injunctive Relief pursuant to Florida Rules of Civil Procedure 1.610, pursuant to Florida Statute §86 for Declaratory Relief, and for a Pure Bill of Discovery, and would further state:

### GENERAL ALLEGATIONS

1. This is an action for Injunctive Relief and Declaratory Relief, Pursuant to Florida Statute §86.011, and for a Pure Bill of Discovery.

2. At all time material hereto, Defendant, Shutts, was and is a Florida limited liability partnership doing business in Miami-Dade County, Florida and is otherwise sui juris.

3. At all time material hereto, Plaintiff, HLG, was and is a resident of Miami-Dade County, Florida and is otherwise sui juris.

4. Plaintiff has complied with all statutory conditions precedent to filing this action.

## BACKGROUND

5. By way of background, On July 13, 2015, HLG filed an action against USAA for fraud perpetrated by USAA's executives in its business dealings and negotiations with HLG. *Law Offices of Herssein & Herssein, P.A. v. United Services Automobile Ass'n,.*, Miami-Dade Circuit Court Case No. 2015-15825-03. ("**HLG v. USAA**")

6. Stephen Gillman, ("**Gillman**"), Frank Zacherl, ("**Zacherl**") and Amy Wessel, ("**Wessel**") at Shutts, entered their appearance on behalf of USAA, in the HLG v. USAA case and the Shutts lawyers, have represented USAA since July 15, 2015, the day after the HLG v. USAA case was filed.

7. The operative complaint in the HLG v. USAA case alleges several counts of fraud, negligent misrepresentation, and breach of contract. The causes of action are based upon USAA's refusal to pay HLG's legal bills for earned contingency fees, pursuant to numerous unambiguous written contracts drafted and executed by USAA's executives.

8. As alleged in the operative complaint, Catina Tomei ("**Tomei**") is one of the USAA executives responsible for negotiating two of the main contracts at issue in the lawsuit, and is also one of the USAA executives that committed fraud against HLG. Two of the contracts—the July 2014 contract and the May 7, 2015 contract—are also the subject of the counterclaim filed by USAA against HLG and *Reuven Herssein, individually*.

9. During the course of the HLG v. USAA case litigation, HLG discovered, and based on the evidence contended, that Tomei witness tampered with and/or intimidated former employee and non-party witness, Debbie Carlisle[1] by warning and instructing her not to talk to Reuven

---

[1] Debbie Carlisle had retired on April 1, 2015 from USAA. She is a former employee and therefore non-party witness to this case. Prior to her retirement, she was one of HLG's liaisons with USAA and worked closely with HLG's principal for seven years. She obviously has vital information that USAA does not want HLG to acquire.

Herssein, despite the subpoena for deposition she had received. Witness tampering is a crime in Florida, pursuant to and as defined by Florida Statutes §914.22[2].

10. HLG also discovered, and based on the evidence, contended that Shutts' lawyers, Gillman, and Zacherl, were involved in prohibited client solicitation (of Debbie Carlisle). ·

11. The trial judge at the time, (now retired) Judge Antonio Marin, immediately ordered an evidentiary hearing on the witness tampering allegations as well as the prohibited client solicitation allegations against Zacherl and Gillman, to "not leave any stone unturned" on these issues so that the Court could weigh the evidence, to get to the bottom of the matter, to do justice. USAA's lawyers agreed to schedule the evidentiary hearing that Judge Marin had twice ordered occur, on two (2) separate occasions.

12. USAA then hired and paid former Eleventh Judicial Circuit Court Judge, Israel Reyes ("Reyes"), to represent Tomei for the upcoming evidentiary hearing which was scheduled, as agreed by USAA, to occur on November 3, 2016.

13. After USAA retained Reyes to represent Tomei for the witness tampering evidentiary hearing, Reyes specifically instructed and advised USAA to renew its Motion to transfer the case to the

---

[2] Florida Statutes §914.22, the crime of Witness Tampering and/ or Intimidation is committed when:

    (1)   A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:

       (a)   **Withhold testimony, or withhold a record, document, or other object, from an official investigation or official proceeding;**

       b)   Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official investigation or official proceeding;

       (c)   Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official investigation or an official proceeding;

       (d)   Be absent from an official proceeding to which such person has been summoned by legal process;

       (e)   Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; or

       (f)   Testify untruthfully in an official investigation or an official proceeding, commits the crime of tampering with a witness, victim, or informant.

Complex Business Litigation Division (hereinafter "CBL") of the Eleventh Judicial Circuit. USAA previously moved to transfer the case to CBL, which was denied by Judge Bailey. HLG objected to the renewed effort to transfer to CBL.

14. In December 2016, Judge Butchko, acting in her capacity as Assistant Administrative Judge, presided over the Transfer Calendar and addressed USAA's motion to transfer the case to CBL, whereas Judge Bailey normally conducts the transfer hearings, as she previously did in the HLG case.

15. Reyes appeared at the Transfer Calendar, and, despite having no standing to address the propriety of USAA's motion—as he represented a non-party—fully participated in the hearing and argued for USAA, and for Judge Butchko to transfer the case to CBL.   Reyes blatantly stated in open Court during that hearing that it was his idea to have USAA move the case to CBL.

16. Judge Butchko, relying in part on representations made by Reyes at the hearing, ordered the case be transferred to CBL.

17. Less than a month later, Judge Butchko took over the CBL division and began presiding over the very case she had previously ordered to be transferred away from Judge Marin.

18. Immediately after Judge Butchko was assigned the HLG v. USAA case, USAA sought reconsideration of the predecessor trial judge's order to schedule evidentiary hearings on the witness tampering and prohibited client solicitation allegations, despite USAA having agreed to the date on same, on two previous occasions when Judge Marin was presiding over the case.

19. Judge Butchko, citing USAA's "due process rights," over HLG's objection, vacated the predecessor judge's order and ruled that no evidentiary hearing on witness tampering or prohibited client solicitation would occur.  At the same time, however, Judge Butchko did allow

- 4 -

discovery to proceed on the issues relevant to an evidentiary hearing of witness tampering. Thus, in furtherance of discovery, Plaintiff issued subpoenas for emails and correspondence between USAA's lawyers, Shutts and the witnesses' lawyers—Reyes being one of them—in an effort to discover any bias or other possible collusion to interfere with the administration of justice.

20. On June 2, 2017, in ruling on USAA's objection to the subpoena on USAA's lawyers, Judge Butchko found that Tomei (Reyes' client) and USAA had a "common legal interest," which then prevented any discovery as to communications between Reyes and USAA's lawyers. At that hearing, when HLG, through counsel, informed Judge Butchko that HLG indented on adding Tomei, personally, as a defendant in the lawsuit given the intentional tort of fraud she had committed against HLG, the Judge threatened HLG and its counsel with the likelihood of awarding 57.105 sanctions, on an unpled unfiled motion.

21. Obviously, perturbed by the sudden change of course of the case as a result of Reyes' involvement, Plaintiff began investigating the relationship between Reyes and Judge Butchko.

22. On June 6, 2017, Plaintiff discovered that Defendant was Facebook "friends" with Reyes.

23. Judge Butchko failed to disclose her Facebook friendship with Reyes to Plaintiff for over six months while he was involved in the case.

24. At the time, relying on the only appellate decision and applicable judicial ethics opinions, Plaintiff, filed a Verified Motion to Disqualify the Defendant, relying upon *Domville v. State*, 103 So. 3d 184 (Fla. 4th DCA 2013), *reh'g denied*, 125 So. 3d 178 (Fla. 4th DCA 2013), *review denied*, 110 So. 3d 441 (Fla. 2013), and Fla. JEAC Op. 2009–20 (Nov. 17, 2009); and Fla. JEAC Op. 2010-06 (March 26, 2010) regarding the issue of a judge's use of social media with litigants or lawyers who appear before them.

25. Both JEAC opinions advise that it is a violation of the Florida Code of Judicial Conduct Canon 2B for judges to be Facebook "friends" with lawyers or litigants who appear and argue before them. There is no dispute that this was the only binding case law on Judge Butchko, regarding the legal sufficiency of the Motion to Disqualify.

26. Plaintiff's' Verified Motion for Disqualification laid out three separate and distinct legally sufficient grounds in support of the defendant's disqualification. As the first ground for disqualification, Plaintiff alleged that Butchko's Facebook "friendship" with Reyes, a lawyer who appeared and argued on this case, mandated Defendant's disqualification, pursuant to *Domville* and the JEAC Opinions on this subject.

27. Further, based on Judge Butchko being Facebook friends with Reyes, Plaintiff believed and understood that Reyes, Tomie's lawyer, had influence on Judge Butchko at the behest of USAA. This was evident given that when HLG had advised her that it intended on adding Tomei as a party, personally, based on the intentional torts she committed against HLG. Judge Butchko then threatened Plaintiff and Plaintiff's counsel with the likelihood of awarding 57.105 sanctions (on an unpled non filed motion) should Plaintiff add Butchko's Facebook friend, Reyes' client, Tomei to the lawsuit.

28. Judge Butchko denied as "legally insufficient" Plaintiff's Motion for Disqualification in less than one hour of receipt and review of the motion.

29. The legal system is based on the principle that an independent, fair and competent judiciary will interpret and apply the laws that govern us. The role of the judiciary is central to American concepts of justice and the rule of law. Judges must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system.

30. The judge is an arbiter of facts and law for the resolution of disputes and a highly visible symbol of government under the rule of law.

31. Given the grave concern of the former chief justice of the Florida Supreme Court, that specifically urges judges to deactivate and delete their Facebook accounts, HLG believed that evidence in the form of Judge Butchko's *personal* social media electronically stored information ("ESI") would be destroyed, deleted, and not properly preserved.

32. Judicial tampering is not a foreign subject to the insurance industry. In *Hale v. State Farm Mutual Auto Insurance Co. et. al*, Case No. 12-CV-00600 filed in the Southern District of Illinois, State Farm was accused of exerting financial and political influence to assist a judge to being elected to the Illinois Supreme Court while a $1.05 billion-dollar judgment was pending appeal against State Farm. The judge was eventually elected and became the deciding vote reversing the $1.05 billion-dollar judgment against State Farm.

33. The plaintiffs in the *Hale* case, spurred in part by the United States Supreme Court's case in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) on judicial bias, hired an FBI special agent to investigate State Farm and its affiliates and employees' involvement in the election of the judge.

34. The investigation uncovered State Farm, through its agents and lawyers, deliberately concealing its involvement in the campaign and filing false court papers regarding those facts. It was alleged that State Farm invested $2 to $4 million in illegally aiding the judge for a possible $1.05 billion return which made that amount sufficiently minimal to make it a worthwhile gamble. The case proceeded for years and went to trial. After the jury was picked, State Farm agreed to settle the case for $250 Million dollars, "with no admission of liability." See https://www.halevstatefarmclassaction.com.

- 7 -

35. On January 7, 2019, Reuven T. Herssein ("RTH") filed a lawsuit against Judge Butchko in Miami-Dade Circuit Court, case number *Reuven T. Herssein v. Beatrice Avergihno Butchko*, 2019-00276-CA-01, ("RTH v. BB"), for Injunctive Relief pursuant to Florida Rules of Civil Procedure 1.610, pursuant to Florida Statute §86 for Declaratory Relief, and for a Pure Bill of Discovery, to prevent her from deleting her *personal* social media and ESI and to obtain "more" for disqualification of a judge that was Facebook friends with a lawyer or litigant that appeared before them, as this was now the new law that made it necessary to ascertain the "closeness" of the Facebook friendship, given the Florida Supreme Court's ratification of the Third DCA's decision in *Law Offices of Herssein & Herssein, P.A. v. United Services Automobile Ass'n*, 229 So. 3d 408 (Fla. 3d DCA 2017).

36. On January 17, 2019, in the HLG v. USAA case, HLG and RTH filed a motion to disqualify Judge Butchko, based on her adversarial litigation relationship with RTH.

37. On January 24, 2019, in the RTH v. BB case, Judge Butchko's lawyer, Stephanie Daniels ("Daniels") from the Attorney General's office, curiously entered her appearance, even though RTH had filed a lawsuit against Butchko personally, and not in her capacity as a public officer.

38. Daniels, on Butchko's behalf, filed *Motion to Dismiss and to Modify Case Title to Accurately Reflect the Identity of Defendant*, (Filing # 83839942 E-Filed 01/24/2019 12:44:44 PM), a *Request for Judicial Notice*, (Filing # 83840235 E-Filed 01/24/2019 12:48:06 PM); and a *Motion for Emergency or Expedited Consideration of Motion to Dismiss and Request for Judicial Notice* (Filing # 83873597 E-Filed 01/24/2019 05:04:30 PM), which made several defamatory statements about RTH and counsel and clearly called into question her ability to be fair to RTH in the pending HLG v. USAA case.

39. Importantly, on the HLG v. USAA case, the second motion to disqualify was still pending before Judge Butchko.

40. Because Judge Butchko chose to retain the Attorney General office despite having been sued personally and not in her capacity as a public officer, RTH was then able to obtain some of Daniels's emails, pursuant to a F.S. 119.07 Public Records Request.

41. The public records request revealed evidence that USAA's lawyers' Shutts and Gillman, colluded with, gave legal advice to, exchanged documents with, and discussed the HLG v. USAA case with Judge Butchko, through her lawyer, at least five days prior to her February 1, 2019 recusal, while she was still the active judge on the HLG v. USAA case.

42. The **January 28, 2019** e-mails (Exhibit "A") to and from Gillman and Judge Butchko's lawyer speaks for itself:

> From :        Stephen B. Gillman <sgillman@shutts.com>
> To:           Stephanie Daniel stephanie.daniel@myfloridalegal.com
> Cc:           Jackie N. Gonzalez <jgonzalez@shutts.com>, Susan Crosby
>               <susan.crosby@myfloridalegal.com>
> **Date:**     **Mon, 28 Jan 2019 15:49:14 -0500**
> Attachments:  14287030_1 (MIADOCS) 2016-12-06 Order Granting Motion to
>               Transfer.pdf (1.37 MB);
>               14223529_1 (MIADOCS) 2016-12-20 Order Transferring Case to
>               Complex Busin....pdf (1.35 MB)
>
> ────────────────────────────────────────────
> Ms. Daniel:
> Thank you for forwarding the Motion to Dismiss and Motion for Judicial Notice–
> The attached may have been missed. There was a hearing on December 6, 2016
> and Judge Butchko granted the motion to transfer the matter to the complex
> Division (see attached). That order transferred the matter to "Section No. CA 40
> CBL" which was the Complex Division but no judge assignment was made by
> that order. The Judge assignment was by Judge Bailey's December 20, 2016
> Order (also attached). I am available should there be any questions.
> Shutts
> Stephen B. Gillman
> *Partner*

*See* Gillman's January 28, 2019 email to Judge Butchko's lawyer Exhibit "A"

43. The evidence (Exhibit A") also proves that earlier that day, January 28, 2019, USAA's lawyer from Shutts, Gillman, had a telephone conference with Judge Butchko's lawyers wherein, and that the HLG v. USAA case was discussed.

> From: Susan Crosby [mailto:Susan.Crosby@myfloridalegal.com]
> Sent: Monday, January 28, 2019 10:34 AM
> To: Stephen B. Gillman
> Cc: Stephanie Daniel
> Subject: Herssein v Butchko, Case No. 19-000276-CA-01
>
> EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click any links or open any attachments unless you trust the sender and know the content is safe.
>
> As you requested, please see attached Motion to Dismiss and Request for Judicial Notice (without attachments) filed in the Herssein v. Butchko, Case No. 19-000276-CA-01.
>
> If you have any questions, please contact me.
>
> **Susan Crosby**
> Susan Crosby, Staff Assistant
> Office of the Attorney General
> General Civil / State Programs
> Phone: (850) 414-3675
> Email: Susan.Crosby@myfloridalegal.com

44. This January 28, 2019 email correspondence and exchange, (Exhibit "A") proves that not only did USAA's lawyers render legal advice to Judge Butchko, (through her lawyer), it clearly demonstrates that USAA's lawyers, and Judge Butchko (through her lawyer) were corresponding, via telephone and email, exchanging documents, and discussing the HLG v. USAA case, while Judge Butchko was still the presiding judge on that case.

45. The evidence (Exhibit "A") obtained unquestionably demonstrates, USAA's lawyers discussed the HLG v. USAA case, with Judge Butchko's lawyer, while Judge Butchko was still the active judge on the case, and colluded on the motions Judge Butchko had filed on the RTH v. Butchko

case, for one sole purpose: for the past, present, or future performance—to help Judge Butchko stay on the HLG v. USAA case, and not recuse herself.

46. USAA's lawyers' obvious objective was to make sure that the motion to dismiss and other documents (filed on the RTH v. BB case) were persuasive enough so that Judge Butchko could attempt to get the RTH v. BB case dismissed, so she would not have to recuse herself from the HLG v. USAA case.

47. The collusion is more egregious than a simple phone call or emailed legal advice: in response to Gillman's January 28, 2019 email advice to Judge Butchko (through her lawyer) exchanging documents and discussing the HLG v. USAA case, Judge Butchko, (through her lawyer) admits she accepted USAA's lawyers' legal advice and rectified her "oversight" by actually filing the documents that Gillman had furnished and advised them that they missed—that very day.

48. Judge Butchko's lawyer, blatantly admits to accepting this legal advice rendered by USAA's lawyers' and concedes to the collusion in her March 4, 2019 papers she filed[3] with the court, as follows:

> And, after reviewing Mr. Gillman's email, the undersigned noted that she had overlooked the December 6, 2016 Order Granting Motion to Transfer in the Request for Judicial Notice filed on January 24, 209 in *Herssein 1*. So, on January 28, 2019, the undersigned filed another Request for Judicial Notice seeking judicial notice of the December 6, 2016 Order.
>
> *See* Motion to Strike *at* 6

49. On **January 28, 2019**, at 4:47 p.m., Judge Butchko, filed *another* Request for Judicial Notice (Filing # 84017346 E-Filed 01/28/2019 04:47:11 PM), which contained the very documents that USAA's lawyer, Gillman, from Shutts, furnished her with.

---

[3] At 6 of *Judge Butchko's Response and Motion to Strike Plaintiff's March 1, 2019 Notice of Filing*, (Filing # 85843594 E-Filed 03/04/2019 05:54:38 PM) ("Motion to Strike"), on Case No.: 2019 000276-CA-01.

50. The evidence (Exhibit "A") proves that USAA's lawyers were colluding and giving Judge Butchko (through her lawyer) legal advice, and exchanging documents, which she, in fact, admits she immediately followed the same day—January 28, 2019, five days before her order of recusal.

51. The evidence (Exhibit "A") proves that USAA's lawyers discussed this case with Judge Butchko's lawyer, while she was an active and sitting judge on the case with no notice to Plaintiff HLG on that case.

52. The evidence (Exhibit "A") proves that USAA's lawyers conduct was designed solely to influence Judge Butchko's performance of a public duty, in her official capacity as a public servant. Simply put, USAA, through their lawyers, Gillman and Shutts colluded, improperly discussed the HLG v. USAA case, exchanged documents with, and rendered legal advice to, Judge Butchko's lawyer, while she was the acting judge on this case—legal advice she admits she received and followed while she was an active judge on the case.

53. "It is a well-settled principal of law that an attorney acting within the scope of his authority represents his client and his acts of omission as well as commission are to be regarded as the acts of the person he represents, and therefore his neglect is equivalent to the neglect of the client himself." *Griffith v. Investment Co.*, 92Fla. 781, 110 So. 271, 271 (1926). In Florida the general rule that a client is bound by the acts of his attorney within the scope of the latter's authority. *State ex rel. Gutierrez v. Baker*, 276 So. 2d 470 (Fla. 1973). *Accord Jones v. State*, 484 So. 2d 577 (Fla. 1986).

54. In this instance, Judge Butchko's lawyer's conduct like USAA's lawyers' conduct, is imputed to her, the client.

55. Clearly USAA was attempting to influence Judge Butchko's decision in her official capacity as a public servant [a circuit court judge] on whether to remain on the HLG v. USAA case, based on Plaintiff's motion to disqualify her filed on January 17, 2019.

56. Most importantly, neither Judge Butchko or her lawyer, nor USAA's lawyers put Plaintiff on notice of any of this conduct. Instead, as stated above, through a public records request of the Attorney General's office, Plaintiff's counsel obtained the offending evidence. (Exhibit "A")

57. This January 28, 2019 email correspondence demonstrates that not only did USAA's lawyers render legal advice to Judge Butchko, (through her lawyer), it clearly demonstrates that USAA's lawyers, and Judge Butchko (through her lawyer) were corresponding, exchanging documents, and discussing the HLG v. USAA case, while Judge Butchko was still the presiding judge on the case.

58. USAA's lawyers' conduct, colluding with Judge Butchko's lawyer, by discussing this case, exchanging documents on this case appears to implicate at least two (2) Florida criminal statutes: Fla. Stat. §§838.015 and 838.016:

> **838.015   Bribery —**
>
> (1)   "Bribery" means to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept for himself or herself or another, any pecuniary or other benefit not authorized by law with an intent or purpose to influence the performance of any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of a public servant, in violation of a public duty, or in performance of a public duty.
>
> (2)   Prosecution under this section shall not require any allegation or proof that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, that the public servant had assumed office, that the matter was properly pending before him or her or might by law properly be brought before him or her, that the public servant possessed jurisdiction over the matter, or that his or her official action was necessary to achieve the person's purpose.

(3)   Any person who commits bribery commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

**838.016   Unlawful compensation or reward for official behavior —**

(1)   It is unlawful for any person to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law, for the past, present, or future performance, nonperformance, or violation of any act or omission which the person believes to have been, or the public servant represents as having been, either within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty. This section *does not preclude a public servant from accepting rewards for services* performed in apprehending any criminal.

(2)   It is unlawful for any person to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law for the past, present, or future exertion of any influence upon or with any other public servant regarding any act or omission which the person believes to have been, or which is represented to him or her as having been, either within the official discretion of the other public servant, in violation of a public duty, or in performance of a public duty.

(3)   Prosecution under this section shall not require that the exercise of influence or official discretion, or violation of a public duty or performance of a public duty, for which a pecuniary or other benefit was given, offered, promised, requested, or solicited was accomplished or was within the influence, official discretion, or public duty of the public servant whose action or omission was sought to be rewarded or compensated.

(4)   Whoever violates the provisions of this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

59. USAA's lawyers, Gillman, January 28, 2019 email (Exhibit "A"), correspondence with Judge Butchko (through her lawyer) is a violation of Fla. Stat. §§838.015(1), and 838.016 (2).  The email is "evidence", that USAA (through their lawyers) did unlawfully, knowingly and intentionally give, offer, or promise to any public servant (Judge Butchko through her lawyer) …

any pecuniary or other benefit, (in the form of free legal advice) not authorized by law, for the past, present, or future exertion of any influence upon or with any other public servant [Judge Butchko] regarding any act or omission [recusal and other matters in *this* case] which the person believes to have been, or which is represented to him or her as having been, either within the official discretion of the other public servant, [Judge Butchko] in violation of a public duty, or in performance of a public duty. *Id.,*

60. As the evidence (Exhibit "A") unquestionably demonstrates, USAA's lawyers discussed the HLG v. USAA case with Judge Butchko's lawyers while she was still the active judge on the case.

61. USAA's lawyers colluded on the motions Judge Butchko had filed on the RTH v. Butchko case, for one sole purpose: for the past, present, or future performance—to assist Judge Butchko in remaining on the HLG v. USAA case, and not recuse herself.

62. USAA's lawyers' obvious objective was to improperly aid and assist Judge Butchko in prevailing on her motion to dismiss and other documents (filed on the RTH v. Butchko case) so she would not have to recuse herself from the HLG v. USAA case.

63. It was not until five full business days later, in response to several motions that were filed in the RTH v. Butchko case, that Judge Butchko issued the February 1, 2019 order of recusal on the HLG v. USAA case.

64. These improper acts on behalf of USAA, through its lawyers and employees, demonstrate a pattern of perverting and obstruction of justice, because as mentioned above, this was not an isolated incident.

65. The undisputable evidence (Exhibit "A") that exists shows that USAA's lawyer, Stephen Gillman, of Shutts, improperly and illegally colluded with Butchko's lawyer, giving her legal

advice discussing, and even exchanged documents concerning the HLG case, five (5) days *prior* to the Butchko entering her "sua sponte" recusal order.

66. Based on the foregoing, Plaintiff has multiple causes of action against USAA for violation of the Florida and Federal RICO Acts, and an injunction against Shutts is entirely necessary to preserve any possible evidence to support such a claim.

67. In order to preserve its rights and any evidence, based on the undisputed facts and existing evidence (Exhibit "A") that Shutts and Stephen Gillman, colluded with, gave legal advice to, exchanged documents with, and discussed the HLG v. USAA case with Judge Butchko, through her lawyer, at least five days *prior* to her February 1, 2019 recusal, while she was still the active judge on the case, Plaintiff has no way of obtaining judicial relief against Shutts to enjoin it from for deleting or otherwise destroying possible evidence of collusion and judicial tampering by USAA through its lawyers.

68. *Plaintiff does not have an adequate remedy at law to prevent Shutts from deleting or destroying* evidence of the judicial tampering by USAA through its lawyers.

**Count 1 - Injunctive Relief**

69. Plaintiff adopts and re-alleges paragraphs 1-68 as fully set forth herein.

70. Plaintiff seeks to enjoin Defendant Shutts from deleting or editing any ESI or phone records or messages of any kind.

71. Plaintiff has a clear right to the relief requested because Plaintiff cannot obtain the relief requested against Defendant Shutts any other way in order to preserve any evidence necessary to pursue possible claims against Defendant, USAA, or employees or attorneys of USAA.

72. Plaintiff will suffer irreparable harm if an injunction is not entered against Defendant Shutts as Plaintiff is seeking to maintain the integrity of Defendant Shutts' ESI evidence from being tampered with, spoiled, or destroyed.

73. Plaintiff will suffer irreparable harm if an order enjoining Defendant Shutts to preserve any ESI evidence from being tampered with, spoiled, or destroyed.

74. Plaintiff has no adequate remedy at law.

75. Plaintiff is willing ready and able to post a reasonable bond should the Court so require.

Wherefore, Plaintiff, respectfully requests the Court grant the petition for injunctive relief and order that Defendant must preserve and maintain all its ESI and award costs to Plaintiff pursuant to Florida Statutes §57.041.

### Count II - Declaratory Action pursuant to Florida Statute § 86.011

76. Plaintiff adopts and re-alleges paragraphs 1-68 as fully set forth herein.

77. Plaintiff needs a declaratory judgment from the court on Defendant's obligations and specific preservation and anti-spoliation steps that need to be taken by Defendant to preserve all ESI evidence, as it relates to any ESI used by Defendant.

78. Plaintiff needs a declaratory judgment from the court on the commencement time-frame, (i.e., *when*), Defendant's legal obligations commence to take the preservation and anti-spoliation steps that need to be taken by Defendant to preserve all ESI, as it relates to transactions with Judge Butchko and her lawyers.

79. Plaintiff demands, pursuant to Florida Statute §86.011(2), that the court declare Defendant take these preservation and anti-spoliation steps to preserve all ESI used by Defendant, as this information is evidence.

80. Plaintiff is in doubt as to its rights as to how far back in time it can demand the ESI be preserved, and from what point in time it has the right to seek this information.

81. Plaintiff demands, pursuant to Florida Statute §86.011(2), that the court declare Defendant take these preservation and anti-spoliation steps to preserve all ESI used by Defendant, as this information is evidence.

Wherefore, Plaintiff, respectfully requests the Court Declare: (a) Defendant's obligations and specific preservation and anti-spoliation steps that need to be taken by Defendant to preserve all ESI used by Defendant; (b) the commencement time-frame, (i.e., *when*), Defendant's obligations commence to take the preservation and anti-spoliation steps that need to be taken by Defendant to preserve all ESI used by Defendant; (c) pursuant to Florida Statute §86.011(2), that the court declare Defendant take these preservation and anti-spoliation steps to preserve all ESI, as it relates to ESI used by Defendant, as this information is evidence and (d) and award costs to Plaintiff pursuant to Florida Statutes §57.041.

### Count III - Pure Bill of Discovery

82. Plaintiff adopts and re-alleges paragraphs 1-68 as fully set forth herein.

83. There is evidence, in the form of public record emails that exists, (Exhibit "A") demonstrating unequivocally that USAA's lawyers, Shutts and Stephen Gillman, improperly and illegally colluded with, gave legal advice to, exchanged documents with, and discussed the HLG v. USAA case with Judge Butchko, through her lawyer, at least five days prior to her February 1, 2019 recusal, while she was still the active judge on the case—legal advice which the judge, through her lawyer, readily admits that she accepted and followed—five (5) days *prior* to the Judge entering her "sua sponte" recusal order.

84. The evidence (Exhibit "A") that exists demonstrates USAA used its lawyers, including but not limited to its lawyers from Shutts, Stephen Gillman, to intentionally interfere with, and colluded to interfere with the administration of justice in the HLG v. USAA case. In

conjunction with Reyes's own statements made in open court to that effect, wherein Reyes admits that he was behind USAA's renewed attempts at getting the HLG v. USAA case transferred away from Judge Marin to the CBL division where his Facebook "friend" took the HLG case and immediately quashed the twice ordered evidentiary hearing on witness tampering and prohibited client solicitation by Gillman and Zacherl of Shutts and Bowen, LLP, all point unequivocally to improper and illegal judicial tampering by USAA through its counsel.

85. Accordingly, HLG has multiple causes of action against USAA for violation of the Florida and Federal RICO Acts.

86. A pure bill of discovery against Defendant Shutts, which lies in equity, is entirely necessary to determine what other electronic modes of contact (phone calls, texts, emails) Defendant Shutts has had with Judge Butchko or her lawyers.

87. Plaintiff, like any litigant or citizen, is entitled to a fair and impartial trial. Therefore, in order to protect its basic constitutional rights, must conduct discovery on Defendant to acquire this information.

88. A pure bill of discovery is necessary to allow Plaintiff to protect its rights by investigating ESI used by Defendant.

89. The nature and content of matters or items specifically sought to be discovered which are in the possession of the Defendant is specifically any mobile device (i.e. cell-phone) records, personal emails, phone records, used by Defendant and its employees.

90. Plaintiff's right to the relief sought is embedded in Florida and American jurisprudence and the discovery sought is material to the action at law for which it is sought as alleged above.

Wherefore, Plaintiff, respectfully requests the Court grant the complaint for pure bill of discovery for Defendant's mobile device (*i.e.* cell-phone) records, personal emails and other ESI used by Defendant Shutts in communicating with Judge Butchko or her lawyer, and award costs to Plaintiff pursuant to Florida Statutes §57.041.

Dated this 14th day of March, 2019.

## VERIFICATION

I, Reuven T. Herssein, vice president and partner of Plaintiff, Herssein Law Group, take an oath and certify all matters contained this Complaint brought for Injunctive Relief, and pursuant to Florida Statute §86 for Declaratory Relief, and for a Pure Bill of Discovery, are true and accurate.

Reuven T. Herssein, for Plaintiff,
HERSSEIN LAW GROUP

*Attorneys for Plaintiff*

**HERSSEIN LAW GROUP**
1801 NE 123rd Street, Suite 314
North Miami, Florida 33181
Telephone No: (305) 531-1431

Miamiservice@hersseinlaw.com

By:  /s/ Reuven Herssein
REUVEN T. HERSSEIN, ESQ.
FBN 0461504

**BEIGHLEY, MYRICK, UDELL & LYNNE, P.A.**
150 West Flagler Street, Suite 1800
Miami Florida 33130
Telephone No: (305) 349-3930
mudell@bmulaw.com

By:   /s/ Maury L. Udell
MAURY L. UDELL, ESQ.
FBN 121673

- 20 -

# EXHIBIT

# "A"

## RE: Herssein v Butchko, Case No. 19-000276-CA-01

| | |
|---|---|
| **From:** | Stephen B. Gillman <sgillman@shutts.com> |
| **To:** | Stephanie Daniel <stephanie.daniel@myfloridalegal.com> |
| **Cc:** | Jackie N. Gonzalez <jgonzalez@shutts.com>, Susan Crosby <susan.crosby@myfloridalegal.com> |
| **Date:** | Mon, 28 Jan 2019 15:49:14 -0500 |
| **Attachments:** | 14287030_1_(MIADOCS)_2016-12-06 Order Granting Motion to Transfer.pdf (1.37 MB); 14223529_1_(MIADOCS)_2016-12-20 Order Transferring Case to Complex Busin....pdf (1.35 MB) |

Ms. Daniel:

Thank you for forwarding the Motion to Dismiss and Motion for Judicial Notice – The attached may have been missed. There was a hearing on December 6, 2016 and Judge Butchko granted the motion to transfer the matter to the complex Division (see attached). That order transferred the matter to "Section No. CA 40 CBL" which was the Complex Division but no judge assignment was made by that order. The Judge assignment was by Judge Bailey's December 20, 2016 Order (also attached). I am available should there be any questions.

## Shutts

**Stephen B. Gillman**
*Partner*

### Shutts & Bowen LLP

200 South Biscayne Boulevard, Suite 4100 | Miami, FL 33131
Direct: (305) 347-7311 | Cell: (305) 799-1717
E-Mail | Biography | V-Card | Website

**Please consider the environment before printing this email**

**From:** Susan Crosby [mailto:Susan.Crosby@myfloridalegal.com]
**Sent:** Monday, January 28, 2019 10:34 AM
**To:** Stephen B. Gillman
**Cc:** Stephanie Daniel
**Subject:** Herssein v Butchko, Case No. 19-000276-CA-01

EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click any links or open any attachments unless you trust the sender and know the content is safe.

As you requested, please see attached Motion to Dismiss and Request for Judicial Notice (without attachments) filed in the Herssein v. Butchko, Case No. 19-000276-CA-01.

If you have an questions, please contact me.

*Susan Crosby*
Susan Crosby, Staff Assistant
Office of the Attorney General
General Civil / State Programs
Phone: (850) 414-3675
Email: Susan.Crosby@myfloridalegal.com

## RE: Herssein v. Butchko -

| | |
|---|---|
| From: | Stephanie Daniel <"/o=exchangelabs/ou=exchange administrative group (fydibohf23spdlt)/cn=recipients/cn=fbaf753834a0430b9022ed2da5a8a3ec-stephanie.d"> |
| To: | Stephen B. Gillman <sgillman@shutts.com> |
| Cc: | Jackie N. Gonzalez <jgonzalez@shutts.com>, Frank A. Zacherl <fzacherl@shutts.com> |
| Date: | Fri, 01 Feb 2019 11:58:02 -0500 |

Yes, I was aware of this. I don't know whether Mr. Herssein will dismiss his suit against Judge Butchko. We are waiting to see. Judge Diaz is trying to get a hearing set on my motion to dismiss, so that may move things along. Thank you.

Stephanie A. Daniel
Chief, State Programs Litigation
Direct line: 850-414-3666
Staff Assistant: Susan Crosby, 850-414-3675
Stephanie.Daniel@myfloridalegal.com

From: Stephen B. Gillman <SGillman@shutts.com>
Sent: Friday, February 1, 2019 11:56 AM
To: Stephanie Daniel <Stephanie.Daniel@myfloridalegal.com>
Cc: Jackie N. Gonzalez <JGonzalez@shutts.com>; Frank A. Zacherl <FZacherl@shutts.com>
Subject: Herssein v. Butchko -
Importance: High

Stephanie:

I assume you have been advised that Judge Butchko *sua sponte* recused herself in Herssein 1 and the case has been reassigned. I would appreciate if you could advise if, when, the suit against Judge Butchko is dismissed.

## Shutts

**Stephen B. Gillman**
*Partner*

**Shutts & Bowen LLP**
200 South Biscayne Boulevard, Suite 4100 | Miami, FL 33131
Direct: (305) 347-7311 | Cell: (305) 799-1717
E-Mail | Biography | V-Card | Website

Please consider the environment before printing this email

Daniel-000898

Filing # 86441484 E-Filed 03/15/2019 10:33:17 AM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| --- | --- | --- |
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER**<br>2019-007367-CA-01 |
| **PLAINTIFF(S)**<br>Law Offices of Herssein & Herssein, P.A. d/b/a Herssein Law Group | **VS.  DEFENDANT(S)**<br>Shutts & Bowen, LLP | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): _____ Corporation Company of Miami_____

_____ as registered agent for Shutts & Bowen, LLP _____

_____ 200 South Biscayne Blvd., Suite 4100 (RJS) _____

_____ Miami, FL 33131 _____

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: _____ Reuven T. Herssein, Esq. _____

whose address is: _____ Herssein Law Group _____

_____ 1801 NE 123rd Street, Suite 314 _____

_____ North Miami, FL 33181    (305) 531-1431 _____

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,** **or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.** **When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | *DAuBa*<br>DEPUTY CLERK | **DATE**<br>3/15/2019 |
| --- | --- | --- |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 86441484 E-Filed 03/15/2019 10:33:17 AM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | 2019-007367-CA-01 |

| PLAINTIFF(S) | VS.  DEFENDANT(S) | SERVICE |
|---|---|---|
| Law Offices of Herssein & Herssein, P.A. d/b/a Herssein Law Group | Shutts & Bowen, LLP | **SERVED**<br>Date: 0318.2019<br>Time: 10:34<br>Initials: HP 2602 |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): Corporation Company of Miami

as registered agent for Shutts & Bowen, LLP

200 South Biscayne Blvd , Suite 4100 (RJS)

Miami, FL 33131

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Reuven T. Herssein, Esq.

whose address is: Herssein Law Group

1801 NE 123rd Street, Suite 314

North Miaimi, FL 33181    (305) 531-1431

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to, 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | *DAeBa*<br>DEPUTY CLERK | DATE<br>3/15/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355,  at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 11/18                                Clerk's web address: www.miami-dadeclerk.com

Filing # 86448771 E-Filed 03/15/2019 11:30:01 AM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**LAW OFFICES OF HERSSEIN**
**& HERSSEIN, P.A., a Florida**
**Corporation, d/b/a**
**HERSSEIN LAW GROUP**                    **CASE NO.: 2019-007367-CA-01**

                  **Plaintiff,**

**vs.**

**SHUTTS & BOWEN, LLP,**
**A Florida Limited Liability Partnership**

                  **Defendant.**

_____/

### PLAINTIFF'S NOTICE OF DESIGNATED E-MAIL ADDRESS IN COMPLIANCE WITH RULE 2.516

    **COMES NOW** the Plaintiff, by and through the undersigned counsel, and in compliance with Rule 2.516, hereby files this notice of the designated e-mail address for all documents required or permitted to be served on another party and any document filed in any court proceeding in this matter:  miamieservice@hersseinlaw.com

### CERTIFICATE OF SERVICE

    **WE HEREBY CERTIFY** that on this 15th day of March, 2019, in accordance with Rule 2.516 of the Florida Rules of Judicial Administration, a true and correct copy of the foregoing was filed with the Clerk of Courts through the Florida Courts e-Filing Portal.

                              **HERSSEIN LAW GROUP**
                              **1801 North East 123rd Street**
                              **Suite 314**
                              **North Miami, Florida 33181**
                              **Telephone No: (305) 531-1431**
                              **Miamieservice@hersseinlaw.com**
                                  /s/
                              **REUVEN HERSSEIN, ESQUIRE**
                              **FBN 0461504**
                              *Attorneys for Plaintiff*

Filing # 86437697 E-Filed 03/15/2019 09:58:28 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**LAW OFFICES OF HERSSEIN**
**& HERSSEIN, P.A., a Florida**
**Corporation, d/b/a**
**HERSSEIN LAW GROUP**                              **CASE NO: 2019-007367-CA-01**

                  **Plaintiff,**

**vs.**

**SHUTTS & BOWEN, LLP,**
**A Florida Limited Liability Partnership**

                  **Defendant.**
_____/

## NOTICE OF APPEARANCE AS CO-COUNSEL

PLEASE TAKE NOTICE that Maury L. Udell, Esq, hereby enters his appearance as co-counsel for Plaintiff in the above captioned proceeding. Request is hereby made that copies of all notices, motions, pleadings, orders and other papers filed herein be duly served upon the undersigned counsel.

              Beighley, Myrick, Udell & Lynne, PA
              Attorneys for Plaintiff
              150 West Flagler Street
              Suite 1800
              Miami, FL 33130
              (305) 349-3930 – Phone
              notice66@bmulaw.com

              By:/s/ *Maury L. Udell*_____
              Maury L. Udell, Esq.
              mudell@bmulaw.com
              FBN#: 121673

Filing # 87638721 E-Filed 04/08/2019 03:44:42 PM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2019-007367 (CA 24)

LAW OFFICES OF HERSSEIN AND
HERSSEIN, P.A., d/b/a HERSSEIN
LAW GROUP,

        Plaintiff,

v.

SHUTTS & BOWEN LLP,

        Defendant.

_____/

## SHUTTS & BOWEN LLP'S MOTION TO DISMISS COMPLAINT

Defendant Shutts & Bowen LLP ("**Shutts**"), through its undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.140(b), moves the Court to enter a final order dismissing the Verified Complaint ("**Complaint**") filed by Plaintiff Law Offices of Herssein and Herssein, P.A., d/b/a Herssein Law Group ("**HLG**") because none of the three purported causes of action asserted in the Complaint against Shutts is sufficient to assert a cause of action that is cognizable under Florida law. Because the patent defects in the Complaint and each claim therein cannot be remedied by amendment, the Court should dismiss the Complaint and each claim with prejudice.

As demonstrated below, there are few well-pled facts alleged in the Complaint, and those well-pled material facts and the exhibits thereto do not sufficiently assert any claim; instead, they belie HLG's unfounded accusations of misconduct by Shutts. Because the Complaint was filed for improper purposes and to harass, Shutts examines in detail the background, the underlying facts, and the applicable law to put this unprofessional and improper matter in context and to

1

rest. Below, Shutts demonstrates that the conclusions on which HLG hurls accusations of criminal conduct are malicious and unfounded, but in any event, not one of HLG's purported causes of action can stand.

## I. BACKGROUND

On July 1, 2015, HLG, a law firm specializing in defense of personal injury protection ("**PIP**") litigation, was fired by its former client, USAA—ending a lucrative engagement for HLG. Within eight business days of the termination and without any effort to amicably resolve any issues, HLG filed a lawsuit against its former long-time client for fees allegedly due, accusing USAA of (among other things) fraud, misrepresentation, unfair dealing, and bad faith termination of the contract ("**HLG/USAA Litigation**").[1] USAA engaged Shutts to represent it in the HLG/USAA Litigation.

The HLG/USAA Litigation was initially assigned to Circuit Civil Judge Antonio Marin. USAA moved to transfer the case to the Complex Business Litigation Division in November 2016. On December 20, 2016, Administrative Judge Jennifer D. Bailey entered an order ("**12/20/16 Order**") which, after noting that the "currently presiding division judge, Judge Antonio Marin has requested the case be transferred to the newly-established expanded complex business litigation division" and following her review finding that the case qualified for transfer,

---

[1] HLG also sued the law firm that USAA chose to replace it on some of the cases HLG had been handling (Roig, Tutan, Rosenberg, Martin, Stroller, & Bellido, P.A. "**Roig Lawyers**,") alleging Roig Lawyers tortiously interfered with its relationship with USAA. All claims against Roig Lawyers have been abandoned, and the HLG/USAA Litigation is now on its Third Amended Complaint (with HLG seeking leave to file a Fourth Amended Complaint), and counterclaims have been filed against HLG and its managing shareholder Reuven T. Herssein ("**Herssein**").

transferred the matter to the Complex Business Litigation Division ("**CBL**") Section 43 (Judge Beatrice Butchko), effective January 3, 2017 (USAA DE #45).[2]

On June 8, 2017, HLG and Herssein (who had been joined as a counter-defendant) moved to disqualify Judge Butchko ("**First DQ Motion**") asserting, in part, that Judge Butchko was a Facebook "friend" with former Circuit Judge Israel Reyes who had appeared in the HLG/USAA Litigation on behalf of a USAA employee HLG had accused of misconduct (USAA DE #337). Judge Butchko denied the First DQ Motion as legally insufficient (USAA DE #333), a decision that was ultimately upheld on review by the Third District Court of Appeal and the Florida Supreme Court.[3]

Following affirmance by the Florida Supreme Court, on January 7, 2019, Herssein (individually) filed a separate lawsuit against Judge Butchko (the "**Herssein/Butchko Litigation**"),[4] and, on January 17, 2019, HLG and Herssein filed a second motion to disqualify Judge Butchko, arguing the Herssein/Butchko Litigation created an "inherent bias" as Herssein and Judge Butchko were now litigation adversaries ("**Second DQ Motion**") (USAA DE #505). On February 1, 2019, Judge Butchko entered an order denying the Second DQ Motion as legally

---

[2] Filings in the HLG/USAA Litigation will be referenced by docket entry number ("**USAA DE # _**").

[3] *See Law Offices of Herssein & Herssein, P.A. v. United Servs. Auto. Ass'n*, No. SC17-1848, 2018 WL 5994243 (Fla. Nov. 15, 2018), *reh'g denied*, 2018 WL 7136575 (Fla. Dec. 12, 2018); *Law Offices of Herssein & Herssein, P.A. v. United Servs. Auto. Ass'n*, 229 So. 3d 408 (Fla. 3d DCA 2017).

[4] *See Reuven T. Herssein v. Beatrice Avgherino Butchko*, Case No. 2019-000276-CA-01, pending in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, asserting claims aimed at discovery into Judge Butchko's social media accounts. On January 24, 2019, Stephanie A. Daniel, Chief of the State Programs Bureau of the Attorney General's Office ("**CAAG Daniel**") entered her appearance as counsel for Judge Butchko (Butchko DE # 12) and that same day, CAAG Daniel filed a Motion to Dismiss, Request for Judicial Notice and other filings (Butchko DE #11).

insufficient, but she chose to voluntarily withdraw from presiding, and recused herself, *sua sponte* (USAA DE #507).

Notwithstanding Judge Butchko's recusal in the HLG/USAA Litigation, the Herssein/Butchko Litigation remains pending, and on March 1, 2019, Herssein filed in his lawsuit against Judge Butchko a notice of purported collusion between Shutts and Judge Butchko's lawyer, making similar baseless accusations as in the instant case (Butchko DE #25). Judge Butchko responded to that baseless accusation and moved to strike it on March 4, 2019 (Butchko DE #26).[5]

Following Judge Butchko's recusal and the reassignment and recusal of other judges, assignment of the HLG/USAA Litigation was referred to Chief Judge Bertila Soto for reassignment (USAA DE #s 508, 509, 511-14). Chief Judge Soto referred the matter to the Chief Justice of the Florida Supreme Court for assignment outside of the circuit pursuant to Fla. R. Admin. 2.215(b)(4). The Chief Justice assigned Judge Carol-Lisa Phillips of the Seventeenth Judicial Circuit to preside over the HLG/USAA Litigation.

### The Underlying Emails

HLG and Herssein have made unsupported accusations against Shutts, USAA, Judge Butchko and her counsel all based upon two emails that were exchanged between Shutts partner Stephen Gillman ("**Gillman**") and CAAG Daniel (and her staff) on January 28, 2019. HLG and Herssein maliciously and without basis asserts that these emails constitute corrupt efforts to

---

[5] Herssein filed a notice of intent to issue a subpoena to Shutts in that case seeking the same type of documents as sought in the instant case (Butchko DE #27). As Herssein did in the Herssein/Butchko Litigation, HLG filed in the HLG/USAA Litigation, on March 10, 2019, a notice of intent to issue a subpoena to Shutts for the same Butchko-related documents (USAA DE #545). That Notice of Intent followed HLG's filing, on March 1, 2019, a Request for Judge Phillips to take judicial notice of "public record evidence of collusion" (USAA DE #535), and on March 6, 2019, filing a Motion for Evidentiary Hearing on the same baseless accusations of criminality as raised in the instant case (USAA DE #539).

4

influence Judge Butchko's decision on the Second DQ Motion.  Any fair reading of the emails

debunks any notion of corruption.

The two January 28, 2019 e-mails (Exhibit A to the Complaint), to and from Gillman to

CAAG Daniel (or her assistant) read in their entirety as follows[6]:

**First Email-** From:  Susan Crosby [mailto: Susan.Crosby@myfloridalegal.com]
Sent:   Monday, January 28, 201910:34 AM
To:     Stephen B. Gillman
Cc:     Stephanie Daniel
Subject:        Herssein v Butchko, Case No. 19-000276-CA-01

EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond,
click any links or open any attachments unless you trust the sender and know the content is safe.

**As you requested, please see attached Motion to Dismiss and Request for Judicial Notice
(without attachments) filed in the Herssein v. Butchko, Case No. 19¬000276-CA-01.**

If you have any questions, please contact me.

Susan Crosby
Susan Crosby, Staff Assistant
Office of the Attorney General
General Civil / State Programs
Phone: (850) 414-3675
Email: Susan.Crosby@myfloridalegal.com

**Second Email-** From :  Stephen B. Gillman sgillman@shutts.com
To:      Stephanie Daniel stephanie.daniel@myfloridalegal.com
Cc:      Jackie N. Gonzalez <jgonzalez@shutts.com>, Susan Crosby
<susan.crosby@myfloridalegal.com>
Date:    Mon, 28 Jan 2019 15:49:14 -0500
Attachments:    14287030 I (MIADOCS) 2016-12-06 Order Granting Motion to
Transfer.pdf (1.37 MB);
14223529 1 (MIADOCS) 2016-12-20 Order Transferring Case to Complex
Busin....pdf (1.35 MB)

**Ms. Daniel:**
**Thank you for forwarding the Motion to Dismiss and Motion for Judicial Notice—The
attached may have been missed. There was a hearing on December 6, 2016 and Judge
Butchko granted the motion to transfer the matter to the complex Division (see attached).
That order transferred the matter to "Section No. CA 40 CBL" which was the Complex
Division but no judge assignment was made by that order. The Judge assignment was by
Judge Bailey's December 20, 2016 Order (also attached). 1 am available should there be any
questions.**
Shutts

---

[6] For ease of review, the text is bolded, but that emphasis is added.  The emails are also quoted in
the Complaint and attached thereto as exhibits.

Stephen B. Gillman
*Partner*

## II. THE COMPLAINT IS INSUFFICIENT

On March 14, 2019, HLG filed the instant lawsuit making false conclusory accusations of judicial tampering, and even criminality against Shutts and Gillman that are totally without support and which are refuted by the very emails trumpeted by HLG. As is demonstrated, the purported reasons for the Complaint (to enjoin Shutts from deleting or destroying its electronically stored information ("ESI"), to have the Court tell Shutts what ESI it is to preserve, and to discover "what other modes of contact (phone calls, texts, emails)" Shutts has had with Judge Butchko and her lawyers) is a transparent subterfuge for HLG to harass USAA's counsel (under some perceived cover of litigation privilege).

That abuse of the judicial system to harass an opponent in litigation is universally condemned, and must be rejected here in these proceedings which seek to raise equitable claims. As demonstrated below, in addition to having no basis in any well-pled facts, the Complaint is legally insufficient – both substantively and procedurally. Indeed, the very emails upon which the Complaint relies conclusively negate the unsupported conclusions.[7] Those defects cannot be remedied, and the Complaint should be dismissed with prejudice.

---

[7] As the Complaint is grounded solely on these emails, this Court is fully empowered to make a determination whether, on their face, these emails (only two were sent prior to Judge Butchko's recusal) even facially support the outlandish claims of criminality underlying the Complaint because, once the conclusion is negated, the whole house of cards falls. *See Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994) (court is not bound by plaintiff's interpretation of exhibits). In this regard, it is notable that an independent legal ethics expert and University of Miami law professor has stated the emails appear to evidence nothing more than professional courtesy. *See Herssein Law Group Claims Opposing Counsel Colluded with Miami Judge's Lawyers*, Daily Business Review, Mar. 6, 2019.

## A.  THE COMPLAINT FAILS TO ALLEGE ANY WELL-PLED MATERIAL FACTS ESTABLISHING A CLAIM AGAINST SHUTTS

### *The exhibits control over the allegations of the Complaint*

In ruling on a motion to dismiss, the Court accepts as true and views *only the well-pled operative facts* alleged in the complaint in the light most favorable to the plaintiff. *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.*, 842 So. 2d 204, 206 (Fla. 3d DCA 2003).  Indeed, in determining the sufficiency of the Complaint, Florida law precludes the Court from accepting as true, or even considering, "internally inconsistent factual claims, conclusory allegations, unwarranted deductions, or mere legal conclusions." *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 300 (Fla. 1st DCA 1999) (citing *Response Oncology, Inc. v. Metrahealth Ins. Co.*, 978 F. Supp. 1052, 1058 (S.D. Fla. 1997)).  In short, conclusory and inconsistent allegations in a pleading are insufficient to state a cause of action, and they are not accepted as true for any purpose.  *Clark v. Boeing Co.*, 395 So. 2d 1226, 1229 (Fla. 3d DCA 1981).

Further, it is well-settled that exhibits attached to a pleading control over conflicting allegations in the complaint. *See, e.g., K.R. Exch. Servs., Inc. v. Fuerst, Humphrey, Ittleman, PL*, 48 So. 3d 889, 894 (Fla. 3d DCA 2010).  When such conflict exists, as here, the conflicting allegations in the complaint are a nullity and the Court disregards the complaint's conflicting characterizations of the exhibits.  *Id.*  Additionally, "[if there] is an inconsistency between the general allegations of material facts in the . . . complaint and the specific facts revealed by the exhibit [attached or referred to in the complaint] . . . they have the effect of neutralizing each allegation as against the other, thus rendering the pleading objectionable." *Harry Pepper & Assocs., Inc. v. Lasseter*, 247 So. 2d 736, 736-37 (Fla. 3d DCA 1971).  In *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490 (Fla. 3d DCA 1994), the court discussed this rule as follows:

> When a party attaches exhibits to the complaint those exhibits become part of the pleading and the court will review those exhibits accordingly. **We are not bound by [the plaintiff's] interpretation of the attached exhibits. The conclusions of the pleader, as to the meaning of the exhibits attached to the complaint, are not binding on the court.** Exhibits attached to the complaint are controlling, where the allegations of the complaint are contradicted by the exhibits, the plain meaning of the exhibits will control.

*Id.* at 494 (citations omitted) (emphasis added).

### *Further Procedural Requirements*

Florida Rule of Civil Procedure 1.110(b) provides that a pleading must include "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fla. R. Civ. P. 1.110(b). "It is a cardinal rule of pleading that a complaint be stated simply, in short and plain language" and a complaint "must set forth factual assertions that can be supported by evidence which gives rise to legal liability." *Barrett v. City of Margate*, 743 So. 2d 1160, 1162–63 (Fla. 4th DCA 1999).

"A mechanical recitation of the elements of the cause of action, and, in particular, only conclusory allegations" is "insufficient to withstand a motion to dismiss." *Turnberry Village North Tower Condo. Ass'n, Inc. v. Turnberry Village South Tower Condo. Ass'n, Inc.*, 224 So. 3d 266, 267 (Fla. 3d DCA 2017). A complaint that simply strings together a series of sentences containing legal conclusions and theories does not establish a claim for relief. "**It is insufficient to plead opinions, theories, legal conclusions or argument.**" *Barrett v. City of Margate*, 743 So. 2d 1160, 1163 (Fla. 4th DCA 1999) (emphasis added); *see also Rios v. McDermott, Will & Emery*, 613 So. 2d 544, 545 (Fla. 3d DCA 1993) (affirming dismissal of a complaint for failure to state a cause of action and opining "[t]he allegation … an **insufficient legal conclusion, and not an ultimate fact.**") (emphasis added); *Brandon v. Pinellas Cnty.*, 141 So. 2d 278 (Fla. 2d

DCA 1962) ("Mere statements of opinions or conclusions unsupported by specific facts will not suffice.").

When no facts are alleged from which the legal conclusions in a complaint can be drawn or, as here, when the facts negate the conclusions, dismissal of the complaint is appropriate. *See Maiden v. Carter*, 234 So. 2d 168, 170 (Fla. 1st DCA 1970) (affirming the dismissal of a complaint which lacked factual support for its alleged legal conclusions and holding "[i]t is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts as distinguished from legal conclusions which, if proved, would establish a cause of action for which relief may be granted.").

Here, the Complaint's conclusory and unsupported allegations are not entitled to any deference on a Motion to Dismiss. Under binding Third District Court of Appeal precedent, a complaint such as the one here that only contains "a mechanical recitation of the elements of the cause of action, and, in particular, only conclusory allegations" should be dismissed. *See Turnberry Village, supra,* 224 So. 3d at 267.

### B.  THE COMPLAINT FAILS TO STATE ANY CAUSE OF ACTION

Even if there were any well-pleaded facts to support any suggestion of misconduct (there are not), the purported causes of action would still fail because there is no basis for injunction, declaratory relief, or a true bill of discovery.

### i.  The Complaint Fails To Establish Any Basis For Injunction.

Plaintiff's injunctive relief claim seeking to enjoin Shutts from "deleting or editing any ESI or phone records or messages of any kind" is fatally deficient because injunctive relief is a remedy, not a cognizable claim, and none of the alleged facts come close to meeting the elements for entry of an injunction. HLG's naked conclusions do not suffice. The elements require HLG

to demonstrate (a) the likelihood of irreparable harm, (b) the unavailability of an adequate remedy at law, (c) the substantial likelihood of success on the merits (an impossibility where no cause of action has been pled), (d) that the threatened injury to petitioner outweighs any possible harm to the respondent, and (e) that the granting of preliminary injunction will not disserve the public interest. *See Dep't of Bus. Reg., Div. of Alcoholic Beverages & Tobacco v. Provende, Inc.*, 399 So. 2d 1038, 1041 (Fla. 3d DCA 1981). "In testing the complaint to see if it can withstand a motion to dismiss for failure to state a cause of action for injunctive relief, the well-pleaded facts are admitted, but not conclusions of law or the opinions of the pleader. Rather, there must be something more than this in order for a court to intervene by injunction." *First Nat'l Bank v. Ferris*, 156 So. 2d 421, 424 (Fla. 2d DCA 1963) (internal citations omitted).

Conclusory assertions of irreparable injury do not suffice. *Id.* at 423–24; *see also Charlotte Cnty. v. Grant Med. Transp., Inc.*, 68 So. 3d 920, 922 (Fla. 2d DCA 2011). A speculative contingent injury that might occur in the future does not constitute irreparable harm. *Biscayne Park, LLC v. Wal-Mart Stores E., LP*, 34 So. 3d 24, 26 (Fla. 3d DCA 2010).

HLG's Complaint fails to show any basis for any irreparable harm, other than its conjecture and speculation. Moreover, Plaintiff can pursue (and is pursuing) the same discovery in two earlier pending cases, and if Shutts were to destroy or delete documents found to be properly discoverable, legal claims exist, providing an adequate remedy at law.

As stated, Plaintiff cannot show a likelihood of success on the merits because it fails to even plead any underlying cause of action—likely the reason no allegation of success on the merits are even pled. A likelihood of success on the merits cannot be shown if a plaintiff fails to advance a cognizable cause of action as the basis for seeking injunctive relief. *See, e.g., Avisena,*

*Inc. v. Santalo*, 65 So. 3d 14 (Fla. 3d DCA 2011); *Shands at Lake Shore, Inc. v. Ferrero*, 898 So. 2d 1037, 1038 (Fla. 1st DCA 2005).

Also absent from the Complaint are any allegations to establish that an injunction will not disserve the public interest. HLG's claim for injunctive relief should be dismissed with prejudice.

### ii.      The Complaint Fails To Establish Any Basis for Declaratory Relief.

To state a cause of action for declaratory relief, a complaint must allege operative facts establishing that there is (a) a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff; (b) the plaintiff's doubt about the existence or non-existence of his rights or privileges; and (c) that he is entitled to have the doubt removed. *See Bennett v. Mortg. Elec. Registration Sys., Inc.*, 230 So. 3d 100 (Fla. 3d DCA 2017) (internal citation omitted). "The Declaratory Judgment Act does not give courts jurisdiction to entertain declaratory judgment actions where the plaintiff is merely seeking an answer to satisfy his curiosity." *Register v. Pierce*, 530 So. 2d 990, 993 (Fla. 1st DCA 1988).

"[I]t is well settled that, Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the *possibility* of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, [and] rest in the future." *Apthorp v. Detzner*, 162 So. 3d 236, 240 (Fla. 1st DCA 2015) (internal citation omitted) (emphasis in original). Plaintiff's declaratory relief claim is wholly insufficient, and simply seeks an impermissible advisory opinion. *See id.* (holding that Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion).

To be entitled to a declaratory judgment, "the dispute must be justiciable in the sense that it is based upon some definite and concrete assertions of right, the contest thereof involving the legal or equitable relations of the parties having adverse interests with respect to which the declaration is sought." *Colby v. Colby*, 120 So. 2d 797, 799 (Fla. 2d DCA 1960).

Moreover, the underlying contention that a law firm requires a declaratory judgment to inform it of its document preservation obligations is unprecedented and entirely unsupported, providing further evidence that this Complaint was filed simply as an abusive vehicle to harass and slander Plaintiff's opposing counsel in a separate lawsuit. Florida law is clear as to a potential defendant's preservation obligations, and no declaration is needed as to "the commencement time-frame" of when "Defendant's legal obligations commence to take the preservation and anti-spoliation steps... to preserve all ESI, as it relates to transactions with Judge Butchko and her lawyers." Compl. at ¶ 78.

The Complaint fails to allege a justiciable controversy sufficient to maintain an action for declaratory relief and should to dismissal with prejudice.

### iii.    The Complaint Fails to Establish Any Basis for a Pure Bill of Discovery.

Count III of the Complaint purports to assert a claim for a pure bill of discovery, but it is wholly insufficient. A pure bill of discovery is a generally antiquated procedure that is rarely used or appropriate. Indeed, this Complaint checks virtually every box of the reasons stated by courts that have found that a pure bill of discovery will not lie. As the Third DCA reasoned and held in *Kirlin v. Green*, 955 So. 2d 28, 29 (Fla. 3d DCA 2007):

> Although the pure bill of discovery remains part of our legal system, its use and usefulness diminished greatly when Florida relaxed its pleading requirements to authorize liberal discovery. *See Trak Microwave Corp. v. Culley*, 728 So. 2d 1177, 1178 (Fla. 2d DCA 1998). The pure bill remains available to "identify potential defendants and theories of liability," but "may not be used 'as a fishing expedition to see if causes of action exist.'" *Mendez v. Cochran*, 700 So. 2d 46,

47 (Fla. 4th DCA 1997) quoting *Publix Supermarkets, Inc. v. Frazier*, 696 So. 2d 1369, 1371 (Fla. 4th DCA 1997). "Neither is it available simply to obtain a preview of discovery obtainable once suit is filed. Such a use of the bill places an undue burden on the court system." *Mendez*, 700 So. 2d at 47 (citations omitted).

Likewise, Florida courts hold that when causes of action and defendants are already known and identified—exactly what HLG alleges in its Complaint—dismissal is mandated. *See Publix Supermarkets, Inc. v. Frazier*, 696 So. 2d 1369, 1371 (Fla. 4th DCA 1997) (finding "[n]othing in the record demonstrates a justification for [plaintiff's] pure bill of discovery" when plaintiff "already identified causes of action against already identified defendants").[8]  Further, a complaint for a pure bill of discovery is "relatively rare" and is inappropriate when claims are speculative. *Kaplan v. Allen*, 837 So. 2d 1174, 1176 (Fla. 4th DCA 2003).

Additionally, a pure bill of discovery is authorized only "in the absence of an adequate legal remedy." *Debt Settlement Administrators, LLC v. Antigua and Barbuda*, 950 So. 2d 464, 465 (Fla. 3d DCA 2007).  Here, Plaintiff has conceded in its Complaint that HLG has a case pending against USAA and that Herssein has a case pending against Butchko in which the issues raised in the instant Complaint have also been raised. *See* Compl. ¶¶ 7, 35, 41.  Plaintiff is fully able to seek proper and permitted discovery in either of those pending cases. *Cf. Trak Microwave Corp. v. Culley*, 728 So. 2d 1177, 1178 (Fla. 2d DCA 1998) (dismissing a claim for pure bill of discovery because plaintiff had a pending lawsuit in which proper discovery was readily obtainable).  Accordingly, this Complaint presents the exact circumstance where adequate legal remedies and discovery opportunities exist to obtain properly discoverable information and where a pure bill of discovery is precluded.

---

[8] While failing to identify any basis for any claim, HLG has proclaimed in the Complaint that "HLG has multiple causes of action against USAA for violation of the Florida and Federal RICO Acts." Compl. at ¶ 85.

**WHEREFORE**, for the reasons stated, USAA respectfully requests that the Court enter an Order should dismissing Plaintiff's Complaint with prejudice, closing this case, and granting such other relief that the Court deems just and proper.

Respectfully submitted,

/s/ Frank A. Zacherl
Frank A. Zacherl (FBN 868094)
Attorney Email: fzacherl@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: 305.358.6300
Facsimile: 305.381.9982

*Counsel for Defendant*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-Service on this 8th day of April, 2019 to:

Reuven T. Herssein, Esq.
**Herssein Law Group**
1801 North East 123rd Street
Suite 314
North Miami, Florida 33181
Miamiservice@hersseinlaw.com

and

Maury Udell, Esq.
**Beighley, Myrick, Udell & Lynne, P.A.**
150 West Flagler Street, Suite 1800
Miami, FL 33133
mudell@bmulaw.com
*Co-Counsel for Plaintiff*

/s/ Frank A. Zacherl
Of Counsel

15

Filing # 88598691 E-Filed 04/26/2019 01:53:21 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2019-007367 (CA 24)

LAW OFFICES OF HERSSEIN AND
HERSSEIN, P.A. d/b/a HERSSEIN LAW
GROUP,

       Plaintiff,

v.

SHUTTS & BOWEN LLP,

       Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES

PLEASE TAKE NOTICE that Miranda Lundeen Soto, Esq. and Stephen B. Gillman, Esq. hereby enter their appearance in the above-styled action as additional counsel for Defendant, Shutts & Bowen LLP. It is requested that both be served with a copy of all pleadings, motions, orders, and other papers filed in this matter. Pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates: mlundeensoto@shutts.com (primary); sgillman@shutts.com (primary), gdeleon@shutts.com (secondary); and jgonzalez@shutts.com (secondary) for service of court documents.

Respectfully submitted,

/s/ Miranda Lundeen Soto
Miranda Lundeen Soto (FBN 637963)
Attorney Email: mlundeensoto@shutts.com
Stephen B. Gillman (FBN 196734)
Attorney email: sgillman@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: 305.358.6300
Facsimile: 305.381.9982

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-Service on this 26th day of April, 2019 to:

Reuven T. Herssein, Esq.
**Herssein Law Group**
12000 Biscayne Boulevard
Suite 402
North Miami, Florida 33181
Miamieservice@hersseinlaw.com

and

Maury Udell, Esq.
**Beighley, Myrick, Udell & Lynne, P.A.**
150 West Flagler Street, Suite 1800
Miami, FL 33133
mudell@bmulaw.com
*Co-Counsel for Plaintiff*

/s/ Miranda Lundeen Soto
Of Counsel

Filing # 88984580 E-Filed 05/03/2019 04:42:00 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2019-007367 (CA 24)

LAW OFFICES OF HERSSEIN AND HERSSEIN, P.A. d/b/a HERSSEIN LAW GROUP,

      Plaintiff,

v.

SHUTTS & BOWEN LLP,

      Defendant.

_____/

## SHUTTS & BOWEN LLP'S MOTION FOR COURT TO SET HEARING ON MOTION TO DISMISS COMPLAINT

Defendant, Shutts & Bowen, LLP ("**Shutts**"), through its undersigned counsel, hereby requests that this Court set a 30 minute special set hearing on Shutts' Motion to Dismiss the Complaint filed by Plaintiff Law Offices of Herssein and Herssein, P.A., d/b/a Herssein Law Group ("**HLG**"), because HLG has failed to voluntarily cooperate in that setting. In support thereof, Shutts states as follows:

### INTRODUCTION/SUMMARY

1. On March 14, 2019, HLG (a Florida insurance defense firm) filed this lawsuit against the law firm representing one of its former clients in a separate lawsuit now pending in this Court. Specifically, this matter arises out of that separate lawsuit where HLG has sued its former client United Services Automobile Association ("**USAA**") ("**USAA Lawsuit**"). The USAA Lawsuit is currently pending in this Court's Complex Business Litigation Division and Shutts represents USAA in that case.

1

2.   Circuit Judge Beatrice Butchko previously was the presiding judge in the USAA Lawsuit.  On January 7, 2019, after the Third DCA and the Florida Supreme Court rejected HLG (and its principal Reuven Herssein's ("**Herssein**") attempts to disqualify Judge Butchko, Herssein filed a lawsuit against Judge Butchko (also pending in this Circuit before Judge Reemberto Diaz, "**Butchko Lawsuit**").  Judge Butchko is represented in that lawsuit by Chief-Assistant Attorney General Stephanie A. Daniel ("**CAAG Daniel**") of the Florida Attorney General's Office.

3.   Thereafter, on January 17, 2019, Plaintiff and Herssein filed a second motion to disqualify Judge Butchko in the USAA Lawsuit arguing, in part, that Herssein was now a litigation adversary with Judge Butchko based on his filing the Butchko Lawsuit.  Judge Butchko denied that second disqualification motion as legally insufficient, but *sua sponte* recused herself.  Thereafter, following recusal of judges appointed to preside over the USAA Lawsuit, the matter was referred to Chief Judge Bertila Soto who requested the Chief Justice of the Florida Supreme Court to appoint a presiding judge.  The Chief Justice appointed Broward Circuit Judge Carol-Lisa Phillips to preside over the USAA Lawsuit.

4.   The complaint in the instant case follows the making by HLG and Herssein of unfounded accusations of misconduct by Shutts and USAA arising out of four emails between Shutts and CAAG Daniel (or her staff), accusations previously asserted by HLG and Herssein in the Butchko Lawsuit and the USAA Lawsuit.

5.   The Complaint here seeks to assert three purported causes of action (Count I - Injunctive Relief, Count II - Declaratory Action, and Count III - and Pure Bill of Discovery).[1]

---

[1] Herssein has filed an Amended Complaint in the Butchko Lawsuit seeking to assert similar claims and Judge Butchko's Motion to Dismiss is currently set for special set hearing on May 24, 2019 at 8:00 AM.

6. Shutts timely filed its Motion to Dismiss Complaint ("**Motion to Dismiss**") which asserts and demonstrates that under applicable law, even if all well-pleaded facts (not unsupported or contradicted conclusions) are deemed true, none of the purported claims are sufficient to support any claim.

## EFFORTS TO OBTAIN HEARING DATES

7. Since filing its Motion to Dismiss and to comply with this Court's Procedures, Shutts has made numerous attempts to coordinate a date/time with opposing counsel to schedule the special set hearing for May, June or July 2019 based upon the Court's availability (as posted on courtMap).

8. Shutts commenced its attempts to coordinate with Plaintiff times for the special set hearing by sending an email to Plaintiff's counsel on April 12, 2017 asking whether they agreed 30 minutes would be sufficient or if additional time was needed and by providing Plaintiff's counsel the Court's availability during the months of May and June, 2019. When no response was received, a second email was sent on April 16 and when that did not get a response, a third email was sent at the end of the day on April 17. Only then, on April 18, 2019 did Plaintiff's counsel reply stating "[w]e are not available on those dates. Please propose some additional dates."[2] No objection was made to the sufficiency of the 30 minute proposal.

9. Accordingly, that same date (April 18), Shutts checked the Court's posted availability and sent an email providing Plaintiff's counsel with additional dates in July, 2019. When that generated no response, a second email was sent on April 23, and then a third email was sent April 24. Then, on April 24, one of Plaintiff's counsel responded "I am out of the

---

[2] The emails will be provided to the Court if requested or contested.

office until Monday [4/29]. I will advise you then." When no response was received, Shutts sent a final email on April 30, seeking a response no later than close of business on May 1.

10. After hours (at 6:53 PM) on May 1, Plaintiff's counsel sent an email stating "I am waiting to hear back from my client on this. Let me reach out to him again and I will let you know tomorrow." So Shutts waited again, but by close of business May 2, nothing was received. On May 2 (at 7:40 PM), the undersigned counsel made one, final attempt to obtain hearing dates without the need for judicial intervention to no avail.

## NEED FOR COURT ASSISTANCE

11. As of the date of this motion, despite all of Shutts' efforts detailed above, opposing counsel has failed to provide any date for the hearing, making it impossible for Shutts to set the special set hearing on its Motion to Dismiss per the Court's published procedure.

12. Shutts must now turn to the Court and, by this motion, Shutts seeks only the scheduling of the special set hearing for its Motion to Dismiss.

WHEREFORE, Defendant Shutts & Bowen LLP, respectfully requests that this Court schedule a 30 minute special set hearing on Defendant's Motion to Dismiss, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Miranda Lundeen Soto
Miranda Lundeen Soto (FBN 637963)
Attorney Email: mlundeensoto@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone:  305.358.6300
Facsimile:   305.381.9982

*Counsel for Defendant*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-Service on this 3[nd] day of May, 2019 to:

Reuven T. Herssein, Esq.
**Herssein Law Group**
12000 Biscayne Boulevard
Suite 402
North Miami, Florida 33181
Miamieservice@hersseinlaw.com

and

Maury Udell, Esq.
**Beighley, Myrick, Udell & Lynne, P.A.**
150 West Flagler Street, Suite 1800
Miami, FL 33133
mudell@bmulaw.com
*Co-Counsel for Plaintiff*

/s/ Miranda Lundeen Soto
Of Counsel

MIADOCS 18041301 3

5

Filing # 88985951 E-Filed 05/03/2019 04:53:36 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2019-007367 (CA 24)

LAW OFFICES OF HERSSEIN AND
HERSSEIN, P.A. d/b/a HERSSEIN LAW
GROUP,

      Plaintiff,

v.

SHUTTS & BOWEN LLP,

      Defendant.

_____/

## NOTICE OF HEARING
### *(Motion Calendar)*

    YOU ARE HEREBY NOTIFIED that the undersigned will call up for hearing before the

**Honorable Antonio Arzola**, at the Miami-Dade County Courthouse, 73 West Flagler Street,

Room 1017, Miami, FL 33130, on **Thursday, May 16, 2019 at 9:00 a.m.**, the following motion:

**SHUTTS & BOWEN LLP'S MOTION FOR COURT
TO SET HEARING ON MOTION TO DISMISS COMPLAINT**

*PLEASE BE GOVERNED ACCORDINGLY.*

**If you are a person with a disability who needs any accommodation in order
to participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance. Please contact Aliean Simpkins, the Eleventh
Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse
Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-
7175; TDD (305) 349-7174, Fax (305) 349-7355, Email:
ADA@jud11.flcourts.org at least seven (7) days before your scheduled court
appearance, or immediately upon receiving this notification if the time before
the scheduled appearance is less than seven (7) days; if you are hearing or
voice impaired, call 711.**

1

Respectfully submitted,

/s/ Miranda Lundeen Soto
Miranda Lundeen Soto (FBN 637963)
Attorney Email: mlundeensoto@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone:  305.358.6300
Facsimile:   305.381.9982

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-Service on this 3rd day of May, 2019 to:

Reuven T. Herssein, Esq.
**Herssein Law Group**
12000 Biscayne Boulevard
Suite 402
North Miami, Florida  33181
Miamiservice@hersseinlaw.com

and

Maury Udell, Esq.
**Beighley, Myrick, Udell & Lynne, P.A.**
150 West Flagler Street, Suite 1800
Miami, FL 33133
mudell@bmulaw.com
*Co-Counsel for Plaintiff*

/s/ Miranda Lundeen Soto
Of Counsel

MIADOCS 18072636 1

2

Filing # 89138329 E-Filed 05/07/2019 05:11:00 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2019-007367 (CA 24)

LAW OFFICES OF HERSSEIN AND
HERSSEIN, P.A. d/b/a HERSSEIN LAW
GROUP,

      Plaintiff,

v.

SHUTTS & BOWEN LLP,

      Defendant.
_____/

## RE-NOTICE OF HEARING
### *(Motion Calendar)*
### *(Rescheduled Pursuant to Plaintiff's Counsel's Request)*

YOU ARE HEREBY NOTIFIED that the undersigned will call up for hearing before the

**Honorable Antonio Arzola**, at the Miami-Dade County Courthouse, 73 West Flagler Street,

Room 1017, Miami, FL 33130, on **Thursday, June 27, 2019 at 9:00 a.m.**, the following motion:

**SHUTTS & BOWEN LLP'S MOTION FOR COURT
TO SET HEARING ON MOTION TO DISMISS COMPLAINT**

*PLEASE BE GOVERNED ACCORDINGLY.*

**If you are a person with a disability who needs any accommodation in order
to participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance. Please contact Alican Simpkins, the Eleventh
Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse
Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-
7175; TDD (305) 349-7174, Fax (305) 349-7355, Email:
ADA@jud11.flcourts.org at least seven (7) days before your scheduled court
appearance, or immediately upon receiving this notification if the time before
the scheduled appearance is less than seven (7) days; if you are hearing or
voice impaired, call 711.**

1

Respectfully submitted,

/s/ Miranda Lundeen Soto
Miranda Lundeen Soto (FBN 637963)
Attorney Email: mlundeensoto@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: 305.358.6300
Facsimile:  305.381.9982

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-Service on this 7th day of May, 2019 to

Reuven T. Herssein, Esq.
**Herssein Law Group**
12000 Biscayne Boulevard
Suite 402
North Miami, Florida 33181
Miamiservice@hersseinlaw.com

and

Maury Udell, Esq.
**Beighley, Myrick, Udell & Lynne, P.A.**
150 West Flagler Street, Suite 1800
Miami, FL 33133
mudell@bmulaw.com
*Co-Counsel for Plaintiff*

/s/ Miranda Lundeen Soto
Of Counsel

MIADOCS 18104236 1

2

Filing # 91715212 E-Filed 06/26/2019 01:55:38 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2019-007367-CA-01
SECTION:           CA24

**Law offices of Herssein & Herssein, P.A.**
Plantiff(s),

vs.

**Shutts & Bowen, LLP**
Defendant(s)

_____/

<u>NOTICE OF SPECIAL SET HEARING</u>
Shutts & Bowen LLP's Motion to Dismiss Complaint

      **YOU ARE HEREBY NOTIFIED** that, a Special Set hearing on the above cause is scheduled for _____30 min_____ on _____08-23-2019 at 11:30 AM_____ in Room ___1017___ at the Miami-Dade County Courthouse, 73 West Flagler Street, Miami Florida 33130.

CERTIFICATE OF SERVICE

A true and correct copy of the above notice was delivered to the parties below on
_____06-26-2019_____.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

Copies Furnished to:
miamieservice@hersseinlaw.com
gservice@shutts.com
mlundeensoto@shutts.com
gdeleon@shutts.com
notice66@bmulaw.com
mudell@bmulaw.com

Filing # 91735623 E-Filed 06/26/2019 04:13:44 PM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2019-007367 (CA 24)

LAW OFFICES OF HERSSEIN AND
HERSSEIN, P.A., d/b/a HERSSEIN
LAW GROUP,

      Plaintiff,

v.

SHUTTS & BOWEN LLP,

      Defendant.

_____/

## NOTICE OF CANCELLATION OF HEARING

Defendant, **SHUTTS & BOWEN LLP,** hereby gives notice of the cancellation of the

hearing on **Defendant Shutts & Bowen LLP's Motion for Court to Set Hearing on Motion to**

**Dismiss Complaint** before the Honorable Antonio Arzola, at the Miami Dade County

Courthouse, 73 W. Flagler Street, Miami, FL 33130, Courtroom 1017 on Thursday, June 27,

2019 at 9:00 a.m.

Respectfully submitted,

/s/ Miranda Lundeen Soto
Frank A. Zacherl (FBN 868094)
Attorney Email: fzacherl@shutts.com
Miranda Lundeen Soto (FBN 637963)
Attorney Email: mlundeensoto@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: 305.358.6300
Facsimile: 305.381.9982

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-Service on this 26th day of June, 2019 to:

Reuven T. Herssein, Esq.
**Herssein Law Group**
1801 North East 123rd Street
Suite 314
North Miami, Florida 33181
Miamieservice@hersseinlaw.com

and

Maury Udell, Esq.
**Beighley, Myrick, Udell & Lynne, P.A.**
150 West Flagler Street, Suite 1800
Miami, FL 33133
mudell@bmulaw.com
*Co-Counsel for Plaintiff*

/s/ Miranda Lundeen Soto
Of Counsel

MIADOCS 18366684

2

MIADOCS 17943952 5

Filing # 94487469 E-Filed 08/20/2019 08:56:17 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LAW OFFICES OF HERSSEIN
& HERSSEIN, P.A., a Florida
Corporation, d/b/a
HERSSEIN LAW GROUP                                    CASE NO. 2019-007367-CA-01

              Plaintiff,

vs.

SHUTTS & BOWEN, LLP,
A Florida Limited Liability Partnership

              Defendant.
_____/

## PLAINTIFF'S EMERGENCY MOTION TO CANCEL HEARING ON DEFENDANT'S MOTION TO DISMISS COMPLAINT SET FOR AUGUST 23, 2019 AND MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

Plaintiff, Law Offices of Herssein and Herssein, P.A. d/b/a Herssein Law Group, ("Plaintiff") by and through the undersigned counsel, hereby files this Emergency Motion to Cancel Hearing on Defendant's Motion to Dismiss Complaint currently set for August 23, 2019 and Motion for Extension of Time to File Amended Complaint, and states as follows:

1.  The parties originally agreed to set for hearing Shutts & Bowen, LLP ("Defendant")'s Motion to Dismiss Complaint for a thirty (30) minute special set hearing on August 23, 2019 at 11:30 AM.

2.  As a matter of professional courtesy, Plaintiff has notified Defendant that it intends to file an Amended Complaint, and requested that Defendant cancel the August 23, 2019 and consent to a 30-day extension of time to September 23, 2019, for Plaintiff to file its Amended Complaint.

3. This is a perfectly reasonable request, since Plaintiff may amend its initial Complaint at any time, as a matter of right, given that Defendant has yet to file an Answer or other responsive pleading in this case.

4. As the Court is aware, pursuant to Pursuant to Rule 1.190(a), Florida Rules of Civil Procedure, "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served . . . ." *See Carter v. Mark I. Grumet Revocable Trust Dated May 9, 2007*, 252 So. 3d 276 (Fla. 4th DCA 2018) (holding that a party is entitled to amend a pleading once as a matter of course at any time before a responsive pleading is served).

5. Upon the filing of Plaintiff's Amended Complaint, Defendant's Motion to Dismiss Complaint will be rendered moot.

6. Plaintiff could properly file its Amended Complaint the evening prior to the hearing or even the morning of the hearing, but Plaintiff has no desire to engage in gamesmanship that does nothing but waste the time of the parties and this Court.

7. Curiously, however, Defendant did not agree to Plaintiff's reasonable request, but rather proposed stipulations that are wholly unwarranted under the circumstances—namely, Defendant conditioned its "agreement" on Plaintiff's dismissal of the initial Complaint without prejudice, with leave to amend by September 23, 2019. *See* Exhibit "A".

8. Of course, Plaintiff should not be required to "agree" to a voluntary dismissal without prejudice, where Defendant has not even filed an Answer or other responsive pleading, since doing so could adversely impact Plaintiff's ability to amend its complaint again at a later date, should such an amendment be warranted.

9. The undersigned is not asking for too much—simply a professional courtesy to cancel the hearing that is going to be moot anyway once the Amended Complaint is filed, so as to not waste the time of the parties and this Court.

10. Due to the undersigned's busy schedule, which includes a labor-intensive complex business litigation matter, Plaintiff respectfully requests that the August 23, 2019 hearing be canceled, and that the time to file Plaintiff's Amended Complaint be extended thirty (30) days from the date of the August 23, 2019 hearing, to September 23, 2019

11. Defendant will not be prejudiced by the granting of Plaintiff's Motion.

12. This request is being made in good faith and without any intention to delay the proceedings.

**WHEREFORE**, on the basis of the above and foregoing grounds, Plaintiff, Law Offices of Herssein and Herssein, P.A. d/b/a Herssein Law Group, respectfully requests this Honorable Court to enter an order granting Plaintiff's Emergency Motion to Cancel the Hearing currently set for August 23, 2019, and granting Plaintiff's Motion for Extension of Time to File Amended Complaint, providing Plaintiff until September 23, 2019 to file its Amended Complaint, and any other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a copy of the foregoing has been delivered via email at mlundeensoto@shutts.com, sgillman@shutts.com, gdeleon@shutts.com, and jgonzalez@shutts.com this August 20, 2019, to: Miranda Lundeen Soto, Esquire, and Stephen B. Gillman, Esquire, Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 410, Miami, Florida 33131.

*Attorneys for Plaintiff*

- 3 -

**HERSSEIN LAW GROUP**
1801 NE 123rd Street, Suite 314
North Miami, Florida 33181
Telephone No: (305) 531-1431

Miamieservice@hersseinlaw.com

By:   /s/ Reuven Herssein
REUVEN T. HERSSEIN, ESQ.
FBN 0461504

**BEIGHLEY, MYRICK, UDELL &
LYNNE, P.A.**
150 West Flagler Street, Suite 1800
Miami Florida 33130
Telephone No: (305) 349-3930
mudell@bmulaw.com

By:   /s/ Maury L. Udell
MAURY L. UDELL, ESQ.
FBN 121673

Filing # 94487989 E-Filed 08/20/2019 09:12:34 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LAW OFFICES OF HERSSEIN
& HERSSEIN, P.A., a Florida
Corporation, d/b/a
HERSSEIN LAW GROUP                          CASE NO. 2019-007367-CA-01

                    Plaintiff,

vs.

SHUTTS & BOWEN, LLP,
A Florida Limited Liability Partnership

                    Defendant.
_____/

### PLAINTIFF'S AMENDED[1] EMERGENCY MOTION TO CANCEL HEARING ON DEFENDANT'S MOTION TO DISMISS COMPLAINT SET FOR AUGUST 23, 2019 AND MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

Plaintiff, Law Offices of Herssein and Herssein, P.A. d/b/a Herssein Law Group, ("Plaintiff") by and through the undersigned counsel, hereby files this Emergency Motion to Cancel Hearing on Defendant's Motion to Dismiss Complaint currently set for August 23, 2019 and Motion for Extension of Time to File Amended Complaint, and states as follows:

1. The parties originally agreed to set for hearing Shutts & Bowen, LLP ("Defendant")'s Motion to Dismiss Complaint for a thirty (30) minute special set hearing on August 23, 2019 at 11:30 AM.

2. As a matter of professional courtesy, Plaintiff has notified Defendant that it intends to file an Amended Complaint, and requested that Defendant cancel the August 23, 2019 and consent to a 30-day extension of time to September 23, 2019, for Plaintiff to file its Amended Complaint.

---

[1] Amended to include Exhibit "A"

- 1 -

3. This is a perfectly reasonable request, since Plaintiff may amend its initial Complaint at any time, as a matter of right, given that Defendant has yet to file an Answer or other responsive pleading in this case.

4. As the Court is aware, pursuant to Pursuant to Rule 1.190(a), Florida Rules of Civil Procedure, "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served . . . ." *See Carter v. Mark I. Grumet Revocable Trust Dated May 9, 2007*, 252 So. 3d 276 (Fla. 4th DCA 2018) (holding that a party is entitled to amend a pleading once as a matter of course at any time before a responsive pleading is served).

5. Upon the filing of Plaintiff's Amended Complaint, Defendant's Motion to Dismiss Complaint will be rendered moot.

6. Plaintiff could properly file its Amended Complaint the evening prior to the hearing or even the morning of the hearing, but Plaintiff has no desire to engage in gamesmanship that does nothing but waste the time of the parties and this Court.

7. Curiously, however, Defendant did not agree to Plaintiff's reasonable request, but rather proposed stipulations that are wholly unwarranted under the circumstances—namely, Defendant conditioned its "agreement" on Plaintiff's dismissal of the initial Complaint without prejudice, with leave to amend by September 23, 2019. *See* Exhibit "A".

8. Of course, Plaintiff should not be required to "agree" to a voluntary dismissal without prejudice, where Defendant has not even filed an Answer or other responsive pleading, since doing so could adversely impact Plaintiff's ability to amend its complaint again at a later date, should such an amendment be warranted.

9. The undersigned is not asking for too much—simply a professional courtesy to cancel the hearing that is going to be moot anyway once the Amended Complaint is filed, so as to not waste the time of the parties and this Court.

10. Due to the undersigned's busy schedule, which includes a labor-intensive complex business litigation matter, Plaintiff respectfully requests that the August 23, 2019 hearing be canceled, and that the time to file Plaintiff's Amended Complaint be extended thirty (30) days from the date of the August 23, 2019 hearing, to September 23, 2019

11. Defendant will not be prejudiced by the granting of Plaintiff's Motion.

12. This request is being made in good faith and without any intention to delay the proceedings.

**WHEREFORE**, on the basis of the above and foregoing grounds, Plaintiff, Law Offices of Herssein and Herssein, P.A. d/b/a Herssein Law Group, respectfully requests this Honorable Court to enter an order granting Plaintiff's Emergency Motion to Cancel the Hearing currently set for August 23, 2019, and granting Plaintiff's Motion for Extension of Time to File Amended Complaint, providing Plaintiff until September 23, 2019 to file its Amended Complaint, and any other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a copy of the foregoing has been delivered via email at mlundeensoto@shutts.com,   sgillman@shutts.com,   gdeleon@shutts.com,   and jgonzalez@shutts.com this 20th day of August 2019 to: Miranda Lundeen Soto, Esquire, and Stephen B. Gillman, Esquire, Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 410, Miami, Florida 33131.

- 3 -

*Attorneys for Plaintiff*

**HERSSEIN LAW GROUP**
1801 NE 123rd Street, Suite 314
North Miami, Florida 33181
Telephone No: (305) 531-1431

Miamiservice@hersseinlaw.com

By:    /s/ Reuven Herssein
REUVEN T. HERSSEIN, ESQ.
FBN 0461504

**BEIGHLEY, MYRICK, UDELL &
LYNNE, P.A.**
150 West Flagler Street, Suite 1800
Miami Florida 33130
Telephone No: (305) 349-3930
mudell@bmulaw.com

By:    /s/ Maury L. Udell
MAURY L. UDELL, ESQ.
FBN 121673

# *EXHIBIT*

# *"A"*

| | |
|---|---|
| **From:** | Miranda Lundeen Soto |
| **To:** | Reuven Herssein |
| **Cc:** | Margaret Bradley-Davis; Miamieservice; Frank A. Zacherl; Stephen B. Gillman; Maury L. Udell (MUDELL@BMULAW.COM) |
| **Subject:** | RE: 2019CA007367000001 Law offices of Herssein & Herssein, P.A. vs Shutts & Bowen, LLP |
| **Date:** | Tuesday, August 20, 2019 6:19:28 PM |
| **Attachments:** | 18668898_1 (MIADOCS)_Proposed Agreed Order on Shutts_Mtn. to Dismiss.DOCX |
| **Importance:** | High |

Dear Mr. Herssein,

Thank you for your email in reference to our special set hearing scheduled for August 23, 2019 at 11:30 am on Defendant, Shutts & Bowen's Motion to Dismiss Plaintiff's Complaint. My client will agree to your request to cancel the hearing and provide the Plaintiff a 30 day extension as of August 23, 2019 to file an Amended Complaint provided that the parties can agree to submit the attached Agreed Order Granting Defendant's Motion to Dismiss which dismisses the Complaint without Prejudice with Leave to Amend for Plaintiff to File an Amended Complaint by close of business on September 23, 2019. Please let me know if you are agreeable to this compromise.

All my best,

Miranda



**Miranda Lundeen Soto**
*Partner, Board Certified in Civil Trial*

**Shutts & Bowen LLP**
200 South Biscayne Boulevard, Suite 4100 | Miami, FL 33131
Direct: (305) 347-7326 | Fax: (305) 347-7985
E-Mail | Biography | V-Card | Website

**Please consider the environment before printing this email**

**From:** Reuven Herssein [mailto:reuven@hersseinlaw.com]
**Sent:** Tuesday, August 20, 2019 2:29 PM
**To:** Miranda Lundeen Soto
**Cc:** Margaret Bradley-Davis; Miamieservice; Reuven Herssein; Frank A. Zacherl; Stephen B. Gillman; Maury L. Udell (MUDELL@BMULAW.COM)
**Subject:** 2019CA007367000001 Law offices of Herssein & Herssein, P.A. vs Shutts & Bowen, LLP
**Importance:** High

EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click any links or open any attachments unless you trust the sender and know the content is safe.

Counsel:

HLG intends on filing an amended Complaint in this case, which would obviously render Shutts' Motion to Dismiss moot.

We are requesting an extension of time to do so, however, of 30 days from August 23, 2019 to do so.

Please let us know if you will agree to cancel the current hearing set for August 23, 2019 and allow us a 30 day extension of time to file our Amended Complaint in this matter.

Thank you.

Reuven T. Herssein, Esquire
HERSSEIN LAW GROUP
Phone: 305.531.1431
e-mail: reuven@hersseinlaw.com


DO NOT SEND NOTICES, MOTIONS, PLEADINGS, PROPOSALS FOR SETTLEMENT OR 57.105 LETTERS/MOTIONS OR ANY DOCUMENT TO THE SENDER'S EMAIL ADDRESS.  DOING SO DOES NOT CONSTITUTE LEGAL NOTICE AS REQUIRED BY THE RULES OF COURT.  ALL SUCH NOTICES, PLEADINGS OR MOTIONS MUST BE SENT TO:   miamieservice@hersseinlaw.com

Filing # 94503132 E-Filed 08/21/2019 08:44:25 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.: 2019-007367-CA-01
SECTION: CA24
JUDGE: Antonio Arzola

**Law offices of Herssein & Herssein, P.A.**

Plaintiff(s) / Petitioner(s)

vs.

**Shutts & Bowen, LLP**

Defendant(s) / Respondent(s)

_____/

## ORDER GRANTING PLAINTIFF'S AMENDED EMERGENCY MOTION TO CANCEL HEARING ON DEFENDANT'S MOTION TO DISMISS COMPLAINT SET FOR AUGUST 23, 2019 AND MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

**THIS CAUSE,** having come before this Court upon Plaintiff's Amended Emergency Motion to Cancel Hearing on Defendant's Motion to Dismiss Complaint Set for August 23, 2019 and Motion for Extension of Time to File Amended Complaint, and the Court being otherwise advised in the premises, it is hereby:

**ORDERED and ADJUDGED** as follows:

1. Plaintiff's Amended Emergency Motion to Cancel Hearing on Defendant's Motion to Dismiss Complaint Set for August 23, 2019 and Motion for Extension of Time to File Amended Complaint is **GRANTED.**
2. The August 23, 2019 special set hearing on Defendant's Motion to Dismiss Complaint is **CANCELLED.**
3. Plaintiff has until September 23, 2019 to file its Amended Complaint.

CaseNo: 2019-007367-CA-01
Page 2 of 2

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>21st day of August,</u>
<u>2019</u>.

<u>2019-007367-CA-01 08-21-2019 8:38 AM</u>
Hon. Antonio Arzola

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Copies Furnished To:**
Francis A Zacherl , Email : gservice@shutts.com
Maury L Udell , Email : notice66@bmulaw.com
Maury L Udell , Email : mudell@bmulaw.com
Miranda Lundeen Soto , Email : gdeleon@shutts.com
Miranda Lundeen Soto , Email : mlundeensoto@shutts.com
Reuven T. Herssein , Email : miamieservice@hersseinlaw.com
Stephen B. Gillman , Email : jgonzalez@shutts.com
Stephen B. Gillman , Email : sgillman@shutts.com

Filing # 96103579 E-Filed 09/23/2019 10:23:13 AM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**LAW OFFICES OF HERSSEIN
& HERSSEIN, P.A., d/b/a
HERSSEIN LAW GROUP**　　　　　　　　**CASE NO. 2019-007367-CA-01**

　　　　　　　**Plaintiff,**

**vs.**

**SHUTTS & BOWEN, LLP,**

　　　　　　　**Defendant.**

_____/

### HERSSEIN LAW GROUP'S MOTION FOR EXTENSION OF TIME TO COMPLY WITH THE AUGUST 21, 2019 COURT ORDER

**COMES NOW**, the Plaintiff **LAW OFFICES OF HERSSEIN AND HERSSEIN, P.A., d/b/a HERSSEIN LAW GROUP,** ("**HLG**") by and through the undersigned counsel, and pursuant to Fla. R. Civ. Pro. 1.090(b), hereby moves for a ten-day extension to comply with the August 21, 2019 Court Order to file its Amended Complaint in this case, and in support would state as follows:

1. On August 21, 2019 this Court granted HLG's Amended Emergency Motion to Cancel Hearing on Defendant's Motion to Dismiss Complaint Set for August 23, 2019, and Motion for Extension of Time to File Amended Complaint, until September 23, 2019.

2. Due to undersigned counsel's various other professional commitments, such as HLG's recent heavy workload, counsel for HLG requires an additional ten days time to file its amended Complaint in this case.

3. HLG respectfully requests a ten-day extension of time to comply with the August 21, 2019 order to file its Amended Complaint in this case.

- 1 -

4. Rule 1.090(b) provides that "when an act is required or allowed to be done at or within a specified time by order or court, . . . for cause shown the court at any time in its discretion ... with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ." Fla. R. Civ. P. 1.090(b).

5. This request is made in good faith, not for the purposes of delay, and no party will be prejudiced by the granting of the requested relief. On the other hand, HLG will be prejudiced if it is not afforded the enlargement requested.

6. Counsel for HLG respectfully submits that good cause has been shown and that this request is made in good faith, not for the purposes of delay.

7. Prior to the filing of the instant motion, undersigned counsel attempted to agree on this matter with counsel for Defendant, however, at the time of the filing of this motion, there has been no response from Defendants' counsel as to whether they object to the motion or whether the motion is unopposed.

**WHEREFORE**, HLG requests that this Court GRANT HLG's Motion for a ten-day Extension of Time to file its Amended Complaint in this case, and for any additional relief deemed necessary and appropriate under the circumstances.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a copy of the foregoing has been delivered via email at mlundeensoto@shutts.com, sgillman@shutts.com, gdeleon@shutts.com, and jgonzalez@shutts.com this 23rd day of September 2019 to: Miranda Lundeen Soto, Esquire, and Stephen B. Gillman, Esquire, Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 410, Miami, Florida 33131.

- 2 -

*Attorneys for Plaintiff*

**HERSSEIN LAW GROUP**
1801 NE 123rd Street, Suite 314
North Miami, Florida 33181
Telephone No: (305) 531-1431

Miamieservice@hersseinlaw.com

By:     /s/ Reuven Herssein
REUVEN T. HERSSEIN, ESQ.
FBN 0461504

**BEIGHLEY, MYRICK, UDELL &
LYNNE, P.A.**
150 West Flagler Street, Suite 1800
Miami Florida 33130
Telephone No: (305) 349-3930
mudell@bmulaw.com

By:     /s/ Maury L. Udell
MAURY L. UDELL, ESQ.
FBN 121673

Filing # 96687801 E-Filed 10/03/2019 12:11:11 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.: 2019-007367-CA-01
SECTION: CA24
JUDGE: Antonio Arzola

**Law offices of Herssein & Herssein, P.A.**

Plaintiff(s) / Petitioner(s)

vs.

**Shutts & Bowen, LLP**

Defendant(s) / Respondent(s)

_____/

## <u>AGREED ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO</u>
## <u>FILE AMENDED COMPLAINT</u>

THIS CAUSE having been agreed to by the parties on Plaintiff Motion for Extension of Time to File Amended Complaint, and the Court being otherwise fully advised in the premises, noting agreement of counsel, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion is **GRANTED.**

2. Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint.

CaseNo: 2019-007367-CA-01
Page 2 of 2

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>3rd day of October,</u> <u>2019</u>.

<u>2019-007367-CA-01 10-03-2019 12:01 PM</u>
Hon. Antonio Arzola

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Copies Furnished To:**
Francis A Zacherl , Email : gservice@shutts.com
Maury L Udell , Email : notice66@bmulaw.com
Maury L Udell , Email : mudell@bmulaw.com
Miranda Lundeen Soto , Email : gdeleon@shutts.com
Miranda Lundeen Soto , Email : mlundeensoto@shutts.com
Reuven T. Herssein , Email : miamiservice@hersseinlaw.com
Stephen B. Gillman , Email : jgonzalez@shutts.com
Stephen B. Gillman , Email : sgillman@shutts.com

Filing # 97957878 E-Filed 10/28/2019 12:51:54 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**LAW OFFICES OF HERSSEIN**
**& HERSSEIN, P.A., d/b/a**
**HERSSEIN LAW GROUP**

        Plaintiff,                               **CASE NO. 2019-007367-CA-01**

vs.

**SHUTTS & BOWEN, LLP, and**
**UNITED SERVICES AUTOMOBILE**
**ASSOCIATION, an Reciprocal Insurance**
**Exchange**

        Defendants,

_____/

## VERIFIED AMENDED COMPLAINT

COMES NOW, the Plaintiff LAW OFFICES OF HERSSEIN AND HERSSEIN, P.A., d/b/a HERSSEIN LAW GROUP, by and through its undersigned counsel, and sues Defendant SHUTTS & BOWEN, LLP, and UNITED SERVICES AUTOMOBILE ASSOCIATION, ("**USAA**") for Injunctive Relief pursuant to Florida Rules of Civil Procedure 1.610, pursuant to Florida Statute §86 for Declaratory Relief, and for damages and for injunctive relief brought against Defendant USAA pursuant to 18 U.S.C. §1964, the Racketeer Influenced and Corrupt Organizations Act, ("**RICO**"), for engaging in racketeering activity, 18 U.S.C. §1341(mail fraud), 18 U.S.C. §1343 (wire fraud), 18 U.S.C. § 1961 (1)(A) (bribery).

## GENERAL ALLEGATIONS

1.    This is an action for Injunctive Relief and Declaratory Relief, Pursuant to Florida Statute §86.011, and damages in excess of $15,000 and for damages and for injunctive relief

brought pursuant to 18 U.S.C. §1964, the Racketeer Influenced and Corrupt Organizations Act, (**"RICO"**), for engaging in racketeering activity, 18 U.S.C. §1341(mail fraud), 18 U.S.C. §1343 (wire fraud), 18 U.S.C. § 1961 (1)(A), (bribery), which is within the subject matter jurisdiction of this Court.

2.     Plaintiff, LAW OFFICES OF HERSSEIN AND HERSSEIN, P.A. d/b/a HERSSEIN LAW GROUP (**"HLG" or "Plaintiff"**) is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

3.     Defendant, SHUTTS & BOWEN, LLP, (**"Shutts"**), was and is a Florida limited liability partnership doing business in Miami-Dade County, Florida.

4.     Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION (**"USAA"**)[1], is a Reciprocal Interinsurance Exchange, with members in all 50 of the United States, including Florida. USAA conducts business in Florida and represents that it is a citizen of the State of Florida to prevent diversity jurisdiction in federal court, and it is therefore subject to the personal jurisdiction of this Court.

5.     Venue is proper in Miami-Dade County, Florida.

6.     Plaintiff has complied with all statutory conditions precedent to filing this action.

## BACKGROUND

7.     By way of background, On July 13, 2015, HLG filed an action against USAA for fraud perpetrated by USAA's executives in its business dealings and negotiations with HLG. *Law Offices of Herssein & Herssein, P.A. v. United Services Automobile Ass'n,.*, Miami-Dade Circuit Court Case No. 2015-15825-03. (**"HLG v. USAA"**)

---

[1] Defendant USAA and Defendant Shutts are collectively referred to as **"Defendants."**

8.    Stephen Gillman, ("**Gillman**"), Frank Zacherl, ("**Zacherl**") and Amy Wessel, ("**Wessel**") at Shutts, entered their appearance on behalf of USAA, in the HLG v. USAA case and the Shutts lawyers, have represented USAA since July 15, 2015, the day after the HLG v. USAA case was filed.

9.    The operative complaint in the HLG v. USAA case alleges several counts of fraud, negligent misrepresentation, and breach of contract. The causes of action are based upon USAA's refusal to pay HLG's legal bills for earned contingency fees, pursuant to numerous unambiguous written contracts drafted and executed by USAA's executives.

10.    Catina Tomei ("**Tomei**") is one of the USAA executives responsible for negotiating two of the main contracts at issue in the lawsuit and is also one of the USAA executives that committed fraud against HLG. Two of the contracts—the July 2014 contract and the May 7, 2015 contract—are also the subject of the counterclaim filed by USAA against HLG and Reuven Herssein, individually.

11.    During the course of the HLG v. USAA case litigation, HLG discovered, and based on the evidence contended, that Tomei witness tampered with and/or intimidated former employee and non-party witness, Debbie Carlisle[2] by warning and instructing her not to talk to Reuven Herssein, despite the subpoena for deposition she had received. Witness tampering is a crime in Florida, pursuant to and as defined by Florida Statutes §914.22[3].

---

[2] Debbie Carlisle had retired on April 1, 2015 from USAA. She is a former employee and therefore non-party witness to this case. Prior to her retirement, she was one of HLG's liaisons with USAA and worked closely with HLG's principal for seven years. She obviously has vital information that USAA does not want HLG to acquire.

[3] Florida Statutes §914.22, the crime of Witness Tampering and/ or Intimidation is committed when:

    (1)   A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:

    (a)  **Withhold testimony, or withhold a record, document, or other object, from an official investigation or official proceeding;**

    b)   Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability

12. HLG also discovered, and based on the evidence, contended that Shutts' lawyers, Gillman, and Zacherl, were involved in prohibited client solicitation (of Debbie Carlisle).

13. The trial judge at the time, (now retired) Judge Antonio Marin, immediately ordered an evidentiary hearing on the witness tampering allegations as well as the prohibited client solicitation allegations against Zacherl and Gillman, to "not leave any stone unturned" on these issues so that the Court could weigh the evidence, to get to the bottom of the matter, to do justice. USAA's lawyers agreed to schedule the evidentiary hearing that Judge Marin had twice ordered occur, on two (2) separate occasions.

14. USAA then hired and paid former Eleventh Judicial Circuit Court Judge, Israel Reyes ("Reyes"), to represent Tomei for the upcoming evidentiary hearing which was scheduled, as agreed by USAA, to occur on November 3, 2016.

15. After USAA retained Reyes to represent Tomei for the witness tampering evidentiary hearing, Reyes specifically instructed and advised USAA to renew its Motion to transfer the case to the Complex Business Litigation Division (hereinafter "CBL") of the Eleventh Judicial Circuit. USAA previously moved to transfer the case to CBL, which was denied by Judge Bailey. HLG objected to the renewed effort to transfer to CBL.

16. In December 2016, Judge Butchko, acting in her capacity as Assistant Administrative Judge, presided over the Transfer Calendar and addressed USAA's motion to transfer the

---

of the object for use in an official investigation or official proceeding;
    (c)  Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official investigation or an official proceeding;
    (d)  Be absent from an official proceeding to which such person has been summoned by legal process;
    (e)  Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; or
    (f)  Testify untruthfully in an official investigation or an official proceeding, commits the crime of tampering with a witness, victim, or informant.

- 4 -

case to CBL, whereas Judge Bailey normally conducts the transfer hearings, as she previously did in the HLG case.

17. Reyes appeared at the Transfer Calendar, and, despite having no standing to address the propriety of USAA's motion—as he represented a non-party—fully participated in the hearing and argued for USAA, and for Judge Butchko to transfer the case to CBL.   Reyes blatantly stated in open Court during that hearing that it was his idea to have USAA move the case to CBL.

18.  Judge Butchko, relying in part on representations made by Reyes at the hearing, ordered the case be transferred to CBL.

19. Less than a month later, Judge Butchko took over the CBL division and began presiding over the very case she had previously ordered to be transferred away from Judge Marin.

20. Immediately after Judge Butchko was assigned the HLG v. USAA case, USAA sought reconsideration of the predecessor trial judge's order to schedule evidentiary hearings on the witness tampering and prohibited client solicitation allegations, despite USAA having agreed to the date for the evidentiary hearing on the witness tampering and prohibited client solicitation allegations on two previous occasions when Judge Marin was presiding over the case.

21. Judge Butchko, citing USAA's "due process rights," over HLG's objection, vacated the predecessor judge's order and ruled that no evidentiary hearing on witness tampering or prohibited client solicitation would occur.  At the same time, however, Judge Butchko did allow discovery to proceed on the issues relevant to an evidentiary hearing of witness tampering.  Thus, in furtherance of discovery, Plaintiff issued subpoenas for emails and correspondence between USAA's lawyers, Shutts and the witnesses' lawyers—Reyes

being one of them—in an effort to discover any bias or other possible collusion to interfere with the administration of justice on the HLG v. USAA case.

22.     On June 2, 2017, in ruling on USAA's objection to the subpoena on USAA's lawyers, Judge Butchko found that Tomei (Reyes' client) and USAA had a "common legal interest," which then prevented any discovery as to communications between Reyes and USAA's lawyers.  At that hearing of June 2, 2017, when HLG, through counsel, informed Judge Butchko that HLG indented on adding Tomei, personally, as a defendant in the lawsuit given the intentional tort of fraud she had committed against HLG, the Judge threatened HLG and its counsel with the likelihood of awarding 57.105 sanctions, on an unpled unfiled motion.

23.     Obviously, perturbed by the sudden change of course of the case as a result of Reyes' involvement, Plaintiff began investigating the relationship between Reyes and Judge Butchko.

24.     On June 6, 2017, Plaintiff discovered that Defendant was Facebook "friends" with Reyes.

25.     Judge Butchko failed to disclose her Facebook friendship with Reyes to Plaintiff for over six months while he was involved in the case.

26.     At the time, relying on the only appellate decision and applicable judicial ethics opinions, Plaintiff, filed a Verified Motion to Disqualify the Defendant, relying upon *Domville v. State,* 103 So. 3d 184 (Fla. 4th DCA 2013), *reh'g denied,* 125 So. 3d 178 (Fla. 4th DCA 2013), *review denied,* 110 So. 3d 441 (Fla. 2013), and Fla. JEAC Op. 2009–20 (Nov. 17, 2009); and Fla. JEAC Op. 2010-06 (March 26, 2010) regarding the issue of a judge's use of social media with litigants or lawyers who appear before them.

27. Both JEAC opinions advise that it is a violation of the Florida Code of Judicial Conduct Canon 2B for judges to be Facebook "friends" with lawyers or litigants who appear and argue before them. There is no dispute that at the time the Verified Motion to Disqualify was filed, this was the only binding case law on Judge Butchko, regarding the legal sufficiency of the Motion to Disqualify.

28. Plaintiff's' Verified Motion for Disqualification laid out three separate and distinct legally sufficient grounds in support of the defendant's disqualification. As the first ground for disqualification, Plaintiff alleged that Butchko's Facebook "friendship" with Reyes, a lawyer who appeared and argued on this case, mandated Defendant's disqualification, pursuant to *Domville* and the JEAC Opinions on this subject.

29. Further, based on Judge Butchko being Facebook friends with Reyes, Plaintiff believed and understood that Reyes, Tomie's lawyer, had influence on Judge Butchko at the behest of USAA. This was evident given that when HLG had advised her that it intended on adding Tomei as a party, personally, based on the intentional torts of fraud she committed against HLG, Judge Butchko threatened Plaintiff and Plaintiff's counsel with the likelihood of awarding 57.105 sanctions (on an unpled non filed motion) should Plaintiff add Butchko's Facebook friend, Reyes' client, Tomei to the lawsuit.

30. Judge Butchko denied as "legally insufficient" Plaintiff's Motion for Disqualification in less than one hour of receipt and review of the motion.

31. The legal system is based on the principle that an independent, fair and competent judiciary will interpret and apply the laws that govern us. The role of the judiciary is central to American concepts of justice and the rule of law. Judges must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system.

32. The judge is an arbiter of facts and law for the resolution of disputes and a highly visible symbol of government under the rule of law.

33. Plaintiff petitioned the Third District Court of Appeal, on a writ of prohibition to disqualify Judge Butchko, given that the law at the time (June 2017), from the Fourth District Court of Appeal *(Domville)* controlled and mandated Judge Butchko be disqualified from the case.

34. On August 23, 2017, The Third DCA, denied Plaintiff's petition stating, "we hold that the mere fact that a judge is a Facebook "friend" with a lawyer…, without more, does not provide a basis for a well-grounded fear that the judge cannot be impartial or that the judge is under the influence of the Facebook "friend." See *Law Offices of Herssein & Herssein, P.A. v. United Services Automobile Ass'n*, 229 So. 3d 408 (Fla. 3d DCA 2017).

35. By ignoring the JEAC opinions and disagreeing with *Domville*, the Third DCA radically departed from the previous *standard* for moving parties seeking a judge's disqualification, and in practice, directly exposed judges who are Facebook friends with litigants or lawyers to discovery of a judge's Facebook and other social media communications, such as texts, posts, and in-app e-mails, so that an aggrieved party can substantiate the new evidentiary based burden of proof (to determine the degree of friendship) the Third District Court of Appeal's opinion places on a moving party.

36. Plaintiff then petitioned the Florida Supreme Court. *Law Offices of Herssein & Herssein, P.A. v. United Services Automobile Ass'n*, SC17-1848 (Fla. 2018). The majority opinion ruled that Facebook "friendship" "standing alone", does not constitute a legally sufficient basis for disqualification" but approved the holding of *Herssein*. The majority overturned

*Domville* which was the existing law and construed the Code of Judicial Conduct differently from the previously binding precedent—*Domville*—on all litigants and judges.

37.  In fact, for the first time ever in the history of Florida's jurisprudence, the majority opinion disregarded four (4) Florida Judicial Ethics Advisory Committee's opinions[4]—(Op. *at* 19), all advising that the Defendant's Facebook "friendship" with the lawyer that appeared before her was a violation of the Code of Judicial Conduct 2B—in favor of non-Florida judges' opinions.

38.  Because an actual majority of the Florida Supreme Court—four justices—believe that "participation in Facebook by members of the judiciary "is fraught with risk that could undermine the confidence in the judge's ability to be a neutral arbiter." (Concurring Op. *at* 21, quoting Dissenting Op. at 24), such a position conflicts with the duties imposed on all judges and justices who are required to avoid the appearance of impropriety in all of the judge's activities, *See* Canon 2, Code of Judicial Conduct.

39.  Because four justices, three of which—Justices Pariente, Quince and Lewis—"would adopt a strict rule requiring judges to recuse themselves whenever an attorney with whom they are Facebook "friends" appears before them." (Dissent *at* 24) and the fourth—Justice Labarga—directs judges' "...deactivation of those [Facebook] accounts.", specifically writing to "strongly urge judges not to participate in Facebook." at all, (Concurring Op. *at* 21), and to express that, "...judges must avoid situations that could suggest or imply that a ruling is based upon anything else," (Concurring Op. at 20, 21), especially with news headlines that read, "Former Chief Justice Encourages Judges to Get Off Facebook, [5]"

---

[4] Fla. JEAC Op. 2009–20 (Nov. 17, 2009); Fla JEAC Op. 2010-06 (March 26, 2010); Fla JEAC Op. 2012-12 (May 9, 2012); Fla. JEAC Op. 2013-14 (July 30, 2013)
[5]  https://www.law.com/dailybusinessreview/2018/11/16/former-chief-justice-encourages-judges-to-get-off-facebook/  (Daily Business Review, November 16, 2018)

HLG believes that Judge Butchko's social media ESI evidence will be tampered with, leading to the spoliation, and destruction of that social media ESI evidence.

40. Given the grave concern of the former chief justice of the Florida Supreme Court, that specifically urges judges to deactivate and delete their Facebook accounts, HLG believes that evidence in the form of Judge Butchko's *personal* social media electronically stored information ("ESI") would be destroyed, deleted, and not properly preserved.

41. Accordingly, on January 7, 2019, Reuven T. Herssein ("RTH") filed a lawsuit against Judge Butchko in Miami-Dade Circuit Court, case number *Reuven T. Herssein v. Beatrice Avergihno Butchko*, 2019-00276-CA-01, ("RTH v. BB"), for Injunctive Relief pursuant to Florida Rules of Civil Procedure 1.610, pursuant to Florida Statute §86 for Declaratory Relief, and for a Pure Bill of Discovery, to prevent her from deleting her *personal* social media and ESI and to obtain "more" for disqualification of a judge that was Facebook friends with a lawyer or litigant that appeared before them, as this was now the new law that made it necessary to ascertain the "closeness" of the Facebook friendship, given the Florida Supreme Court's ratification of the Third DCA's decision in *Law Offices of Herssein & Herssein, P.A. v. United Services Automobile Ass'n*, 229 So. 3d 408 (Fla. 3d DCA 2017).

42. On January 17, 2019, in the HLG v. USAA case, HLG and RTH filed a motion to disqualify Judge Butchko, based on her adversarial litigation relationship with RTH.

43. On January 24, 2019, in the RTH v. BB case, Judge Butchko's lawyer, Stephanie Daniels ("Daniels") from the Attorney General's office, curiously entered her appearance, even though RTH had filed a lawsuit against Butchko *personally*, and not in her capacity as a public officer.

44. Daniels, on Butchko's behalf, filed *Motion to Dismiss and to Modify Case Title to Accurately Reflect the Identity of Defendant*, (Filing # 83839942 E-Filed 01/24/2019 12:44:44 PM), a *Request for Judicial Notice*, (Filing # 83840235 E-Filed 01/24/2019 12:48:06 PM); and a *Motion for Emergency or Expedited Consideration of Motion to Dismiss and Request for Judicial Notice* (Filing # 83873597 E-Filed 01/24/2019 05:04:30 PM), which made several defamatory statements about RTH and counsel and clearly called into question her ability to be fair to RTH in the pending HLG v. USAA case.

45. Importantly, on the HLG v. USAA case, the second motion to disqualify was still pending before Judge Butchko.

46. Because Judge Butchko chose to retain the Attorney General office despite having been sued personally and not in her capacity as a public officer, RTH was then able to obtain some of Daniels's emails, pursuant to a F.S. 119.07 Public Records Request on the Attorney General's office.

47. The public records request revealed 'smoking gun' evidence that USAA's lawyers' Shutts and Gillman, colluded with, gave legal advice to, exchanged documents with, and discussed the HLG v. USAA case with Judge Butchko, through her lawyer, **at least five days** *prior* **to her February 1, 2019 recusal**, **while she was still the active judge on the HLG v. USAA case.**

48. The **January 28, 2019** e-mails (Exhibit "A") to and from Gillman and Judge Butchko's lawyer speaks for itself:

> From :        Stephen B. Gillman <sgillman@shutts.com>
> To:           Stephanie Daniel stephanie.daniel@myfloridalegal.com
> Cc:           Jackie N. Gonzalez <jgonzalez@shutts.com>, Susan
>               Crosby <susan.crosby@myfloridalegal.com>
> **Date:**         **Mon, 28 Jan 2019 15:49:14 -0500**
> Attachments:  14287030 1 (MIADOCS) 2016-12-06 Order Granting

Motion to Transfer.pdf (1.37 MB); 14223529 1 (MIADOCS) 2016-12-20
Order Transferring Case to Complex Busin....pdf (1.35 MB)

---

Ms. Daniel:
Thank you for forwarding the Motion to Dismiss and Motion for Judicial
Notice– The attached may have been missed. There was a hearing on
December 6, 2016 and Judge Butchko granted the motion to transfer the
matter to the complex Division (see attached). That order transferred the
matter to "Section No. CA 40 CBL" which was the Complex Division but
no judge assignment was made by that order. The Judge assignment was by
Judge Bailey's December 20, 2016 Order (also attached). I am available
should there be any questions.
Shutts
Stephen B. Gillman
*Partner*

*See* Gillman's January 28, 2019 email to Judge Butchko's lawyer Exhibit "A"

49.    The evidence (Exhibit "A") also proves that earlier that day, January 28, 2019, USAA's

lawyer from Shutts, Gillman, had a telephone conference with Judge Butchko's lawyers

wherein, and that the HLG v. USAA case was discussed.

From: Susan Crosby [mailto:Susan.Crosby@myfloridalegal.com]
Sent: **Monday, January 28, 2019 10:34 AM**
To: Stephen B. Gillman
**Cc: Stephanie Daniel**
Subject: Herssein v Butchko, Case No. 19-000276-CA-01

EXTERNAL: This email originated from outside of the SHUTTS email
system. Do not respond, click any links or open any attachments unless you
trust the sender and know the content is safe.

As you requested, please see attached Motion to Dismiss and Request for
Judicial Notice (without attachments) filed in the Herssein v. Butchko, Case
No. 19-000276-CA-01.

If you have any questions, please contact me.

**Susan Crosby**
Susan Crosby, Staff Assistant
Office of the Attorney General
General Civil / State Programs
Phone: (850) 414-3675
Email: Susan.Crosby@myfloridalegal.com

- 12 -

50. This January 28, 2019 email correspondence and exchange, (Exhibit "A") proves that not only did USAA's lawyers render legal advice to Judge Butchko, (through her lawyer), it clearly demonstrates that USAA's lawyers, and Judge Butchko (through her lawyer) were corresponding, via telephone and email, exchanging documents, and discussing the HLG v. USAA case, while Judge Butchko was still the presiding judge on that case.

51. The evidence (Exhibit "A") obtained unquestionably demonstrates, USAA's lawyers discussed the HLG v. USAA case, with Judge Butchko's lawyer, while Judge Butchko was still the active judge on the case, and colluded on the motions Judge Butchko had filed on the RTH v. Butchko case, for one sole purpose: for the past, present, or future performance—to help Judge Butchko stay on the HLG v. USAA case, and not recuse herself.

52. USAA's lawyers' obvious objective was to make sure that the motion to dismiss and other documents (filed on the RTH v. BB case) were persuasive enough so that Judge Butchko could attempt to get the RTH v. BB case dismissed, so she would not have to recuse herself from the HLG v. USAA case.

53. The collusion is more egregious than a simple phone call or emailed legal advice: in response to Gillman's January 28, 2019 email advice to Judge Butchko (through her lawyer) exchanging documents and discussing the HLG v. USAA case, **Judge Butchko, (through her lawyer) admits she accepted USAA's lawyers' legal advice and rectified her "oversight" by actually filing the documents that Gillman had furnished and advised them that they missed—that very day.**

- 13 -

54.     Judge Butchko's lawyer, blatantly admits to accepting this legal advice rendered by
        USAA's lawyers' and concedes to the collusion in her March 4, 2019 papers she filed[6]
        with the court, as follows:

> And, after reviewing Mr. Gillman's email, the undersigned noted that she
> had overlooked the December 6, 2016 Order Granting Motion to Transfer
> in the Request for Judicial Notice filed on January 24, 209 in *Herssein 1.*
> So, on January 28, 2019, the undersigned filed another Request for Judicial
> Notice seeking judicial notice of the December 6, 2016 Order.

*See* Motion to Strike *at 6*

55.     On **January 28, 2019**, at 4:47 p.m., Judge Butchko, filed *another* Request for Judicial
        Notice (Filing # 84017346 E-Filed 01/28/2019 04:47:11 PM), which contained the very
        documents that USAA's lawyer, Gillman, from Shutts, furnished her with.

56.     The evidence (Exhibit "A") proves that USAA's lawyers were colluding and giving Judge
        Butchko (through her lawyer) legal advice, and exchanging documents, which she, in fact,
        admits she immediately followed the same day—January 28, 2019, five days before her
        order of recusal.

57.     The evidence (Exhibit "A") proves that USAA's lawyers discussed this case with Judge
        Butchko's lawyer, while she was an active and sitting judge on the case with no notice to
        Plaintiff HLG on that case.

58.     The evidence (Exhibit "A") proves that USAA's lawyers conduct was designed solely to
        influence Judge Butchko's performance of a public duty, in her official capacity as a public
        servant.

59.     Simply put, USAA, through their lawyers, Gillman and Shutts colluded, improperly
        discussed the HLG v. USAA case, exchanged documents with, and rendered legal advice

---

[6] At 6 of *Judge Butchko's Response and Motion to Strike Plaintiff's March 1, 2019 Notice of Filing*, (Filing
# 85843594 E-Filed 03/04/2019 05:54:38 PM) ("Motion to Strike"), on Case No.: 2019 000276-CA-01.

to, Judge Butchko (through her lawyer) while she was the acting judge on this case—legal advice she admits she received and followed while she was an active sitting judge on the case.

60.     "It is a well-settled principal of law that an attorney acting within the scope of his authority represents his client and his acts of omission as well as commission are to be regarded as the acts of the person he represents, and therefore his neglect is equivalent to the neglect of the client himself." *Griffith v. Investment Co.*, 92Fla. 781, 110 So. 271, 271 (1926).

61.     In Florida the general rule that a client is bound by the acts of his attorney within the scope of the latter's authority. *State ex rel. Gutierrez v. Baker*, 276 So. 2d 470 (Fla. 1973). *Accord Jones v. State*, 484 So. 2d 577 (Fla. 1986). In this instance, Judge Butchko's lawyer's conduct like USAA's lawyers' conduct, is imputed to her, the client.

62.     Clearly USAA was attempting to influence Judge Butchko's decision in her official capacity as a public servant [a circuit court judge] on whether to remain on the HLG v. USAA case, based on Plaintiff's motion to disqualify her filed on January 17, 2019.

63.     Most importantly, neither Judge Butchko or her lawyer, nor USAA's lawyers put Plaintiff on notice of any of this conduct. Instead, as stated above, through a public records request of the Attorney General's office, Plaintiff's counsel obtained the offending evidence. (Exhibit "A")

64.     This January 28, 2019 email correspondence demonstrates that not only did USAA's lawyers render legal advice to Judge Butchko, (through her lawyer), it clearly demonstrates that USAA's lawyers, and Judge Butchko (through her lawyer) were corresponding, exchanging documents, and discussing the HLG v. USAA case, while Judge Butchko was still the presiding judge on the case.

- 15 -

65.   USAA's lawyers' conduct, colluding with Judge Butchko's lawyer, by discussing the HLG

v. USAA case, exchanging documents on the HLG v. USAA case implicates at least two

(2) Florida criminal statutes:  Fla. Stat. §§838.015 and 838.016:

**838.015   Bribery —**

(1)   "Bribery" means to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept for himself or herself or another, any pecuniary or other benefit not authorized by law with an intent or purpose to influence the performance of any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of a public servant, in violation of a public duty, or in performance of a public duty.

(2)   Prosecution under this section shall not require any allegation or proof that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, that the public servant had assumed office, that the matter was properly pending before him or her or might by law properly be brought before him or her, that the public servant possessed jurisdiction over the matter, or that his or her official action was necessary to achieve the person's purpose.

(3)   Any person who commits bribery commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

**838.016   Unlawful compensation or reward for official behavior —**

(1)   It is unlawful for any person to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law, for the past, present, or future performance, nonperformance, or violation of any act or omission which the person believes to have been, or the public servant represents as having been, either within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty. This section does not preclude a public servant from accepting rewards for services performed in apprehending any criminal.

(2)   It is unlawful for any person to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law for the past, present, or future exertion of any influence upon or with any other public servant regarding any act or omission which the person believes to have been, or which is represented to him or her as having been, either within the official discretion of the other public servant, in violation of a public duty, or in performance of a public duty.

(3)   Prosecution under this section shall not require that the exercise of influence or

- 16 -

official discretion, or violation of a public duty or performance of a public duty, for which a pecuniary or other benefit was given, offered, promised, requested, or solicited was accomplished or was within the influence, official discretion, or public duty of the public servant whose action or omission was sought to be rewarded or compensated.

(4)   Whoever violates the provisions of this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

66.   USAA's lawyers, Gillman, January 28, 2019 email (Exhibit "A"), correspondence with Judge Butchko (through her lawyer) is a violation of Fla. Stat. §§838.015(1), and 838.016 (2).   The email is "evidence", that USAA (through their lawyers) did unlawfully, knowingly and intentionally give, offer, or promise to any public servant (Judge Butchko through her lawyer) … any pecuniary or other benefit, (in the form of free legal advice) not authorized by law, for the past, present, or future exertion of any influence upon or with any other public servant [Judge Butchko] regarding any act or omission [recusal and other matters in the HLG v. USAA case] which the person believes to have been, or which is represented to him or her as having been, either within the official discretion of the other public servant, [Judge Butchko] in violation of a public duty, or in performance of a public duty. *Id.,*

67.   As the evidence (Exhibit "A") unquestionably demonstrates, USAA's lawyers discussed the HLG v. USAA case with Judge Butchko's lawyers while she was still the active judge on the case.

68.   USAA's lawyers colluded on the motions Judge Butchko had filed on the RTH v. Butchko case, for one sole purpose: for the past, present, or future performance—to assist Judge Butchko in remaining on the HLG v. USAA case, and not recuse herself.

69. USAA's lawyers' obvious objective was to improperly aid and assist Judge Butchko in prevailing on her motion to dismiss and other documents (filed on the RTH v. BB case) so she would not have to recuse herself from the HLG v. USAA case.

70. It was not until five full business days later, in response to several motions that were filed in the RTH v. BB case, that Judge Butchko issued the February 1, 2019 order of recusal on the HLG v. USAA case.

71. These improper acts on behalf of USAA, through its lawyers and employees, demonstrate a pattern of perverting and obstruction of justice, because as mentioned above, this was not an isolated incident.

72. The undisputable evidence (Exhibit "A") that exists shows that USAA's lawyer, Stephen Gillman, of Shutts, improperly and illegally colluded with Butchko's lawyer, giving her legal advice discussing, and even exchanged documents concerning the HLG case, five (5) days *prior* to the Butchko entering her "sua sponte" recusal order.

73. Based on the foregoing, Plaintiff has multiple causes of action against USAA for violation of the Florida and Federal RICO Acts, and an injunction against Shutts is entirely necessary to preserve any possible evidence to support such a claim.

74. Judicial tampering is not a foreign subject to the insurance industry. In *Hale v. State Farm Mutual Auto Insurance Co. et. al,* Case No. 12-CV-00600 filed in the Southern District of Illinois, State Farm was accused of exerting financial and political influence to assist a judge to being elected to the Illinois Supreme Court while a $1.05 billion-dollar judgment was pending appeal against State Farm. The judge was eventually elected and became the deciding vote reversing the $1.05 billion-dollar judgment against State Farm.

75.     The plaintiffs in the *Hale* case, spurred in part by the United States Supreme Court's case in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) on judicial bias, hired an FBI special agent to investigate State Farm and its affiliates and employees' involvement in the election of the judge.

76.     The investigation uncovered State Farm, through its agents and lawyers, deliberately concealing its involvement in the campaign and filing false court papers regarding those facts. It was alleged that State Farm invested $2 to $4 million in illegally aiding the judge for a possible $1.05 billion return which made that amount sufficiently minimal to make it a worthwhile gamble.  The case proceeded for years and went to trial.  After the jury was picked, State Farm agreed to settle the case for $250 Million dollars, "with no admission of liability."  See https://www.halevstatefarmclassaction.com.

77.     In order to preserve its rights and any evidence, based on the existing evidence (Exhibit "A") and undisputed facts that USAA, Shutts and Stephen Gillman, colluded with, gave legal advice to, exchanged documents with, and discussed the HLG v. USAA case with Judge Butchko, through her lawyer, at least five days *prior* to her February 1, 2019 recusal, while she was still the active judge on the case, Plaintiff has no way of obtaining judicial relief against Defendants to enjoin it from for deleting or otherwise destroying possible evidence of collusion and judicial tampering by USAA through its lawyers.

78.     Plaintiff does not have an adequate remedy at law to prevent Defendants from deleting or destroying evidence of the judicial tampering by USAA through its lawyers.

## Count I - Injunctive Relief

79.     Plaintiff adopts and re-alleges paragraphs 1-78 as fully set forth herein.

- 19 -

80. Plaintiff seeks to enjoin Defendant Shutts and USAA from deleting or editing any ESI or phone records or messages of any kind.

81. Plaintiff has a clear right to the relief requested because Plaintiff cannot obtain the relief requested against Defendant Shutts any other way in order to preserve any evidence necessary to pursue possible claims against Defendant, USAA, or employees or attorneys of USAA.

82. Plaintiff will suffer irreparable harm if an injunction is not entered against Defendant Shutts as Plaintiff is seeking to maintain the integrity of Defendants' ESI evidence from being tampered with, spoiled, or destroyed.

83. Plaintiff will suffer irreparable harm if an order enjoining Defendants to preserve any ESI evidence from being tampered with, spoiled, or destroyed.

84. Plaintiff has no adequate remedy at law.

85. Plaintiff is willing ready and able to post a reasonable bond should the Court so require.

Wherefore, Plaintiff, respectfully requests the Court grant the petition for injunctive relief and order that Defendants must preserve and maintain all its ESI and award costs to Plaintiff pursuant to Florida Statutes §57.041.

## Count II - Declaratory Action pursuant to Florida Statute § 86.011

86. Plaintiff adopts and re-alleges paragraphs 1-78 as fully set forth herein.

87. Plaintiff needs a declaratory judgment from the court on Defendant's obligations and specific preservation and anti-spoliation steps that need to be taken by Defendant to preserve all ESI evidence, as it relates to any ESI used by Defendant.

88. Plaintiff needs a declaratory judgment from the court on the commencement time-frame, (i.e., *when*), Defendants' (USAA and Shutts) legal obligations commence to take the

- 20 -

preservation and anti-spoliation steps that need to be taken by Defendants to preserve all ESI, as it relates to transactions with Judge Butchko and her lawyers.

89. Plaintiff demands, pursuant to Florida Statute §86.011(2), that the court declare Defendants take these preservation and anti-spoliation steps to preserve all ESI used by Defendant, as this information is evidence.

90. Plaintiff is in doubt as to its rights as to how far back in time it can demand the ESI be preserved, and from what point in time it has the right to seek this information.

91. Plaintiff demands, pursuant to Florida Statute §86.011(2), that the court declare Defendants take these preservation and anti-spoliation steps to preserve all ESI used by Defendants, as this information is evidence.

Wherefore, Plaintiff, respectfully requests the Court Declare: (a) Defendants' obligations and specific preservation and anti-spoliation steps that need to be taken by Defendants to preserve all ESI used by Defendants; (b) the commencement time-frame, (i.e., *when*), Defendants obligations commence to take the preservation and anti-spoliation steps that need to be taken by s to preserve all ESI used by Defendants; (c) pursuant to Florida Statute §86.011(2), that the court declare Defendants take these preservation and anti-spoliation steps to preserve all ESI, as it relates to ESI used by Defendants, as this information is evidence and (d) and award costs to Plaintiff pursuant to Florida Statutes §57.041.

## COUNT III – Federal Racketeer Influenced and Corrupt Organization Act Violation

92. Plaintiff adopts and re-alleges paragraphs 1-78 as fully set forth herein.

93. This is an action for damages and for injunctive relief brought against Defendants pursuant to 18 U.S.C. §1964, (the Racketeer Influenced and Corrupt Organizations Act. ("**RICO**")),

for engaging in racketeering activity (18 U.S.C. §1341(mail fraud), 18 U.S.C. §1343 (wire fraud), 18 U.S.C. § 1512(b), and, 18 U.S.C. § 1961 (1)(A)(bribery).

94.  Defendants masterminded, conspired, implemented, and engaged in a fraudulent scheme to defraud HLG out of millions of dollars of previously earned legal fees, with intent to obtain property ("legal services") by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act, to wit: payment of the "contingency fees" in accordance with the contracts between HLG and USAA (hereinafter the "**HLG|USAA contracts**"), upon successful prosecution and/or defense of the underlying lawsuits that USAA had referred to HLG.

95.  Through Defendants exploitation and manipulation of the Florida State Court System, Defendants have conspired and actively engaged in a systematic ongoing course of conduct with intent to defraud HLG through the US mails and wires.

96.  Over the last four and a half years, in its defense to the *HLG v. USAA* lawsuit, through its use and manipulation of the Florida Court System, Defendants has denied the viability and enforceability of the HLG|USAA contracts. Defendants have alleged in its papers and affirmative defenses in *HLG v. USAA* that the contracts are void as against public policy, are unenforceable, and, accordingly, HLG is not entitled to any of the attorney contingency fees USAA owes pursuant to the HLG|USAA contracts.

97.  Simultaneously while maintaining the HLG|USAA contracts unenforceable, Defendants have specifically used the wires and mails in conjunction with the Florida Court System to enforce the very contracts it claims are unenforceable as a matter of law in other courts throughout the state.

98.  Defendants must pay for its racketeering and corrupt practices of exploitation and

manipulation of the Florida State Court System, making a mockery of justice, their conspiracy to actively fraudulently extinguish HLG's valid attorney's fees charging liens throughout the state of Florida, by engaging in a systematic ongoing course of conduct with intent to defraud HLG through the US mails and wires.

**The RICO Enterprise And its Members**

99.   The RICO enterprise is Defendants, along with the members of the enterprise consisting of the following entities and individuals:  **USAA**, Alan Bunge, ("Bunge") Jennifer Tate, ("Tate"), Steve Duke, ("Duke") Gale Young, ("Young") Catina Tomei, ("Tomei"), Jeannie Hopwood, ("Hopwood"),  Bradley Wallen, ("Wallen") and the following **lawyers for USAA**:  Frank Zacherl, (Zacherl) Stephen Gillman, ("Gillman") Amy Wessel, ("Wessel") of Shutts and Bowen, LLP;

100.  In the alternative, the enterprise is Defendants and the association-in-fact of USAA the USAA employees, Bunge, Tate, Duke, Young, Tomei, Wallen, Hopwood, along with USAA's lawyers, Zacherl, Gillman, Wessel.

101.  The enterprises' conspiracy and ongoing scheme to defraud is the use of the mail and wires to pervert the administration of justice.

**Predicate Acts of USAA's Racketeering Activity**

102.  USAA has fraudulently used the wires and the mail, in violation of 18 U.S.C. §1343, (wire fraud), and 18 U.S.C. §1341, (mail fraud), in a scheme to defraud HLG out of its attorney's fees owed pursuant to the HLG|USAA contracts and otherwise pervert the administration of justice.

103.  Using the Florida state court system, Defendants have engaged in a systematic, ongoing course of conduct with intent to defraud HLG through the mails and wires by virtue of their

misuse and manipulation of the Florida Court System.

104. Defendants USAA retained various (outside counsel) insurance defense law firms in Florida to handle the defense of its Personal Injury Protection ("PIP") lawsuits.

105. Prior to retention of any outside law firm for its PIP defense work, USAA requires the law firms agree to a written contract, which, in relevant part, contains a contingency provision that significantly increases the standard hourly rate paid to the defense firm, *"as an added incentive to judiciously pursue the defense of the case."*

106. From July 2008 up until June 30, 2015, HLG was one such law firm handling USAA's PIP work in Florida.

107. Defendants actively participated in an enterprise through two or more incidents of racketeering conduct, including, but not limited to wire fraud, mail fraud and bribery in violation of 18 U.S.C. § 1961 (1)(A)

**Witness Tampering Pursuant to Florida Statutes §914.22**

108. During the course of the HLG v. USAA case litigation, HLG discovered, and based on the evidence contended, that Tomei, a USAA's employee witness tampered with and/or intimidated former employee and non-party witness, Debbie Carlisle ("Ms. Carlisle"), a non-party witness to the HLG v. USAA case, by warning and instructing her not to talk to Reuven Herssein, ("Mr. Herssein") despite the subpoena for deposition Ms. Carlisle had received.

109. Witness tampering is a crime in Florida, pursuant to, and as defined by, Florida Statutes §914.22[7].

---

[7] Florida Statutes §914.22, the crime of Witness Tampering and/ or Intimidation is committed when:
   (1)   A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary

110.  On November 4, 2015 Mr. Herssein (co-counsel for HLG on the HLG v. USAA case) obtained personal service for deposition on Ms. Carlisle. Ms. Carlisle had retired from USAA, on April 1, 2015. Prior to her retirement, she was one of HLG's 'liaisons' with USAA and worked closely with HLG's principal, Reuven Herssein, for seven years.

111.  After Ms. Carlisle was personally served with a subpoena for her deposition (in the HLG v. USAA case) on November 4, 2015, Mr. Herssein called Ms. Carlisle at her home.

112.  After introduction from Mr. Herssein, Ms. Carlisle immediately informed Mr. Herssein that she had spoken with "Catina Tomei" of USAA and that Tomei had specifically warned Ms. Carlisle and instructed Ms. Carlisle not to speak to Mr. Herssein.

113.  Notably, in 2015, Tomei was USAA's Director of PIP litigation for Florida and had been Ms. Carlisle's direct supervisor while Ms. Carlisle was employed at USAA prior to her retirement in April of 2015.

114.  Mr. Herssein had specifically asked Ms. Carlisle immediately after his introduction if she was represented by an attorney, and Ms. Carlisle specifically stated to Mr. Herssein she was not represented by any attorney.

115.  Accordingly, Mr. Herssein indicated that she would be expected to comply with the subpoena for her deposition and appear at the designated November 20, 2015 deposition,

---

benefit or gain to another person, with intent to cause or induce any person to:
    (a)  **Withhold testimony, or withhold a record, document, or other object, from an official investigation or official proceeding;**
    b)  Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official investigation or official proceeding;
    (c)  Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official investigation or an official proceeding;
    (d)  Be absent from an official proceeding to which such person has been summoned by legal process;
    (e)  Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; or
    (f)  Testify untruthfully in an official investigation or an official proceeding, commits the crime of tampering with a witness, victim, or informant.

with or without a lawyer and despite any warnings or contrary instructions from Tomei on behalf of Ms. Carlisle's previous employer, USAA.

116. At approximately 2:04 in the afternoon of November 4, 2015, USAA's counsel, Shutts and Bowen, LLP then advised Mr. Herssein that they represent Ms. Carlisle, a non-party former employee witness.

117. Specifically, in pertinent part, Mr. Gillman wrote:

> Mr. Herssein:
>
> I am advised that today you caused a deposition subpoena directed to my client Debbie Carlisle to be served a second time (Plaintiff's Notice of prior service is attached). I am further advised that you personally called Debbie and tried to have a substantive discussion. **To avoid any future occurrences, be advised that this firm will be representing any current or former employees of USAA as pertains to this matter, so you are directed to contact them only through me.**

At approximately 3:05 undersigned responded as follows:

> Dear Stephen,
>
> In speaking with the former employee this morning, **curiously she made no mention of the fact that you represent her. Had she told me this, I would have immediately contacted you to advise you that I spoke with her.**
>
> **If that truly is the case, and USAA's counsel Shutts & Bowen now represents this former employee non-party witness, please file a notice of appearance appropriate motion for protective order as to why we cannot take her deposition.**

At 3:15 p.m. Mr. Gillman responded as follows:

> Mr. Herssein:
>
> I am not going to debate the issue with you. **She is not a lawyer and is unaware of the ethical rules that guide/govern Florida attorneys.** That this firm was handling the depositions issues is clear from the Motion to Quash which is pending. That Motion spells out why the deposition cannot proceed. **Again, so there is no repeat or confusion, please direct all**

**future communications regarding any current/former USAA employee to my attention.**

118.   As is obvious from Mr. Gillman's correspondence, USAA (through its employee Tomei) and its counsel, Mr. Gillman, of Shutts and Bowen, LLP was purposely hindering HLG from talking to Ms. Carlisle, a nonparty witness and former employee of USAA, to pervert the administration of justice on the case and in order to improperly coach the witness.

119.   Regardless, the warning and instruction by Tomei, USAA's director of PIP Litigation, and *previous* direct supervisor to Ms. Carlisle, a former employee of USAA, not to talk to Mr. Herssein, despite the fact that Ms. Carlisle had been personally served with a subpoena for deposition on the case, was text book witness tampering.

120.   According to Florida Statutes §914.22, the crime of Witness Tampering and/ or Intimidation is committed when:

> (1)   A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:
> (a)   **Withhold testimony, or withhold a record, document, or other object, from an official investigation or official proceeding;**
> b)   Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official investigation or official proceeding;
> (c)   Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official investigation or an official proceeding;
> (d)   Be absent from an official proceeding to which such person has been summoned by legal process;
> (e)   Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; or
> (f)   Testify untruthfully in an official investigation or an official proceeding, commits the crime of tampering with a witness, victim, or informant.

121.   Defendants have committed the crime of witness tampering through wire fraud and/or

- 27 -

mail fraud, to pervert and hinder the administration of justice on this case.

122.   This crime of witness tampering through wire fraud and mail fraud is an act of racketeering conduct.

**The Crime of Bribery by USAA its Lawyers at Shutts and Bowen Pursuant to Fla. Stat. §§838.015 and 838.016**

123.   As the insurmountable evidence attached hereto as Exhibit "A" demonstrates, USAA and its lawyers have committed crimes of bribery as defined by and pursuant to Fla. Stat. §§838.015 and 838.016. which acts as a predicate act under 18 U.S.C. § 1961 (A)(1).

124.   USAA's lawyers' conduct, colluding with Judge Butchko's lawyer, by discussing—utilizing the telephone and emails—the HLG v. USAA case, exchanging documents on the HLG v. USAA case, strategizing, and USAA's lawyers rendering legal advice to Judge Butchko (through her lawyer) while she was the sitting Judge on the HLG v. USAA case, appears to implicate at least two (2) Florida criminal statutes:  Fla. Stat. §§838.015 and 838.016:

> **838.015   Bribery —**
>
> (1)   "Bribery" means to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept for himself or herself or another, any pecuniary or other benefit not authorized by law with an intent or purpose to influence the performance of any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of a public servant, in violation of a public duty, or in performance of a public duty.
>
> (2)   Prosecution under this section shall not require any allegation or proof that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, that the public servant had assumed office, that the matter was properly pending before him or her or might by law properly be brought before him or her, that the public servant possessed jurisdiction over the matter, or that his or her official action was necessary to achieve the person's purpose.
>
> (3)   Any person who commits bribery commits a felony of the second

degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

### 838.016   Unlawful compensation or reward for official behavior —

(1)   It is unlawful for any person to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law, for the past, present, or future performance, nonperformance, or violation of any act or omission which the person believes to have been, or the public servant represents as having been, either within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty. This section does not preclude a public servant from accepting rewards for services performed in apprehending any criminal.

(2)   It is unlawful for any person to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law for the past, present, or future exertion of any influence upon or with any other public servant regarding any act or omission which the person believes to have been, or which is represented to him or her as having been, either within the official discretion of the other public servant, in violation of a public duty, or in performance of a public duty.

(3)   Prosecution under this section shall not require that the exercise of influence or official discretion, or violation of a public duty or performance of a public duty, for which a pecuniary or other benefit was given, offered, promised, requested, or solicited was accomplished or was within the influence, official discretion, or public duty of the public servant whose action or omission was sought to be rewarded or compensated.

(4)   Whoever violates the provisions of this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

125.   Defendants use of the wires via email (Exhibit "A"), correspondence with Judge Butchko (through her lawyer) is a violation of Fla. Stat. §§838.015(1), and 838.016 (2) and thus a violation of 18 U.S.C. § 1961 (1)(A).

126.   The Exhibit "A" email is "evidence", that USAA (through their lawyers) did unlawfully, knowingly and intentionally give, offer, or promise to any public servant (Judge Butchko

- 29 -

through her lawyer) … any pecuniary or other benefit, (in the form of free legal advice) not authorized by law, for the past, present, or future exertion of any influence upon or with any other public servant [Judge Butchko] regarding any act or omission [recusal and other matters in *the HLG v. USAA* case] which the person believes to have been, or which is represented to him or her as having been, either within the official discretion of the other public servant, [Judge Butchko] in violation of a public duty, or in performance of a public duty.

127. As the evidence (Exhibit "A") unquestionably demonstrates, Defendants discussed the HLG v. USAA case with Judge Butchko's lawyers, rendered legal advice, and exchanged documents on the HLG v. USAA case, while Judge Butchko was still the active judge on the case.

128. Defendants colluded on the motions Judge Butchko had filed on the RTH v. BB case, for one sole purpose: for the past, present, or future performance—to assist Judge Butchko in remaining on the HLG v. USAA case, and not recuse herself.

129. Defendants' obvious objective was to improperly aid and assist Judge Butchko in prevailing on her motion to dismiss and other documents (filed on the RTH v. BB case) so she would not have to recuse herself from the HLG v. USAA case.

130. It was not until five full business days later, in response to several motions that were filed in the RTH v. BB case, that Judge Butchko issued the February 1, 2019 order of recusal on the HLG v. USAA case.

131. These improper acts of Defendants demonstrate a pattern of perverting and obstruction of justice, because as evidenced above with the witness tampering of Ms. Carlilse, this was not an isolated incident.

132.  The undisputable evidence (Exhibit "A") that exists shows that Stephen Gillman, of Shutts as part of the enterprise on behalf of USAA, improperly and illegally colluded with Butchko's lawyer, giving her legal advice discussing, and even exchanged documents concerning the HLG case, five (5) days *prior* to the Butchko entering her "sua sponte" recusal order.

133.  Defendants have conducted two or more incidents of racketeering in the last ten (10) years.

134.  As part of the scheme to defraud, while disavowing Plaintiff's right and title to the money due,  Defendants have been *actively* perverting the administration of justice.

135.  USAA has no intention of honoring the contracts and paying the amounts as agreed to by USAA at time it executed the contracts and with co-Defendant has used the wires and mails to file false pleadings in State Court.

136.  At no time did Defendant USAA disavow the specific promises made in the contracts to pay HLG as stated in the contract as alleged and written by USAA.

137.  At no time did Defendant USAA through its officers and employees specifically represent its intention to not honor the agreements as written and drafted by USAA.

138.  Moreover, the fact that USAA, a multi-billion-dollar insurance and banking conglomerate would draft, review, revise at the sole direction of its executives and own lawyers and require HLG to sign said agreements and make the representations that it would honor the agreements would have been relied upon by a reasonable person or entity such as HLG in the same or similar circumstances.

139.  The actions taken by or participated in by Defendants as alleged above constitute an "enterprise" as the term is defined under law.

- 31 -

140.   Defendants agreed to engage in the enterprise, and objectively manifested its agreement to do so through the words and actions described above.

141.   The enterprise is an on-going organization, formal or informal, acting with a common purpose of engaging in course of conduct, namely, to otherwise take or deprive money from HLG and subvert the proper administration of justice.  USAA continues to this day to continue the scheme to defraud HLG as evidenced by its continued actions throughout the state of Florida and the filing of false pleadings.

142.   The essential goal of the enterprise was to deprive money from HLG and to enrich themselves.

143.   As a result of these violations and the predicate acts alleged, HLG suffered a direct injury to its business and has been damaged.

Wherefore, Plaintiff, respectfully requests the Court enter judgment against Defendants jointly and severally for nominal and compensatory damages, interest and attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

**Dated this 28th day of October, 2019**

## VERIFICATION

I, Reuven T. Herssein. vice president and partner of Plaintiff, Herssein Law Group, take an oath and certify all matters contained this Amended Complaint brought for Injunctive Relief, and pursuant to Florida Statute §86 for Declaratory Relief, are true and accurate.

Reuven T. Herssein, for Plaintiff.
HERSSEIN LAW GROUP

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a copy of the foregoing has been delivered via email at

mlundeensoto@shutts.com, sgillman@shutts.com, gdeleon@shutts.com, and

jgonzalez@shutts.com this 28th day of October 2019 to: Miranda Lundeen Soto, Esquire, and

Stephen B. Gillman, Esquire. Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 410,

Miami. Florida 33131.

*Attorneys for Plaintiff*

**HERSSEIN LAW GROUP**
1801 NE 123rd Street, Suite 314
North Miami, Florida 33181
Telephone No: (305) 531-1431

Miamieservice@hersseinlaw.com

By:    /s/ Reuven Herssein
REUVEN T. HERSSEIN, ESQ.
FBN 0461504

**BEIGHLEY, MYRICK, UDELL & LYNNE, P.A.**
150 West Flagler Street, Suite 1800
Miami Florida 33130
Telephone No: (305) 349-3930
mudell@bmulaw.com

By:    /s/ Maury L. Udell
MAURY L. UDELL, ESQ.
FBN 121673

- 33 -

# EXHIBIT

# "A"

## RE: Herssein v Butchko, Case No. 19-000276-CA-01

| | |
|---|---|
| From: | Stephen B. Gillman <sgillman@shutts.com> |
| To: | Stephanie Daniel <stephanie.daniel@myfloridalegal.com> |
| Cc: | Jackie N. Gonzalez <jgonzalez@shutts.com>, Susan Crosby <susan.crosby@myfloridalegal.com> |
| Date: | Mon, 28 Jan 2019 15:49:14 -0500 |
| Attachments: | 14287030 1 (MIADOCS) 2016-12-06 Order Granting Motion to Transfer.pdf (1.37 MB); 14223529 1 (MIADOCS) 2016-12-20 Order Transferring Case to Complex Busin....pdf (1.35 MB) |

Ms. Daniel:

Thank you for forwarding the Motion to Dismiss and Motion for Judicial Notice – The attached may have been missed.  There was a hearing on December 6, 2016 and Judge Butchko granted the motion to transfer the matter to the complex Division (see attached).  That order transferred the matter to "Section No. CA 40 CBL" which was the Complex Division but no judge assignment was made by that order.  The Judge assignment was by Judge Bailey's December 20, 2016 Order (also attached).  I am available should there be any questions.

# Shutts

**Stephen B. Gillman**
*Partner*

## Shutts & Bowen LLP

200 South Biscayne Boulevard, Suite 4100 | Miami, FL 33131

Direct: (305) 347-7311 | Cell: (305) 799-1717

E-Mail | Biography | V-Card | Website

**Please consider the environment before printing this email**

**From:** Susan Crosby [mailto:Susan.Crosby@myfloridalegal.com]
**Sent:** Monday, January 28, 2019 10:34 AM
**To:** Stephen B. Gillman
**Cc:** Stephanie Daniel
**Subject:** Herssein v Butchko, Case No. 19-000276-CA-01

EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click any links or open any attachments unless you trust the sender and know the content is safe.

As you requested, please see attached Motion to Dismiss and Request for Judicial Notice (without attachments) filed in the Herssein v. Butchko, Case No. 19-000276-CA-01.

If you have an questions, please contact me.

*Susan Crosby*
Susan Crosby, Staff Assistant
Office of the Attorney General
General Civil / State Programs
Phone:  (850) 414-3675
Email: Susan.Crosby@myfloridalegal.com

# RE: Herssein v. Butchko -

| | |
|---|---|
| **From:** | Stephanie Daniel <"/o=exchangelabs/ou=exchange administrative group (fydibohf23spdlt)/cn=recipients/cn=fbaf753834a0430b9022ed2da5a8a3ec-stephanie.d"> |
| **To:** | Stephen B. Gillman <sgillman@shutts.com> |
| **Cc:** | Jackie N. Gonzalez <jgonzalez@shutts.com>, Frank A. Zacherl <fzacherl@shutts.com> |
| **Date:** | Fri, 01 Feb 2019 11:58:02 -0500 |

Yes, I was aware of this. I don't know whether Mr. Herssein will dismiss his suit against Judge Butchko. We are waiting to see. Judge Diaz is trying to get a hearing set on my motion to dismiss, so that may move things along. Thank you.

Stephanie A. Daniel
Chief, State Programs Litigation
Direct line: 850-414-3666
Staff Assistant: Susan Crosby, 850-414-3675
Stephanie.Daniel@myfloridalegal.com

**From:** Stephen B. Gillman <SGillman@shutts.com>
**Sent:** Friday, February 1, 2019 11:56 AM
**To:** Stephanie Daniel <Stephanie.Daniel@myfloridalegal.com>
**Cc:** Jackie N. Gonzalez <JGonzalez@shutts.com>; Frank A. Zacherl <FZacherl@shutts.com>
**Subject:** Herssein v. Butchko
**Importance:** High

Stephanie:

I assume you have been advised that Judge Butchko *sua sponte* recused herself in Herssein 1 and the case has been reassigned. I would appreciate if you could advise if, when, the suit against Judge Butchko is dismissed.

# Shutts

**Stephen B. Gillman**
*Partner*

**Shutts & Bowen LLP**

200 South Biscayne Boulevard, Suite 4100 | Miami, FL 33131

Direct: (305) 347-7311 | Cell: (305) 799-1717

E-Mail | Biography | V-Card | Website

Please consider the environment before printing this email

Filing # 98197427 E-Filed 10/31/2019 03:26:41 PM

**IN THE CIRCUIT COURT IN AND FOR THE 11th JUDCIAL CIRCUIT**
**MIAMI-DADE COUNTY, FLORIDA**

LAW OFFICES OF HERSSEIN
AND HERSSEIN, P.A.,
d/b/a HERSSEIN LAW GROUP,
a Florida corporation,                                   CIVIL DIVISION
                                                        CASENO. 2019-07367-CA-01

                Plaintiffs,

vs.

SHUTTS & BOWEN, LLP, a Florida                          **SUMMONS**
Limited Liability Partnership, and              **20 DAY CORPORATE SERVICE**
UNITED SERVICES AUTOMOBILE
ASSOCIATION,
A Reciprocal Interinsurance Exchange,
_____/

THE STATE OF FLORIDA

TO DEFENDANT:

              **United Services Automobile Association**
      **c/o  Chief Financial Officer as Registered Agent**
                **200 East Gaines Street**
                **Tallahassee, FL 32399**

TO EACH SHERIFF OF THE STATE:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in
this action on the above named defendant.

        **DATED** on _____.

                        HARVEY RUVIN

                        Clerk of the Court

                        By: _____

                            As Deputy Clerk

(Court Seal)

## **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**Maury L. Udell, Esquire**
Beighley, Myrick, Udell & Lynne, PA
150 West Flagler Street, Suite 1800
Miami, FL 33130
(305) 349-3930
mudell@bmulaw.com

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la llamada telefonica no lo protegera; si usted desea que el tribunal incluyendo el numero del caso y las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo eviso del tribunal. Existen otros requistitos legales. Si lo desea, puede abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante)

**IMPORTANT**

Des poursuites judiciaries ont eta entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrita a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de le telphone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, evec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la uite, sans aucun preavis ulterieur du Tribunal. II y a d'autres obligations juidiques et vour pouvez requerir les services immediats d'un avocat. Si your ne connaissez pas d'avocat, yous pourriez telephoner a un service de reference d'avacoats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il yous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocipie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) namme ci-dessous.

Filing # 98197427 E-Filed 10/31/2019 03:26:41 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**LAW OFFICES OF HERSSEIN
& HERSSEIN, P.A., d/b/a
HERSSEIN LAW GROUP**

     **Plaintiff,**        CASE NO. 2019-007367-CA-01

**vs.**

**SHUTTS & BOWEN, LLP, and
UNITED SERVICES AUTOMOBILE
ASSOCIATION, an Reciprocal Insurance
Exchange**

     **Defendants,**
_____/

## VERIFIED AMENDED COMPLAINT

   COMES NOW, the Plaintiff LAW OFFICES OF HERSSEIN AND HERSSEIN, P.A.,
d/b/a HERSSEIN LAW GROUP, by and through its undersigned counsel, and sues Defendant
SHUTTS & BOWEN, LLP, and UNITED SERVICES AUTOMOBILE ASSOCIATION,
("**USAA**") for Injunctive Relief pursuant to Florida Rules of Civil Procedure 1.610, pursuant to
Florida Statute §86 for Declaratory Relief, and for damages and for injunctive relief brought
against Defendant USAA pursuant to 18 U.S.C. §1964, the Racketeer Influenced and Corrupt
Organizations Act, ("**RICO**"), for engaging in racketeering activity, 18 U.S.C. §1341(mail fraud),
18 U.S.C. §1343 (wire fraud), 18  U.S.C. § 1961 (1)(A) (bribery).

## GENERAL ALLEGATIONS

1.  This is an action for Injunctive Relief and Declaratory Relief, Pursuant to Florida Statute
   §86.011, and damages in excess of $15,000 and for damages and for injunctive relief

brought pursuant to 18 U.S.C. §1964, the Racketeer Influenced and Corrupt Organizations Act, ("**RICO**"), for engaging in racketeering activity, 18 U.S.C. §1341(mail fraud), 18 U.S.C. §1343 (wire fraud), 18 U.S.C. § 1961 (1)(A), (bribery), which is within the subject matter jurisdiction of this Court.

2. Plaintiff, LAW OFFICES OF HERSSEIN AND HERSSEIN, P.A. d/b/a HERSSEIN LAW GROUP ("**HLG**" or "**Plaintiff**") is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

3. Defendant, SHUTTS & BOWEN, LLP, ("**Shutts**"), was and is a Florida limited liability partnership doing business in Miami-Dade County, Florida.

4. Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION ("**USAA**")[1], is a Reciprocal Interinsurance Exchange, with members in all 50 of the United States, including Florida. USAA conducts business in Florida and represents that it is a citizen of the State of Florida to prevent diversity jurisdiction in federal court, and it is therefore subject to the personal jurisdiction of this Court.

5. Venue is proper in Miami-Dade County, Florida.

6. Plaintiff has complied with all statutory conditions precedent to filing this action.

## BACKGROUND

7. By way of background, On July 13, 2015, HLG filed an action against USAA for fraud perpetrated by USAA's executives in its business dealings and negotiations with HLG. *Law Offices of Herssein & Herssein, P.A. v. United Services Automobile Ass'n,.*, Miami-Dade Circuit Court Case No. 2015-15825-03.  ("**HLG v. USAA**")

---

[1] Defendant USAA and Defendant Shutts are collectively referred to as "**Defendants.**"

- 2 -

8.      Stephen Gillman, ("**Gillman**"), Frank Zacherl, ("**Zacherl**") and Amy Wessel, ("**Wessel**") at Shutts, entered their appearance on behalf of USAA, in the HLG v. USAA case and the Shutts lawyers, have represented USAA since July 15, 2015, the day after the HLG v. USAA case was filed.

9.      The operative complaint in the HLG v. USAA case alleges several counts of fraud, negligent misrepresentation, and breach of contract. The causes of action are based upon USAA's refusal to pay HLG's legal bills for earned contingency fees, pursuant to numerous unambiguous written contracts drafted and executed by USAA's executives.

10.     Catina Tomei ("**Tomei**") is one of the USAA executives responsible for negotiating two of the main contracts at issue in the lawsuit and is also one of the USAA executives that committed fraud against HLG. Two of the contracts—the July 2014 contract and the May 7, 2015 contract—are also the subject of the counterclaim filed by USAA against HLG and Reuven Herssein, individually.

11.     During the course of the HLG v. USAA case litigation, HLG discovered, and based on the evidence contended, that Tomei witness tampered with and/or intimidated former employee and non-party witness, Debbie Carlisle[2] by warning and instructing her not to talk to Reuven Herssein, despite the subpoena for deposition she had received. Witness tampering is a crime in Florida, pursuant to and as defined by Florida Statutes §914.22[3].

---

[2] Debbie Carlisle had retired on April 1, 2015 from USAA. She is a former employee and therefore non-party witness to this case. Prior to her retirement, she was one of HLG's liaisons with USAA and worked closely with HLG's principal for seven years. She obviously has vital information that USAA does not want HLG to acquire.

[3] Florida Statutes §914.22, the crime of Witness Tampering and/ or Intimidation is committed when:

    (1)   A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:

      (a)   **Withhold testimony, or withhold a record, document, or other object, from an official investigation or official proceeding;**

      b)   Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability

12.    HLG also discovered, and based on the evidence, contended that Shutts' lawyers, Gillman, and Zacherl, were involved in prohibited client solicitation (of Debbie Carlisle).

13.    The trial judge at the time, (now retired) Judge Antonio Marin, immediately ordered an evidentiary hearing on the witness tampering allegations as well as the prohibited client solicitation allegations against Zacherl and Gillman, to "not leave any stone unturned" on these issues so that the Court could weigh the evidence, to get to the bottom of the matter, to do justice. USAA's lawyers agreed to schedule the evidentiary hearing that Judge Marin had twice ordered occur, on two (2) separate occasions.

14.    USAA then hired and paid former Eleventh Judicial Circuit Court Judge, Israel Reyes ("Reyes"), to represent Tomei for the upcoming evidentiary hearing which was scheduled, as agreed by USAA, to occur on November 3, 2016.

15.    After USAA retained Reyes to represent Tomei for the witness tampering evidentiary hearing, Reyes specifically instructed and advised USAA to renew its Motion to transfer the case to the Complex Business Litigation Division (hereinafter "CBL") of the Eleventh Judicial Circuit. USAA previously moved to transfer the case to CBL, which was denied by Judge Bailey. HLG objected to the renewed effort to transfer to CBL.

16.    In December 2016, Judge Butchko, acting in her capacity as Assistant Administrative Judge, presided over the Transfer Calendar and addressed USAA's motion to transfer the

---

of the object for use in an official investigation or official proceeding;
   (c)   Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official investigation or an official proceeding;
   (d)   Be absent from an official proceeding to which such person has been summoned by legal process;
   (e)   Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; or
   (f)   Testify untruthfully in an official investigation or an official proceeding, commits the crime of tampering with a witness, victim, or informant.

- 4 -

case to CBL, whereas Judge Bailey normally conducts the transfer hearings, as she previously did in the HLG case.

17.  Reyes appeared at the Transfer Calendar, and, despite having no standing to address the propriety of USAA's motion—as he represented a non-party—fully participated in the hearing and argued for USAA, and for Judge Butchko to transfer the case to CBL.   Reyes blatantly stated in open Court during that hearing that it was his idea to have USAA move the case to CBL.

18.  Judge Butchko, relying in part on representations made by Reyes at the hearing, ordered the case be transferred to CBL.

19.  Less than a month later, Judge Butchko took over the CBL division and began presiding over the very case she had previously ordered to be transferred away from Judge Marin.

20.  Immediately after Judge Butchko was assigned the HLG v. USAA case, USAA sought reconsideration of the predecessor trial judge's order to schedule evidentiary hearings on the witness tampering and prohibited client solicitation allegations, despite USAA having agreed to the date for the evidentiary hearing on the witness tampering and prohibited client solicitation allegations on two previous occasions when Judge Marin was presiding over the case.

21.  Judge Butchko, citing USAA's "due process rights," over HLG's objection, vacated the predecessor judge's order and ruled that no evidentiary hearing on witness tampering or prohibited client solicitation would occur.  At the same time, however, Judge Butchko did allow discovery to proceed on the issues relevant to an evidentiary hearing of witness tampering.  Thus, in furtherance of discovery, Plaintiff issued subpoenas for emails and correspondence between USAA's lawyers, Shutts and the witnesses' lawyers—Reyes

being one of them—in an effort to discover any bias or other possible collusion to interfere with the administration of justice on the HLG v. USAA case.

22.   On June 2, 2017, in ruling on USAA's objection to the subpoena on USAA's lawyers, Judge Butchko found that Tomei (Reyes' client) and USAA had a "common legal interest," which then prevented any discovery as to communications between Reyes and USAA's lawyers.  At that hearing of June 2, 2017, when HLG, through counsel, informed Judge Butchko that HLG indented on adding Tomei, personally, as a defendant in the lawsuit given the intentional tort of fraud she had committed against HLG, the Judge threatened HLG and its counsel with the likelihood of awarding 57.105 sanctions, on an unpled unfiled motion.

23.   Obviously, perturbed by the sudden change of course of the case as a result of Reyes' involvement, Plaintiff began investigating the relationship between Reyes and Judge Butchko.

24.   On June 6, 2017, Plaintiff discovered that Defendant was Facebook "friends" with Reyes.

25.   Judge Butchko failed to disclose her Facebook friendship with Reyes to Plaintiff for over six months while he was involved in the case.

26.   At the time, relying on the only appellate decision and applicable judicial ethics opinions, Plaintiff, filed a Verified Motion to Disqualify the Defendant, relying upon *Domville v. State,* 103 So. 3d 184 (Fla. 4th DCA 2013), *reh'g denied,* 125 So. 3d 178 (Fla. 4th DCA 2013), *review denied,* 110 So. 3d 441 (Fla. 2013), and Fla. JEAC Op. 2009–20 (Nov. 17, 2009); and Fla. JEAC Op. 2010-06 (March 26, 2010) regarding the issue of a judge's use of social media with litigants or lawyers who appear before them.

- 6 -

27.    Both JEAC opinions advise that it is a violation of the Florida Code of Judicial Conduct Canon 2B for judges to be Facebook "friends" with lawyers or litigants who appear and argue before them.  There is no dispute that at the time the Verified Motion to Disqualify was filed, this was the only binding case law on Judge Butchko, regarding the legal sufficiency of the Motion to Disqualify.

28.    Plaintiff's' Verified Motion for Disqualification laid out three separate and distinct legally sufficient grounds in support of the defendant's disqualification.  As the first ground for disqualification, Plaintiff alleged that Butchko's Facebook "friendship" with Reyes, a lawyer who appeared and argued on this case, mandated Defendant's disqualification, pursuant to *Domville* and the JEAC Opinions on this subject.

29.    Further, based on Judge Butchko being Facebook friends with Reyes, Plaintiff believed and understood that Reyes, Tomie's lawyer, had influence on Judge Butchko at the behest of USAA.  This was evident given that when HLG had advised her that it intended on adding Tomei as a party, personally, based on the intentional torts of fraud she committed against HLG, Judge Butchko threatened Plaintiff and Plaintiff's counsel with the likelihood of awarding 57.105 sanctions (on an unpled non filed motion) should Plaintiff add Butchko's Facebook friend, Reyes' client, Tomei to the lawsuit.

30.    Judge Butchko denied as "legally insufficient" Plaintiff's Motion for Disqualification in less than one hour of receipt and review of the motion.

31.    The legal system is based on the principle that an independent, fair and competent judiciary will interpret and apply the laws that govern us. The role of the judiciary is central to American concepts of justice and the rule of law. Judges must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system.

- 7 -

32.    The judge is an arbiter of facts and law for the resolution of disputes and a highly visible symbol of government under the rule of law.

33.    Plaintiff petitioned the Third District Court of Appeal, on a writ of prohibition to disqualify Judge Butchko, given that the law at the time (June 2017), from the Fourth District Court of Appeal *(Domville)* controlled and mandated Judge Butchko be disqualified from the case.

34.    On August 23, 2017, The Third DCA, denied Plaintiff's petition stating, "we hold that the mere fact that a judge is a Facebook "friend" with a lawyer…, without more, does not provide a basis for a well-grounded fear that the judge cannot be impartial or that the judge is under the influence of the Facebook "friend." See *Law Offices of Herssein & Herssein, P.A. v. United Services Automobile Ass'n*, 229 So. 3d 408 (Fla. 3d DCA 2017).

35.    By ignoring the JEAC opinions and disagreeing with *Domville*, the Third DCA radically departed from the previous *standard* for moving parties seeking a judge's disqualification, and in practice, directly exposed judges who are Facebook friends with litigants or lawyers to discovery of a judge's Facebook and other social media communications, such as texts, posts, and in-app e-mails, so that an aggrieved party can substantiate the new evidentiary based burden of proof (to determine the degree of friendship) the Third District Court of Appeal's opinion places on a moving party.

36.    Plaintiff then petitioned the Florida Supreme Court. *Law Offices of Herssein & Herssein, P.A. v. United Services Automobile Ass'n*, SC17-1848 (Fla. 2018).  The majority opinion ruled that Facebook "friendship" "standing alone", does not constitute a legally sufficient basis for disqualification" but approved the holding of *Herssein.* The majority overturned

*Domville* which was the existing law and construed the Code of Judicial Conduct differently from the previously binding precedent—*Domville*—on all litigants and judges.

37.     In fact, for the first time ever in the history of Florida's jurisprudence, the majority opinion disregarded four (4) Florida Judicial Ethics Advisory Committee's opinions[4]—(Op. *at* 19), all advising that the Defendant's Facebook "friendship" with the lawyer that appeared before her was a violation of the Code of Judicial Conduct 2B—in favor of non-Florida judges' opinions.

38.     Because an actual majority of the Florida Supreme Court—four justices—believe that "participation in Facebook by members of the judiciary "is fraught with risk that could undermine the confidence in the judge's ability to be a neutral arbiter." (Concurring Op. *at* 21, quoting Dissenting Op. at 24), such a position conflicts with the duties imposed on all judges and justices who are required to avoid the appearance of impropriety in all of the judge's activities, *See* Canon 2, Code of Judicial Conduct.

39.     Because four justices, three of which—Justices Pariente, Quince and Lewis—"would adopt a strict rule requiring judges to recuse themselves whenever an attorney with whom they are Facebook "friends" appears before them." (Dissent *at* 24) and the fourth—Justice Labarga—directs judges' "...deactivation of those [Facebook] accounts.", specifically writing to "strongly urge judges not to participate in Facebook." at all, (Concurring Op. *at* 21), and to express that, "...judges must avoid situations that could suggest or imply that a ruling is based upon anything else," (Concurring Op. at 20, 21), especially with news headlines that read, "Former Chief Justice Encourages Judges to Get Off Facebook, [5]"

---

[4] Fla. JEAC Op. 2009–20 (Nov. 17, 2009); Fla JEAC Op. 2010-06 (March 26, 2010); Fla JEAC Op. 2012-12 (May 9, 2012); Fla. JEAC Op. 2013-14 (July 30, 2013)
[5]     https://www.law.com/dailybusinessreview/2018/11/16/former-chief-justice-encourages-judges-to-get-off-facebook/  (Daily Business Review, November 16, 2018)

- 9 -

HLG believes that Judge Butchko's social media ESI evidence will be tampered with, leading to the spoliation, and destruction of that social media ESI evidence.

40.    Given the grave concern of the former chief justice of the Florida Supreme Court, that specifically urges judges to deactivate and delete their Facebook accounts, HLG believes that evidence in the form of Judge Butchko's *personal* social media electronically stored information ("ESI") would be destroyed, deleted, and not properly preserved.

41.    Accordingly, on January 7, 2019, Reuven T. Herssein ("RTH") filed a lawsuit against Judge Butchko in Miami-Dade Circuit Court, case number *Reuven T. Herssein v. Beatrice Avergihno Butchko*, 2019-00276-CA-01, ("RTH v. BB"), for Injunctive Relief pursuant to Florida Rules of Civil Procedure 1.610, pursuant to Florida Statute §86 for Declaratory Relief, and for a Pure Bill of Discovery, to prevent her from deleting her *personal* social media and ESI and to obtain "more" for disqualification of a judge that was Facebook friends with a lawyer or litigant that appeared before them, as this was now the new law that made it necessary to ascertain the "closeness" of the Facebook friendship, given the Florida Supreme Court's ratification of the Third DCA's decision in *Law Offices of Herssein & Herssein, P.A. v. United Services Automobile Ass'n*, 229 So. 3d 408 (Fla. 3d DCA 2017).

42.    On January 17, 2019, in the HLG v. USAA case, HLG and RTH filed a motion to disqualify Judge Butchko, based on her adversarial litigation relationship with RTH.

43.    On January 24, 2019, in the RTH v. BB case, Judge Butchko's lawyer, Stephanie Daniels ("Daniels") from the Attorney General's office, curiously entered her appearance, even though RTH had filed a lawsuit against Butchko *personally*, and not in her capacity as a public officer.

44.     Daniels, on Butchko's behalf, filed *Motion to Dismiss and to Modify Case Title to Accurately Reflect the Identity of Defendant*, (Filing # 83839942 E-Filed 01/24/2019 12:44:44 PM), a *Request for Judicial Notice*, (Filing # 83840235 E-Filed 01/24/2019 12:48:06 PM); and a *Motion for Emergency or Expedited Consideration of Motion to Dismiss and Request for Judicial Notice* (Filing # 83873597 E-Filed 01/24/2019 05:04:30 PM), which made several defamatory statements about RTH and counsel and clearly called into question her ability to be fair to RTH in the pending HLG v. USAA case.

45.     Importantly, on the HLG v. USAA case, the second motion to disqualify was still pending before Judge Butchko.

46.      Because Judge Butchko chose to retain the Attorney General office despite having been sued personally and not in her capacity as a public officer, RTH was then able to obtain some of Daniels's emails, pursuant to a F.S. 119.07 Public Records Request on the Attorney General's office.

47.     The public records request revealed 'smoking gun' evidence that USAA's lawyers' Shutts and Gillman, colluded with, gave legal advice to, exchanged documents with, and discussed the HLG v. USAA case with Judge Butchko, through her lawyer, **at least five days *prior* to her February 1, 2019 recusal, while she was still the active judge on the HLG v. USAA case.**

48.     The **January 28, 2019** e-mails (Exhibit "A") to and from Gillman and Judge Butchko's lawyer speaks for itself:

> From :          Stephen B. Gillman <sgillman@shutts.com>
> To:             Stephanie Daniel stephanie.daniel@myfloridalegal.com
> Cc:             Jackie N. Gonzalez <jgonzalez@shutts.com>, Susan
>                 Crosby <susan.crosby@myfloridalegal.com>
> **Date:**       **Mon, 28 Jan 2019 15:49:14 -0500**
> Attachments:    14287030 1 (MIADOCS) 2016-12-06 Order Granting

- 11 -

Motion to Transfer.pdf (1.37 MB); 14223529 1 (MIADOCS) 2016-12-20 Order Transferring Case to Complex Busin....pdf (1.35 MB)

Ms. Daniel:
Thank you for forwarding the Motion to Dismiss and Motion for Judicial Notice– The attached may have been missed. There was a hearing on December 6, 2016 and Judge Butchko granted the motion to transfer the matter to the complex Division (see attached). That order transferred the matter to "Section No. CA 40 CBL" which was the Complex Division but no judge assignment was made by that order. The Judge assignment was by Judge Bailey's December 20, 2016 Order (also attached). I am available should there be any questions.
Shutts
Stephen B. Gillman
*Partner*

*See* Gillman's January 28, 2019 email to Judge Butchko's lawyer Exhibit "A"

49.    The evidence (Exhibit "A") also proves that earlier that day, January 28, 2019, USAA's

lawyer from Shutts, Gillman, had a telephone conference with Judge Butchko's lawyers

wherein, and that the HLG v. USAA case was discussed.

From: Susan Crosby [mailto:Susan.Crosby@myfloridalegal.com]
Sent: **Monday, January 28, 2019 10:34 AM**
To: Stephen B. Gillman
**Cc: Stephanie Daniel**
Subject: Herssein v Butchko, Case No. 19-000276-CA-01

EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click any links or open any attachments unless you trust the sender and know the content is safe.

As you requested, please see attached Motion to Dismiss and Request for Judicial Notice (without attachments) filed in the Herssein v. Butchko, Case No. 19-000276-CA-01.

If you have any questions, please contact me.

**Susan Crosby**
Susan Crosby, Staff Assistant
Office of the Attorney General
General Civil / State Programs
Phone: (850) 414-3675
Email: Susan.Crosby@myfloridalegal.com

- 12 -

50.  This January 28, 2019 email correspondence and exchange, (Exhibit "A") proves that not only did USAA's lawyers render legal advice to Judge Butchko, (through her lawyer), it clearly demonstrates that USAA's lawyers, and Judge Butchko (through her lawyer) were corresponding, via telephone and email, exchanging documents, and discussing the HLG v. USAA case, while Judge Butchko was still the presiding judge on that case.

51.  The evidence (Exhibit "A") obtained unquestionably demonstrates, USAA's lawyers discussed the HLG v. USAA case, with Judge Butchko's lawyer, while Judge Butchko was still the active judge on the case, and colluded on the motions Judge Butchko had filed on the RTH v. Butchko case, for one sole purpose: for the past, present, or future performance—to help Judge Butchko stay on the HLG v. USAA case, and not recuse herself.

52.  USAA's lawyers' obvious objective was to make sure that the motion to dismiss and other documents (filed on the RTH v. BB case) were persuasive enough so that Judge Butchko could attempt to get the RTH v. BB case dismissed, so she would not have to recuse herself from the HLG v. USAA case.

53.  The collusion is more egregious than a simple phone call or emailed legal advice:  in response to Gillman's January 28, 2019 email advice to Judge Butchko (through her lawyer) exchanging documents and discussing the HLG v. USAA case, **Judge Butchko, (through her lawyer) admits she accepted USAA's lawyers' legal advice and rectified her "oversight" by actually filing the documents that Gillman had furnished and advised them that they missed—that very day.**

- 13 -

54.   Judge Butchko's lawyer, blatantly admits to accepting this legal advice rendered by

USAA's lawyers' and concedes to the collusion in her March 4, 2019 papers she filed[6]

with the court, as follows:

> And, after reviewing Mr. Gillman's email, the undersigned noted that she
> had overlooked the December 6, 2016 Order Granting Motion to Transfer
> in the Request for Judicial Notice filed on January 24, 209 in *Herssein 1*.
> So, on January 28, 2019, the undersigned filed another Request for Judicial
> Notice seeking judicial notice of the December 6, 2016 Order.

*See* Motion to Strike *at* 6

55.   On **January 28, 2019**, at 4:47 p.m., Judge Butchko, filed *another* Request for Judicial

Notice (Filing # 84017346 E-Filed 01/28/2019 04:47:11 PM), which contained the very

documents that USAA's lawyer, Gillman, from Shutts, furnished her with.

56.   The evidence (Exhibit "A") proves that USAA's lawyers were colluding and giving Judge

Butchko (through her lawyer) legal advice, and exchanging documents, which she, in fact,

admits she immediately followed the same day—January 28, 2019, five days before her

order of recusal.

57.   The evidence (Exhibit "A") proves that USAA's lawyers discussed this case with Judge

Butchko's lawyer, while she was an active and sitting judge on the case with no notice to

Plaintiff HLG on that case.

58.   The evidence (Exhibit "A") proves that USAA's lawyers conduct was designed solely to

influence Judge Butchko's performance of a public duty, in her official capacity as a public

servant.

59.   Simply put, USAA, through their lawyers, Gillman and Shutts colluded, improperly

discussed the HLG v. USAA case, exchanged documents with, and rendered legal advice

---

[6] At 6 of *Judge Butchko's Response and Motion to Strike Plaintiff's March 1, 2019 Notice of Filing*, (Filing # 85843594 E-Filed 03/04/2019 05:54:38 PM) ("Motion to Strike"), on Case No.: 2019 000276-CA-01.

to, Judge Butchko (through her lawyer) while she was the acting judge on this case—legal advice she admits she received and followed while she was an active sitting judge on the case.

60.    "It is a well-settled principal of law that an attorney acting within the scope of his authority represents his client and his acts of omission as well as commission are to be regarded as the acts of the person he represents, and therefore his neglect is equivalent to the neglect of the client himself." *Griffith v. Investment Co.,* 92Fla. 781, 110 So. 271, 271 (1926).

61.    In Florida the general rule that a client is bound by the acts of his attorney within the scope of the latter's authority. *State ex rel. Gutierrez v. Baker,* 276 So. 2d 470 (Fla. 1973). *Accord Jones v. State,* 484 So. 2d 577 (Fla. 1986). In this instance, Judge Butchko's lawyer's conduct like USAA's lawyers' conduct, is imputed to her, the client.

62.    Clearly USAA was attempting to influence Judge Butchko's decision in her official capacity as a public servant [a circuit court judge] on whether to remain on the HLG v. USAA case, based on Plaintiff's motion to disqualify her filed on January 17, 2019.

63.    Most importantly, neither Judge Butchko or her lawyer, nor USAA's lawyers put Plaintiff on notice of any of this conduct. Instead, as stated above, through a public records request of the Attorney General's office, Plaintiff's counsel obtained the offending evidence. (Exhibit "A")

64.    This January 28, 2019 email correspondence demonstrates that not only did USAA's lawyers render legal advice to Judge Butchko, (through her lawyer), it clearly demonstrates that USAA's lawyers, and Judge Butchko (through her lawyer) were corresponding, exchanging documents, and discussing the HLG v. USAA case, while Judge Butchko was still the presiding judge on the case.

65.   USAA's lawyers' conduct, colluding with Judge Butchko's lawyer, by discussing the HLG

v. USAA case, exchanging documents on the HLG v. USAA case implicates at least two

(2) Florida criminal statutes:  Fla. Stat. §§838.015 and 838.016:

**838.015   Bribery —**

(1)   "Bribery" means to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept for himself or herself or another, any pecuniary or other benefit not authorized by law with an intent or purpose to influence the performance of any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of a public servant, in violation of a public duty, or in performance of a public duty.

(2)   Prosecution under this section shall not require any allegation or proof that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, that the public servant had assumed office, that the matter was properly pending before him or her or might by law properly be brought before him or her, that the public servant possessed jurisdiction over the matter, or that his or her official action was necessary to achieve the person's purpose.

(3)   Any person who commits bribery commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

**838.016   Unlawful compensation or reward for official behavior —**

(1)   It is unlawful for any person to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law, for the past, present, or future performance, nonperformance, or violation of any act or omission which the person believes to have been, or the public servant represents as having been, either within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty. This section does not preclude a public servant from accepting rewards for services performed in apprehending any criminal.

(2)   It is unlawful for any person to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law for the past, present, or future exertion of any influence upon or with any other public servant regarding any act or omission which the person believes to have been, or which is represented to him or her as having been, either within the official discretion of the other public servant, in violation of a public duty, or in performance of a public duty.

(3)   Prosecution under this section shall not require that the exercise of influence or

official discretion, or violation of a public duty or performance of a public duty, for which a pecuniary or other benefit was given, offered, promised, requested, or solicited was accomplished or was within the influence, official discretion, or public duty of the public servant whose action or omission was sought to be rewarded or compensated.

(4)   Whoever violates the provisions of this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

66.   USAA's lawyers, Gillman, January 28, 2019 email (Exhibit "A"), correspondence with

Judge Butchko (through her lawyer) is a violation of Fla. Stat. §§838.015(1), and 838.016

(2).   The email is "evidence", that USAA (through their lawyers) did unlawfully,

knowingly and intentionally give, offer, or promise to any public servant (Judge Butchko

through her lawyer) … any pecuniary or other benefit, (in the form of free legal advice)

not authorized by law, for the past, present, or future exertion of any influence upon or with

any other public servant [Judge Butchko] regarding any act or omission [recusal and other

matters in the HLG v. USAA case] which the person believes to have been, or which is

represented to him or her as having been, either within the official discretion of the other

public servant, [Judge Butchko] in violation of a public duty, or in performance of a public

duty. *Id.*,

67.   As the evidence (Exhibit "A") unquestionably demonstrates, USAA's lawyers discussed

the HLG v. USAA case with Judge Butchko's lawyers while she was still the active judge

on the case.

68.   USAA's lawyers colluded on the motions Judge Butchko had filed on the RTH v. Butchko

case, for one sole purpose: for the past, present, or future performance—to assist Judge

Butchko in remaining on the HLG v. USAA case, and not recuse herself.

- 17 -

69.   USAA's lawyers' obvious objective was to improperly aid and assist Judge Butchko in prevailing on her motion to dismiss and other documents (filed on the RTH v. BB case) so she would not have to recuse herself from the HLG v. USAA case.

70.   It was not until five full business days later, in response to several motions that were filed in the RTH v. BB case, that Judge Butchko issued the February 1, 2019 order of recusal on the HLG v. USAA case.

71.   These improper acts on behalf of USAA, through its lawyers and employees, demonstrate a pattern of perverting and obstruction of justice, because as mentioned above, this was not an isolated incident.

72.   The undisputable evidence (Exhibit "A") that exists shows that USAA's lawyer, Stephen Gillman, of Shutts, improperly and illegally colluded with Butchko's lawyer, giving her legal advice discussing, and even exchanged documents concerning the HLG case, five (5) days *prior* to the Butchko entering her "sua sponte" recusal order.

73.   Based on the foregoing, Plaintiff has multiple causes of action against USAA for violation of the Florida and Federal RICO Acts, and an injunction against Shutts is entirely necessary to preserve any possible evidence to support such a claim.

74.   Judicial tampering is not a foreign subject to the insurance industry.  In *Hale v. State Farm Mutual Auto Insurance Co. et. al,* Case No. 12-CV-00600 filed in the Southern District of Illinois, State Farm was accused of exerting financial and political influence to assist a judge to being elected to the Illinois Supreme Court while a $1.05 billion-dollar judgment was pending appeal against State Farm. The judge was eventually elected and became the deciding vote reversing the $1.05 billion-dollar judgment against State Farm.

- 18 -

75.   The plaintiffs in the *Hale* case, spurred in part by the United States Supreme Court's case in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) on judicial bias, hired an FBI special agent to investigate State Farm and its affiliates and employees' involvement in the election of the judge.

76.   The investigation uncovered State Farm, through its agents and lawyers, deliberately concealing its involvement in the campaign and filing false court papers regarding those facts. It was alleged that State Farm invested $2 to $4 million in illegally aiding the judge for a possible $1.05 billion return which made that amount sufficiently minimal to make it a worthwhile gamble.  The case proceeded for years and went to trial.  After the jury was picked, State Farm agreed to settle the case for $250 Million dollars, "with no admission of liability."  See https://www.halevstatefarmclassaction.com.

77.   In order to preserve its rights and any evidence, based on the existing evidence (Exhibit "A") and undisputed facts that USAA, Shutts and Stephen Gillman, colluded with, gave legal advice to, exchanged documents with, and discussed the HLG v. USAA case with Judge Butchko, through her lawyer, at least five days *prior* to her February 1, 2019 recusal, while she was still the active judge on the case, Plaintiff has no way of obtaining judicial relief against Defendants to enjoin it from for deleting or otherwise destroying possible evidence of collusion and judicial tampering by USAA through its lawyers.

78.   Plaintiff does not have an adequate remedy at law to prevent Defendants from deleting or destroying evidence of the judicial tampering by USAA through its lawyers.

**Count I - Injunctive Relief**

79.   Plaintiff adopts and re-alleges paragraphs 1-78 as fully set forth herein.

- 19 -

80.     Plaintiff seeks to enjoin Defendant Shutts and USAA from deleting or editing any ESI or phone records or messages of any kind.

81.     Plaintiff has a clear right to the relief requested because Plaintiff cannot obtain the relief requested against Defendant Shutts any other way in order to preserve any evidence necessary to pursue possible claims against Defendant, USAA, or employees or attorneys of USAA.

82.     Plaintiff will suffer irreparable harm if an injunction is not entered against Defendant Shutts as Plaintiff is seeking to maintain the integrity of Defendants' ESI evidence from being tampered with, spoiled, or destroyed.

83.     Plaintiff will suffer irreparable harm if an order enjoining Defendants to preserve any ESI evidence from being tampered with, spoiled, or destroyed.

84.     Plaintiff has no adequate remedy at law.

85.     Plaintiff is willing ready and able to post a reasonable bond should the Court so require.

Wherefore, Plaintiff, respectfully requests the Court grant the petition for injunctive relief and order that Defendants must preserve and maintain all its ESI and award costs to Plaintiff pursuant to Florida Statutes §57.041.

### Count II - Declaratory Action pursuant to Florida Statute § 86.011

86.     Plaintiff adopts and re-alleges paragraphs 1-78 as fully set forth herein.

87.     Plaintiff needs a declaratory judgment from the court on Defendant's obligations and specific preservation and anti-spoliation steps that need to be taken by Defendant to preserve all ESI evidence, as it relates to any ESI used by Defendant.

88.     Plaintiff needs a declaratory judgment from the court on the commencement time-frame, (i.e., *when*), Defendants' (USAA and Shutts) legal obligations commence to take the

- 20 -

preservation and anti-spoliation steps that need to be taken by Defendants to preserve all ESI, as it relates to transactions with Judge Butchko and her lawyers.

89.   Plaintiff demands, pursuant to Florida Statute §86.011(2), that the court declare Defendants take these preservation and anti-spoliation steps to preserve all ESI used by Defendant, as this information is evidence.

90.   Plaintiff is in doubt as to its rights as to how far back in time it can demand the ESI be preserved, and from what point in time it has the right to seek this information.

91.   Plaintiff demands, pursuant to Florida Statute §86.011(2), that the court declare Defendants take these preservation and anti-spoliation steps to preserve all ESI used by Defendants, as this information is evidence.

Wherefore, Plaintiff, respectfully requests the Court Declare: (a) Defendants' obligations and specific preservation and anti-spoliation steps that need to be taken by Defendants to preserve all ESI used by Defendants; (b) the commencement time-frame, (i.e., *when*), Defendants obligations commence to take the preservation and anti-spoliation steps that need to be taken by s to preserve all ESI used by Defendants; (c) pursuant to Florida Statute §86.011(2), that the court declare Defendants take these preservation and anti-spoliation steps to preserve all ESI, as it relates to ESI used by Defendants, as this information is evidence and (d) and award costs to Plaintiff pursuant to Florida Statutes §57.041.

**COUNT III – Federal Racketeer Influenced and Corrupt Organization Act Violation**

92.   Plaintiff adopts and re-alleges paragraphs 1-78 as fully set forth herein.

93.   This is an action for damages and for injunctive relief brought against Defendants pursuant to 18 U.S.C. §1964, (the Racketeer Influenced and Corrupt Organizations Act. (**"RICO"**)),

for engaging in racketeering activity (18 U.S.C. §1341(mail fraud), 18 U.S.C. §1343 (wire fraud), 18 U.S.C. § 1512(b), and, 18 U.S.C. § 1961 (1)(A)(bribery).

94.     Defendants masterminded, conspired, implemented, and engaged in a fraudulent scheme to defraud HLG out of millions of dollars of previously earned legal fees, with intent to obtain property ("legal services") by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act, to wit: payment of the "contingency fees" in accordance with the contracts between HLG and USAA (hereinafter the "**HLG|USAA contracts**"), upon successful prosecution and/or defense of the underlying lawsuits that USAA had referred to HLG.

95.     Through Defendants exploitation and manipulation of the Florida State Court System, Defendants have conspired and actively engaged in a systematic ongoing course of conduct with intent to defraud HLG through the US mails and wires.

96.     Over the last four and a half years, in its defense to the *HLG v. USAA* lawsuit, through its use and manipulation of the Florida Court System, Defendants has denied the viability and enforceability of the HLG|USAA contracts. Defendants have alleged in its papers and affirmative defenses in *HLG v. USAA* that the contracts are void as against public policy, are unenforceable, and, accordingly, HLG is not entitled to any of the attorney contingency fees USAA owes pursuant to the HLG|USAA contracts.

97.     Simultaneously while maintaining the HLG|USAA contracts unenforceable, Defendants have specifically used the wires and mails in conjunction with the Florida Court System to enforce the very contracts it claims are unenforceable as a matter of law in other courts throughout the state.

98.     Defendants must pay for its racketeering and corrupt practices of exploitation and

manipulation of the Florida State Court System, making a mockery of justice, their conspiracy to actively fraudulently extinguish HLG's valid attorney's fees charging liens throughout the state of Florida, by engaging in a systematic ongoing course of conduct with intent to defraud HLG through the US mails and wires.

**The RICO Enterprise And its Members**

99. The RICO enterprise is Defendants, along with the members of the enterprise consisting of the following entities and individuals: **USAA**, Alan Bunge, ("Bunge") Jennifer Tate, ("Tate"), Steve Duke, ("Duke") Gale Young, ("Young") Catina Tomei, ("Tomei"), Jeannie Hopwood, ("Hopwood"), Bradley Wallen, ("Wallen") and the following **lawyers for USAA**: Frank Zacherl, (Zacherl) Stephen Gillman, ("Gillman") Amy Wessel, ("Wessel") of Shutts and Bowen, LLP;

100. In the alternative, the enterprise is Defendants and the association-in-fact of USAA the USAA employees, Bunge, Tate, Duke, Young, Tomei, Wallen, Hopwood, along with USAA's lawyers, Zacherl, Gillman, Wessel.

101. The enterprises' conspiracy and ongoing scheme to defraud is the use of the mail and wires to pervert the administration of justice.

**Predicate Acts of USAA's Racketeering Activity**

102. USAA has fraudulently used the wires and the mail, in violation of 18 U.S.C. §1343, (wire fraud), and 18 U.S.C. §1341, (mail fraud), in a scheme to defraud HLG out of its attorney's fees owed pursuant to the HLG|USAA contracts and otherwise pervert the administration of justice.

103. Using the Florida state court system, Defendants have engaged in a systematic, ongoing course of conduct with intent to defraud HLG through the mails and wires by virtue of their

misuse and manipulation of the Florida Court System.

104.  Defendants USAA retained various (outside counsel) insurance defense law firms in Florida to handle the defense of its Personal Injury Protection ("PIP") lawsuits.

105.  Prior to retention of any outside law firm for its PIP defense work, USAA requires the law firms agree to a written contract, which, in relevant part, contains a contingency provision that significantly increases the standard hourly rate paid to the defense firm, "*as an added incentive to judiciously pursue the defense of the case.*"

106.  From July 2008 up until June 30, 2015, HLG was one such law firm handling USAA's PIP work in Florida.

107.  Defendants actively participated in an enterprise through two or more incidents of racketeering conduct, including, but not limited to wire fraud, mail fraud and bribery in violation of 18 U.S.C. § 1961 (1)(A)

**Witness Tampering Pursuant to Florida Statutes §914.22**

108.  During the course of the HLG v. USAA case litigation, HLG discovered, and based on the evidence contended, that Tomei, a USAA's employee witness tampered with and/or intimidated former employee and non-party witness, Debbie Carlisle ("Ms. Carlisle"), a non-party witness to the HLG v. USAA case, by warning and instructing her not to talk to Reuven Herssein, ("Mr. Herssein") despite the subpoena for deposition Ms. Carlisle had received.

109.  Witness tampering is a crime in Florida, pursuant to, and as defined by, Florida Statutes §914.22[7].

---

[7] Florida Statutes §914.22, the crime of Witness Tampering and/ or Intimidation is committed when:
   (1)  A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary

110. On November 4, 2015 Mr. Herssein (co-counsel for HLG on the HLG v. USAA case) obtained personal service for deposition on Ms. Carlisle. Ms. Carlisle had retired from USAA, on April 1, 2015.  Prior to her retirement, she was one of HLG's 'liaisons' with USAA and worked closely with HLG's principal, Reuven Herssein, for seven years.

111. After Ms. Carlisle was personally served with a subpoena for her deposition (in the HLG v. USAA case) on November 4, 2015, Mr. Herssein called Ms. Carlisle at her home.

112. After introduction from Mr. Herssein, Ms. Carlisle immediately informed Mr. Herssein that she had spoken with "Catina Tomei" of USAA and that Tomei had specifically warned Ms. Carlisle and instructed Ms. Carlisle not to speak to Mr. Herssein.

113. Notably, in 2015, Tomei was USAA's Director of PIP litigation for Florida and had been Ms. Carlisle's direct supervisor while Ms. Carlisle was employed at USAA prior to her retirement in April of 2015.

114. Mr. Herssein had specifically asked Ms. Carlisle immediately after his introduction if she was represented by an attorney, and Ms. Carlisle specifically stated to Mr. Herssein she was not represented by any attorney.

115. Accordingly, Mr. Herssein indicated that she would be expected to comply with the subpoena for her deposition and appear at the designated November 20, 2015 deposition,

---

benefit or gain to another person, with intent to cause or induce any person to:
    (a)   **Withhold testimony, or withhold a record, document, or other object, from an official investigation or official proceeding;**
    b)   Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official investigation or official proceeding;
    (c)   Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official investigation or an official proceeding;
    (d)   Be absent from an official proceeding to which such person has been summoned by legal process;
    (e)   Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; or
    (f)   Testify untruthfully in an official investigation or an official proceeding, commits the crime of tampering with a witness, victim, or informant

- 25 -

with or without a lawyer and despite any warnings or contrary instructions from Tomei on behalf of Ms. Carlisle's previous employer, USAA.

116.    At approximately 2:04 in the afternoon of November 4, 2015, USAA's counsel, Shutts and Bowen, LLP then advised Mr. Herssein that they represent Ms. Carlisle, a non-party former employee witness.

117.    Specifically, in pertinent part, Mr. Gillman wrote:

> Mr. Herssein:
>
> I am advised that today you caused a deposition subpoena directed to my client Debbie Carlisle to be served a second time (Plaintiff's Notice of prior service is attached). I am further advised that you personally called Debbie and tried to have a substantive discussion. **To avoid any future occurrences, be advised that this firm will be representing any current or former employees of USAA as pertains to this matter, so you are directed to contact them only through me.**

At approximately 3:05 undersigned responded as follows:

> Dear Stephen,
>
> In speaking with the former employee this morning, **curiously she made no mention of the fact that you represent her. Had she told me this, I would have immediately contacted you to advise you that I spoke with her.**
>
> **If that truly is the case, and USAA's counsel Shutts & Bowen now represents this former employee non-party witness, please file a notice of appearance appropriate motion for protective order as to why we cannot take her deposition.**

At 3:15 p.m. Mr. Gillman responded as follows:

> Mr. Herssein:
>
> I am not going to debate the issue with you. **She is not a lawyer and is unaware of the ethical rules that guide/govern Florida attorneys.** That this firm was handling the depositions issues is clear from the Motion to Quash which is pending. That Motion spells out why the deposition cannot proceed. **Again, so there is no repeat or confusion, please direct all**

- 26 -

> future communications regarding any current/former USAA employee
> to my attention.

118.   As is obvious from Mr. Gillman's correspondence, USAA (through its employee Tomei) and its counsel, Mr. Gillman, of Shutts and Bowen, LLP was purposely hindering HLG from talking to Ms. Carlisle, a nonparty witness and former employee of USAA, to pervert the administration of justice on the case and in order to improperly coach the witness.

119.   Regardless, the warning and instruction by Tomei, USAA's director of PIP Litigation, and *previous* direct supervisor to Ms. Carlisle, a former employee of USAA, not to talk to Mr. Herssein, despite the fact that Ms. Carlisle had been personally served with a subpoena for deposition on the case, was text book witness tampering.

120.   According to Florida Statutes §914.22, the crime of Witness Tampering and/ or Intimidation is committed when:

> (1)   A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:
> (a)   **Withhold testimony, or withhold a record, document, or other object, from an official investigation or official proceeding;**
> b)   Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official investigation or official proceeding;
> (c)   Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official investigation or an official proceeding;
> (d)   Be absent from an official proceeding to which such person has been summoned by legal process;
> (e)   Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; or
> (f)   Testify untruthfully in an official investigation or an official proceeding, commits the crime of tampering with a witness, victim, or informant.

121.   Defendants have committed the crime of witness tampering through wire fraud and/or

- 27 -

mail fraud, to pervert and hinder the administration of justice on this case.

122.   This crime of witness tampering through wire fraud and mail fraud is an act of racketeering conduct.

**The Crime of Bribery by USAA its Lawyers at Shutts and Bowen Pursuant to Fla. Stat. §§838.015 and 838.016**

123.   As the insurmountable evidence attached hereto as Exhibit "A" demonstrates, USAA and its lawyers have committed crimes of bribery as defined by and pursuant to Fla. Stat. §§838.015 and 838.016. which acts as a predicate act under 18 U.S.C. § 1961 (A)(1).

124.   USAA's lawyers' conduct, colluding with Judge Butchko's lawyer, by discussing— utilizing the telephone and emails—the HLG v. USAA case, exchanging documents on the HLG v. USAA case, strategizing, and USAA's lawyers rendering legal advice to Judge Butchko (through her lawyer) while she was the sitting Judge on the HLG v. USAA case, appears to implicate at least two (2) Florida criminal statutes: Fla. Stat. §§838.015 and 838.016:

    **838.015   Bribery —**

    (1)   "Bribery" means to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept for himself or herself or another, any pecuniary or other benefit not authorized by law with an intent or purpose to influence the performance of any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of a public servant, in violation of a public duty, or in performance of a public duty.

    (2)   Prosecution under this section shall not require any allegation or proof that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, that the public servant had assumed office, that the matter was properly pending before him or her or might by law properly be brought before him or her, that the public servant possessed jurisdiction over the matter, or that his or her official action was necessary to achieve the person's purpose.

    (3)   Any person who commits bribery commits a felony of the second

degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

**838.016   Unlawful compensation or reward for official behavior —**

(1)   It is unlawful for any person to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law, for the past, present, or future performance, nonperformance, or violation of any act or omission which the person believes to have been, or the public servant represents as having been, either within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty. This section does not preclude a public servant from accepting rewards for services performed in apprehending any criminal.

(2)   It is unlawful for any person to knowingly and intentionally give, offer, or promise to any public servant, or, if a public servant, to knowingly and intentionally request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law for the past, present, or future exertion of any influence upon or with any other public servant regarding any act or omission which the person believes to have been, or which is represented to him or her as having been, either within the official discretion of the other public servant, in violation of a public duty, or in performance of a public duty.

(3)   Prosecution under this section shall not require that the exercise of influence or official discretion, or violation of a public duty or performance of a public duty, for which a pecuniary or other benefit was given, offered, promised, requested, or solicited was accomplished or was within the influence, official discretion, or public duty of the public servant whose action or omission was sought to be rewarded or compensated.

(4)   Whoever violates the provisions of this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

125. Defendants use of the wires via email (Exhibit "A"), correspondence with Judge Butchko (through her lawyer) is a violation of Fla. Stat. §§838.015(1), and 838.016 (2) and thus a violation of 18 U.S.C. § 1961 (1)(A).

126. The Exhibit "A" email is "evidence", that USAA (through their lawyers) did unlawfully, knowingly and intentionally give, offer, or promise to any public servant (Judge Butchko

through her lawyer) ... any pecuniary or other benefit, (in the form of free legal advice) not authorized by law, for the past, present, or future exertion of any influence upon or with any other public servant [Judge Butchko] regarding any act or omission [recusal and other matters in *the HLG v. USAA* case] which the person believes to have been, or which is represented to him or her as having been, either within the official discretion of the other public servant, [Judge Butchko] in violation of a public duty, or in performance of a public duty.

127.   As the evidence (Exhibit "A") unquestionably demonstrates, Defendants discussed the HLG v. USAA case with Judge Butchko's lawyers, rendered legal advice, and exchanged documents on the HLG v. USAA case, while Judge Butchko was still the active judge on the case.

128.   Defendants colluded on the motions Judge Butchko had filed on the RTH v. BB case, for one sole purpose: for the past, present, or future performance—to assist Judge Butchko in remaining on the HLG v. USAA case, and not recuse herself.

129.   Defendants' obvious objective was to improperly aid and assist Judge Butchko in prevailing on her motion to dismiss and other documents (filed on the RTH v. BB case) so she would not have to recuse herself from the HLG v. USAA case.

130.   It was not until five full business days later, in response to several motions that were filed in the RTH v. BB case, that Judge Butchko issued the February 1, 2019 order of recusal on the HLG v. USAA case.

131.   These improper acts of Defendants demonstrate a pattern of perverting and obstruction of justice, because as evidenced above with the witness tampering of Ms. Carlilse, this was not an isolated incident.

- 30 -

132. The undisputable evidence (Exhibit "A") that exists shows that Stephen Gillman, of Shutts as part of the enterprise on behalf of USAA, improperly and illegally colluded with Butchko's lawyer, giving her legal advice discussing, and even exchanged documents concerning the HLG case, five (5) days *prior* to the Butchko entering her "sua sponte" recusal order.

133. Defendants have conducted two or more incidents of racketeering in the last ten (10) years.

134. As part of the scheme to defraud, while disavowing Plaintiff's right and title to the money due, Defendants have been *actively* perverting the administration of justice.

135. USAA has no intention of honoring the contracts and paying the amounts as agreed to by USAA at time it executed the contracts and with co-Defendant has used the wires and mails to file false pleadings in State Court.

136. At no time did Defendant USAA disavow the specific promises made in the contracts to pay HLG as stated in the contract as alleged and written by USAA.

137. At no time did Defendant USAA through its officers and employees specifically represent its intention to not honor the agreements as written and drafted by USAA.

138. Moreover, the fact that USAA, a multi-billion-dollar insurance and banking conglomerate would draft, review, revise at the sole direction of its executives and own lawyers and require HLG to sign said agreements and make the representations that it would honor the agreements would have been relied upon by a reasonable person or entity such as HLG in the same or similar circumstances.

139. The actions taken by or participated in by Defendants as alleged above constitute an "enterprise" as the term is defined under law.

- 31 -

140.   Defendants agreed to engage in the enterprise, and objectively manifested its agreement to do so through the words and actions described above.

141.   The enterprise is an on-going organization, formal or informal, acting with a common purpose of engaging in course of conduct, namely, to otherwise take or deprive money from HLG and subvert the proper administration of justice.  USAA continues to this day to continue the scheme to defraud HLG as evidenced by its continued actions throughout the state of Florida and the filing of false pleadings.

142.   The essential goal of the enterprise was to deprive money from HLG and to enrich themselves.

143.   As a result of these violations and the predicate acts alleged, HLG suffered a direct injury to its business and has been damaged.

Wherefore, Plaintiff, respectfully requests the Court enter judgment against Defendants jointly and severally for nominal and compensatory damages, interest and attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

**Dated this 28th day of October, 2019**

## VERIFICATION

I, Reuven T. Herssein, vice president and partner of Plaintiff, Herssein Law Group, take an oath and certify all matters contained this Amended Complaint brought for Injunctive Relief, and pursuant to Florida Statute §86 for Declaratory Relief, are true and accurate.

_____
Reuven T. Herssein, for Plaintiff,
HERSSEIN LAW GROUP

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a copy of the foregoing has been delivered via email at

mlundeensoto@shutts.com,      sgillman@shutts.com,      gdeleon@shutts.com,      and

jgonzalez@shutts.com this 28th day of October 2019 to: Miranda Lundeen Soto, Esquire, and

Stephen B. Gillman, Esquire. Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 410,

Miami, Florida 33131.

*Attorneys for Plaintiff*

**HERSSEIN LAW GROUP**
1801 NE 123rd Street, Suite 314
North Miami, Florida 33181
Telephone No: (305) 531-1431

Miamieservice@hersseinlaw.com

By:     /s/ Reuven Herssein
REUVEN T. HERSSEIN, ESQ.
FBN 0461504

**BEIGHLEY, MYRICK, UDELL & LYNNE, P.A.**
150 West Flagler Street, Suite 1800
Miami Florida 33130
Telephone No: (305) 349-3930
mudell@bmulaw.com

By:     /s/ Maury L. Udell
MAURY L. UDELL, ESQ.
FBN 121673

- 33 -

# EXHIBIT

## "A"

# RE: Herssein v Butchko, Case No. 19-000276-CA-01

| | |
|---|---|
| From: | Stephen B. Gillman <sgillman@shutts.com> |
| To: | Stephanie Daniel <stephanie.daniel@myfloridalegal.com> |
| Cc: | Jackie N. Gonzalez <jgonzalez@shutts.com>, Susan Crosby <susan.crosby@myfloridalegal.com> |
| Date: | Mon, 28 Jan 2019 15:49:14 -0500 |
| Attachments: | 14287030 1 (MIADOCS) 2016-12-06 Order Granting Motion to Transfer.pdf (1.37 MB); 14223529 1 (MIADOCS) 2016-12-20 Order Transferring Case to Complex Busin....pdf (1.35 MB) |

Ms. Daniel:

Thank you for forwarding the Motion to Dismiss and Motion for Judicial Notice – The attached may have been missed. There was a hearing on December 6, 2016 and Judge Butchko granted the motion to transfer the matter to the complex Division (see attached). That order transferred the matter to "Section No. CA 40 CBL" which was the Complex Division but no judge assignment was made by that order. The Judge assignment was by Judge Bailey's December 20, 2016 Order (also attached). I am available should there be any questions.

# Shutts

**Stephen B. Gillman**
*Partner*

## Shutts & Bowen LLP

200 South Biscayne Boulevard, Suite 4100  |  Miami, FL 33131

Direct: (305) 347-7311  |  Cell: (305) 799-1717

E-Mail  |  Biography  |  V-Card  |  Website

**Please consider the environment before printing this email**

**From:** Susan Crosby [mailto:Susan.Crosby@myfloridalegal.com]
**Sent:** Monday, January 28, 2019 10:34 AM
**To:** Stephen B. Gillman
**Cc:** Stephanie Daniel
**Subject:** Herssein v Butchko, Case No. 19-000276-CA-01

EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click any links or open any attachments unless you trust the sender and know the content is safe.

Daniel-000815

As you requested, please see attached Motion to Dismiss and Request for Judicial Notice (without attachments) filed in the Herssein v. Butchko, Case No. 19-000276-CA-01.

If you have an questions, please contact me.

*Susan Crosby*
Susan Crosby, Staff Assistant
Office of the Attorney General
General Civil / State Programs
Phone: (850) 414-3675
Email: Susan.Crosby@myfloridalegal.com

Daniel-000816

## RE: Herssein v. Butchko -

| | |
|---|---|
| From: | Stephanie Daniel <"/o=exchangelabs/ou=exchange administrative group (fydibohf23spdlt)/cn=recipients/cn=fbaf753834a0430b9022ed2da5a8a3ec-stephanie.d"> |
| To: | Stephen B. Gillman <sgillman@shutts.com> |
| Cc: | Jackie N. Gonzalez <jgonzalez@shutts.com>, Frank A. Zacherl <fzacherl@shutts.com> |
| Date: | Fri, 01 Feb 2019 11:58:02 -0500 |

Yes, I was aware of this. I don't know whether Mr. Herssein will dismiss his suit against Judge Butchko. We are waiting to see. Judge Diaz is trying to get a hearing set on my motion to dismiss, so that may move things along. Thank you.

Stephanie A. Daniel
Chief, State Programs Litigation
Direct line: 850-414-3666
Staff Assistant: Susan Crosby, 850-414-3675
Stephanie.Daniel@myfloridalegal.com

**From:** Stephen B. Gillman <SGillman@shutts.com>
**Sent:** Friday, February 1, 2019 11:56 AM
**To:** Stephanie Daniel <Stephanie.Daniel@myfloridalegal.com>
**Cc:** Jackie N. Gonzalez <JGonzalez@shutts.com>; Frank A. Zacherl <FZacherl@shutts.com>
**Subject:** Herssein v. Butchko
**Importance:** High

Stephanie:

I assume you have been advised that Judge Butchko *sua sponte* recused herself in Herssein 1 and the case has been reassigned. I would appreciate if you could advise if, when, the suit against Judge Butchko is dismissed.

# Shutts

**Stephen B. Gillman**
*Partner*

**Shutts & Bowen LLP**

200 South Biscayne Boulevard, Suite 4100 | Miami, FL 33131

Direct: (305) 347-7311 | Cell: (305) 799-1717

E-Mail | Biography | V-Card | Website

**Please consider the environment before printing this email**